UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**ORIGINAL**

2003 NOV -4  P 2: 48

| | |
|---|---|
| INTERMARK FABRIC CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:02-CV-1267 (AVC) |
| v. ) | |
| ) | |
| MICROFIBRES, INC., ) | |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL DECLARATION OF CHARLES F. O'BRIEN IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVITS OF JAMES R. MCCULLOCH AND WILLIAM F. LAIRD**

I, Charles F. O'Brien, hereby declare as follows:

1. I am an associate with the firm of Cantor Colburn LLP and I am one of the attorneys representing Plaintiff, Intermark Fabric Corporation in this matter. If called upon as a witness, I could and would testify competently thereto. I have personal knowledge of all facts set forth in this Declaration

2. Attached as Exhibit 13 is a true and correct copy of the relevant excerpts of the deposition of Luther Boyd Madren taken under oath in connection with this matter on May 12, 2003.

Signed under the pains and penalties of perjury on this 4th day of November, 2003.

_____
Charles F. O'Brien

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Supplemental Declaration of Charles F. O'Brien in Support of Plaintiff's Motion to Strike the Affidavits of James R. McCulloch and William F. Laird was served via regular mail on this 4th day of November, 2003 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

Civil Action No. 3:02 CV 1267 (AVC)

- - - - - - - - - - - - - - - - -X

INTERMARK FABRIC CORPORATION,  :

    Plaintiff,  :

    v.  :

MICROFIBRES, INC.,  :

    Defendant.  :

- - - - - - - - - - - - - - - - -X

    Deposition of LUTHER BOYD MADREN

    (Taken by Plaintiff)

    Charlotte, North Carolina

    May 12, 2003

Reported by:   Andrea L. Nobrega

               Court Reporter

               Notary Public



```
 1   place at your plant referred to?
 2        A.   It was an infrared heat setting unit.
 3        Q.   So before March of 1990, Culp had
 4   purchased a heat setting unit?
 5        A.   Yes, sir.
 6        Q.   So in 1990 -- strike that.
 7             Was Culp in 1990 heat setting flocked
 8   fabric?
 9        A.   Yes, I'm sure we were.
10        Q.   Is there a particular manner that Culp
11   heat set its flocked fabric in 1991?
12        A.   There is a couple of ways to do it, but
13   the preferred way for us was to try to heat set it
14   prior to heat transfer printing, and that was the
15   purpose of the infrared heat setting unit was to
16   run it in front of the infrared prior to it going
17   to the transfer calendar.
18        Q.   Can you explain that to me, the
19   chronological order of the flock going through the
20   transfer printer and how it eventually gets to the
21   heat --
22        A.   We received the flocked fabric from the
23   supplier, in this case Spectro Coating, take a
24   greige unprepared fabric, flock fabric, and run it
25   into a holding tray or scray we call them.
```

84

1     Q.   When you say greige, do you mean
2  g-r-e-i-g-e?
3     A.   Correct, greige goods, unfinished cloth.
4     Q.   I'm sorry, continue.
5     A.   The fabric went from that into front of
6  the infrared unit and the unit was set at
7  prescribed heats to be able to heat flock the nylon
8  flock fiber, where it would pull it up in an
9  upright position.  This was done prior to going
10 into heat transfer calendar to be heat transfer
11 printed.
12    Q.   The heat setter would then be after the
13 flocking process?
14    A.   Yes, flocking was done at Spectro.
15    Q.   Did in 1991 Culp have specific
16 temperatures and processes that they used to heat
17 set that was internal -- that were internal to
18 Culp?
19    A.   Yes, we did.
20    Q.   Do you continue to have internal type of
21 processes to heat set flocked fabric?
22    A.   Most of what we purchase now is already
23 heat set.
24    Q.   When you were heat setting in 1991, were
25 those internal processes for heat setting flocked

85

```
 1   fabric trade secrets to Culp?
 2              MR. GRIMM:  Objection to the form.
 3              THE WITNESS:  Our particular style, yes,
 4   we didn't tell anybody what we were doing.
 5              BY MR. O'BRIEN:
 6        Q.   Were you saying now that most of the
 7   fabric you buy is heat set?  Does Culp do any heat
 8   setting now?
 9        A.   No, sir, not on nylon product, no.
10        Q.   When did Culp stop heat setting flocked
11   fabric?
12        A.   I don't recall what date, but the
13   supplier can heat set in the line probably easy
14   now.  It's so simple to do it in line instead of us
15   having to do it.
16        Q.   During the time that Culp was heat
17   setting flocked fabric, were those internal
18   processes always held as trade secret by Culp?
19              MR. GRIMM:  Objection to form.
20              THE WITNESS:  The actual exact
21   temperature probably was.  The supplier knew what
22   we was doing but not exact.  He didn't know what
23   temperature we was running.  The same as him with
24   us, he heat set his fabric but we don't know the
25   exact temperature that he ran it at.
```

| | |
|---|---|
| 1 | CERTIFICATE OF REPORTER |
| 2 | |
| 3 | STATE OF NORTH CAROLINA) |
| 4 | COUNTY OF MECKLENURG   ) |
| 5 | I, Andrea L. Nobrega, the officer before |
| 6 | whom the foregoing deposition was taken, do hereby |
| 7 | certify that the witness whose testimony appears in |
| 8 | the foregoing deposition was duly sworn by me; that |
| 9 | the testimony of said witness was taken by me to |
| 10 | the best of my ability and thereafter reduced to |
| 11 | typewriting under my direction;  that I am neither |
| 12 | counsel for, related to, nor employed by any of the |
| 13 | parties to the action in which this deposition was |
| 14 | taken, and further that I am not a relative or |
| 15 | employee of any attorney or counsel employed by the |
| 16 | parties thereto, nor financially or otherwise |
| 17 | interested in the outcome of the action. |
| 18 | *Andrea L. Nobrega* |
| 19 | ANDREA L. NOBREGA |
| 20 | Court Reporter and Notary |
| 21 | Public in and for North |
| 22 | Carolina. |
| 23 | |
| 24 | |
| 25 | My commission expires: 11-25-06 |