IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>MICROFIBRES, INC.<br><br>*Defendant.* | )<br>)<br>)<br>)<br>) Civil Action No. 3:02 CV 1267 (AVC)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OBJECTIONS TO DOCUMENTS SUMBITTED BY
MICROFIBRES, INC. IN SUPPORT OF ITS
OPPOSITION TO PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT UNDER §§102 AND 103**

Intermark Fabric Corporation ("Intermark") hereby objects to the following documents submitted and relied upon by Microfibres, Inc. ("Microfibres") in support of its Opposition to Intermark's Motion for Summary Judgment:

1.      Intermark objects to the Affidavit of James R. McCulloch dated August 7, 2003 attached as Exhibit 2 to Microfibres Memorandum of Law in Support of its Opposition to Intermark's Motion for Summary Judgment Under §§102 and 103 ("Opposition Memorandum") on the grounds that it attempts to change his prior deposition testimony given under oath on April 17, 2003. See Intermark's Motion to Exclude Evidence and Strike Pleadings currently pending before this Court.

2.      Intermark objects to the March 21, 1991 Memorandum attached as Exhibit 3 to the Opposition Memorandum to the extent that Microfibres relies on it to prove conception of the

invention under the '021 patent. See Intermark's Motion to Exclude Evidence and Strike Pleadings currently pending before this Court.

3. Intermark objects to the Affidavit of David Brookstein, Sc.D. dated October 10, 2003 attached as Exhibit 6 to the Opposition Memorandum on the grounds that it attempts to support and corroborate the changes made by Mr. McCulloch to his prior deposition testimony, on the grounds that Dr. Brookstein attempts to change his own prior deposition testimony and contradict the prior deposition testimony of Dr. Hauser and on the grounds that Dr. Brookstein is not qualified to provide opinions set forth in his Affidavit. See Intermark's Motion to Exclude Evidence and Strike Pleadings currently pending before this Court.

4. Intermark objects to the First Amended and Supplemental Answers of Defendant, Microfibres, Inc, to Plaintiff Intermark Fabric Corporation's First Set of Interrogatories dated June 2, 2003 and attached as Exhibit 21 to the Opposition Memorandum on the grounds that Microfibres attempts to change the conception date to March 1991. See Intermark's Motion to Exclude Evidence and Strike Pleadings currently pending before this Court.

5. Intermark objects to the undated Affidavit of Arnold Kaija attached as Exhibit 25 to the Opposition Memorandum on the grounds that it is not executed and otherwise contains inadmissible evidence.

Respectfully submitted,
For the Plaintiff
Intermark Fabric Corporation

By: _____
Charles E. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

Dated: 10/28/03

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Objections to Documents Submitted by Microfibres, Inc. in Support of its Opposition to Plaintiff's Motion for Summary Judgment Under §§102 and 103 was served via facsimile and by regular mail on this 28th day of October 2003 upon:

William R. Grimm, Esq.
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.