IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICROFIBRES, INC. ) | Civil Action No. 3:02 CV 1267 (AVC) |

3:02cv1267 (AVC). March 31, 2004. This is an action for a declaratory judgment. The plaintiff and counterclaim defendant, Intermark Fabric Corporation, ("Intermark") seeks a declaration that it has not infringed a so-called `021 patent held by the defendant and counterclaim plaintiff, Microfibers, Inc., ("Microfibers"). In response, Microfibers alleges that Intermark willfully infringed its `021 patent, engaged in trade libel, and violated the Connecticut Unfair Trade Practices Act. During the course of discovery, Intermark claims to have discovered facts supporting causes of action under the Sherman Antitrust Act, the Connecticut Antitrust Act, the Connecticut Unfair Trade Practices Act, tortious interference with business relations, among others. Consequently, Intermark has filed the within motion pursuant to Fed. R. Civ. P 16(b) for leave of the court to consider the present motion outside the deadlines set forth in the scheduling order and, in this regard, leave under Fed. R. Civ. P 15(a) to amend the first amended complaint to include the causes of action set forth above. In the first instance, the court is of the opinion that good cause exists to authorize the within motion beyond the deadline established in the scheduling order. See W.R. Grace & Co. v. Zotos Int'l, Inc., 2000 WL 1843282, *4 (W.D.N.Y. 2000) ("the belated discovery of `essential facts' upon which the proposed amendment is based constitutes good cause for allowing the instant motion beyond the deadline established in the scheduling order"). Secondly, the court concludes that leave to amend is appropriate here. Under Fed. R. Civ. P. 15(a), leave to amend is freely given unless there is "undue delay, bad faith or dilatory motive on the part of the movant." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1862). "[D]istrict courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). There is certainly no evidence presented of undue delay, bad faith or dilatory motive on the part of Intermark. Further, at this juncture, the court does not perceive the proposed claims to be futile or that authorizing the amendment would result in undue prejudice. While the court is aware that authorizing the motion will result in additional discovery, this fact may have been avoided had the court reached the motion in a more timely manner. It would be an injustice to require Intermark to account for the court's untimeliness. The motion to amend is therefore GRANTED.