IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:02-CV-1267 (AVC) |
| ) | |
| v. ) | |
| ) | |
| MICROFIBRES, INC., ) | |
| ) | Date Filed: June 10, 2003 |
| Defendant. ) | |

**PLAINTIFF, INTERMARK FABRIC CORPORATION'S MOTION TO
EXCLUDE EVIDENCE AND TO STRIKE PLEADINGS**

3:02cv1267(AVC). March 31, 2004. This is an action for a declaratory judgment. The plaintiff and counterclaim defendant, Intermark Fabric Corporation ("Intermark") seeks a declaration that it has not infringed a so-called `021 patent held by the defendant and counterclaim plaintiff, Microfibres, Inc., ("Microfibres"). In response, Microfibres alleges that Intermark willfully infringed its `021 patent, engaged in trade libel, and violated the Connecticut Unfair Trade Practices Act. In a request for answers to interrogatories, Microfibres mistakenly stated that the invention in question was "first conceived" in early 1992. This answer was based on the recollections of the inventor. The statement was supported by subsequent depositions of the inventor and other employees of Microfibres. After the depositions, Microfibres discovered documents that demonstrated that the invention was conceived in 1991, and pursuant to its duty under Fed. R. Civ. P 26(e), produced the documents to Intermark via a first amended and supplemental response. Intermark now moves pursuant to Fed. R. Civ. P 37(b) to preclude Microfibres from presenting evidence of "conception" and "reduction to practice" of the invention prior to 1992. Intermark also seeks to strike Microfibres' first amended and supplemental response to Intermark's first set of interrogatories. Having considered the submissions of counsel, the court concludes that the relief requested is inappropriate absent a finding of bad faith. While it is within the inherent power of the court to impose sanctions, the Second Circuit "has required a finding of bad faith for the imposition of sanctions under the inherent power doctrine." DLC Management Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998). In this case, Intermark has not demonstrated that Microfibres' acted in bad faith. Consequently, the motion is DENIED. The court shall, however, authorize Intermark to re-depose Intermark employees on the issues raised herein. No costs shall be awarded at this juncture.
SO ORDERED.

Alfred V. Covello, U.S.D.J.