IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | 2003 AUG 29 A 10: 1_ |
| | : | US DISTRICT COURT |
| v. | : | C.A. No. 3:02-CV-1267 (AVC) HARTFORD CT |
| | : | |
| MICROFIBRES, INC. | : | August 28, 2002 |

### MICROFIBRES, INC.'S MOTION TO STRIKE EXHIBITS ATTACHED TO INTERMARK FABRIC CORPORATION'S REPLY BRIEF

Microfibres, Inc. hereby moves to strike the affidavit of Ronald Perry, Ph.D., and report of Lawrence Goffney, Jr., attached as Exhibits 7 and 10 to Intermark Fabric Corporation's Reply Memorandum in Support of its Motion for Summary Judgment. As discussed in the accompanying Memorandum of Law, the submission of these exhibits violates this Court's local

3:02cv1267 (AVC). March 31, 2004. This is an action for declaratory judgment. The plaintiff and counterclaim defendant, Intermark Fabric Corporation ("Intermark") seeks a declaration that it has not infringed a so-called `021 patent held by the defendant and counterclaim plaintiff, Microfibres, Inc., ("Microfibres"). In response, Microfibres alleges that Intermark willfully infringed its `021 patent, engaged in trade libel, and violated the Connecticut Unfair Trade Practices Act. On July 21, 2003 Intermark filed for summary judgment pursuant to Fed. R. Civ. P 56. In its reply brief in support of summary judgment. Intermark attached an affidavit from its "textile expert" and a report prepared by its "patent procedure expert." Microfibres now moves to strike both the affidavit and the report, and any references thereto, arguing that the submission of these exhibits violates Local Rule 7(d) requiring that a reply brief "be strictly confined to a discussion of the matters raised by the responsive brief." Having considered the submissions of counsel, the court concludes that the relief requested by Microfibres is inappropriate. Intermark relies on case law outside of the jurisdiction to support the proposition that affidavits or exhibits cannot be submitted with reply briefs. Local Rule 7(d) does not prohibit attorneys from submitting such documents. Moreover, both the affidavit and the report are responsive to Microfibre's brief in opposition to summary judgment. The motion to strike (document no. 79) is therefore DENIED.

SO ORDERED.

*Alfred V. Covello*
Alfred V. Covello U.S.D.J.