

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

INTERMARK FABRIC CORPORATION  :

3:02cv1267(AVC).  March 31, 2004.  This is an action for a declaratory judgment.  The plaintiff and counterclaim defendant, Intermark Fabric Corporation ("Intermark") seeks a declaration that it has not infringed a so-called `021 patent held by the defendant and counterclaim plaintiff, Microfibres, Inc., ("Microfibres").  In response, Microfibres alleges that Intermark willfully infringed its `021 patent, engaged in trade libel, and violated the Connecticut Unfair Trade Practices Act.  Microfibres now moves pursuant to Federal Rule of Civil Procedure 37(a) to compel Intermark to produce documents relating to it's "articles of commerce" defense (sales records, invoices, and delivery records).  Microfibre also moves to compel Intermark to produce communications with third parties relating to the `021 patent.  In the first instance, Intermark responds that sales records, invoices, and delivery records are not subject to disclosure because of this court's previous bifurcation order staying discovery on the issue of damages.  Secondly, with respect to the communications with third parties, Intermark maintains that such documents are privileged.  Having considered the submissions of counsel, the court will grant the motion to compel.  Documents relating to Intermark's "article of commerce" defense are relevant to liability and disclosure is required regardless of whether such documents are also relevant to the issue of damages.  See  Dynacore Holding Corp. v. U.S. Philips Corp., 2002 WL 3123346 (S.D.N.Y. Oct. 4, 2002) ("Indeed, in cases where liability and damages issued have been bifurcated for trial, courts have permitted discovery of sales information during the liability phase).  With respect to the communications with third parties, these documents are relevant to Microfibre's induced infringement claims.  Disclosure of these documents is also required, and because such communications were made to third parties, Intermark cannot claim privilege.  See  United States v. Jacobs, 117 F.3d 82, 89-90 (2d Cir. 1997) (disclosure of a summary of attorney letters waived the privilege as to the underlying letters).  Finally, the court cannot accept Intermark's argument that certain communications and documents with specific customers are protected under the joint defense privilege.  The burden to prove the joint defense privilege rests with the party asserting the privilege, and Intermark has not satisfied that burden with affidavits, evidence of a common legal interest, or by producing indemnity and joint defense agreements.  See  Long-Term Capital v. United States, 2002 WL 31934139 at *1 (D. Conn. Oct. 30, 2002).  The motion to compel (document no. 68) is therefore GRANTED.

SO ORDERED.

Alfred V. Covello, U.S.D.J.