UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:02-CV-1267 (AVC) |
| v. | ) | |
| | ) | |
| MICROFIBRES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINITFF, INTERMARK FABRIC CORPORATION'S PLAINTIFF'S MOTION FOR IN CAMERA INSPECTION AND RELIEF FROM ORDER

Now comes the Plaintiff, Intermark Fabric Corporation and moves this Honorable Court for an in camera inspection of documents relative to an asserted joint defense privilege and relief from an Order entered by the Court on April 1, 2004 to the extent that said Order requires Plaintiff to produce documents exchanged between certain customers where Plaintiff has claimed that the documents are protected under the joint defense privilege.

As grounds therefore, Intermark Fabric Corporation relies on its accompanying Memorandum of Law in Support of Plaintiff's Motion for In Camera Inspection and Relief from Order.

Respectfully submitted:
Intermark Fabric Corporation

By:_____
Charles F. O'Brien (ct 22074)
William J. Cass, (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

Plaintiff's Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing Motion for In Camera Inspection and Relief from Order was served via regular mail on this 15th day of April, 2004 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:02-CV-1267 (AVC) |
| v. | ) | |
| | ) | |
| MICROFIBRES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR IN CAMERA INSPECTION
<u>AND RELIEF FROM ORDER</u>**

On July 24, 2003, Microfibres, Inc. ("Microfibres") filed a Motion to Compel the Production of Documents.  As part of that Motion to Compel, Microfibres sought, in part, to discover documents relating to communications that Intermark had with any third parties concerning the '021 patent.  See Microfibres Memorandum of Law in Support of its Motion to Compel filed on July 24, 2003 ("Microfibres Memo"), p. 5.

As was set forth in its Opposition, Intermark has produced documents and correspondence between it and other parties concerning the '021 patent.  Intermark has also produced correspondence between it and the American Flock Association as well as correspondence between third parties and the American Flock Association, all concerning the '021 patent and this action.  See Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motion to Compel filed on August 14, 2003 ("Intermark Memo"), p. 6.

Intermark did assert however that communications and documentation exchanged between Intermark and Culp, Inc., Spandauer Velours gmbh & Co. KG and Avidtech Industries, Inc. were privileged based upon a joint defense privilege.  See Intermark Memo at p. 8.  The basis for the assertion of the joint defense privilege was that those three identified third parties shared a common legal interest with Intermark as Microfibres has sought and obtained in this action the right to join transfer printers such as Avidtech and Culp and specifically has accused Spandauer of infringing the European counterpart to the patent-at-issue in this case.  See Intermark Memo at p. 9.

In granting the motion to compel in the Order entered on April 1, 2004, the Court indicated that Intermark did not satisfy its burden to show that the joint defense privilege existed.  In that regard, filed contemporaneously herewith, is a Declaration of the president of Spandauer concerning the common legal interests between Intermark and Spandauer that

- 2 -

supports a joint defense privilege between the two companies. In summary, Microfibres sent Spandauer an initial letter in October of 2000 identifying the patent-at-issue here as well as its European counterpart and in June of 2002 accused Spandauer, via written correspondence, of infringing the European counterpart to the patent-at-issue. See Declaration of z. H. Herrn Günther Walter in Support of Plaintiff's Motion for Relief from Order, ¶¶ 2 - 3, attached as Exhibit A to the Declaration Charles F. O'Brien filed contemporaneously herewith. Based on these letters it became apparent to Spandauer that it could become involved in litigation with Microfibres concerning the European counterpart to the patent-at-issue. See Ex. A, ¶ 4.

As a result, Intermark and Spandauer shared in the past and still share a common legal interest in defending against the allegations made by Microfibres concerning the patent-at-issue and its European counterpart. See Ex. A, ¶ 5. Based on this shared interest, Spandauer and Intermark, and their respective counsel, had conversations, forwarded correspondence to one another and generally shared information with the intention of defending against the claims made against both companies. See Ex. A, ¶ 6. Spandauer never had any intention of divulging any of the communications between Spandauer and Intermark to Microfibres. See Ex. A, ¶ 7. The lack of any formal joint defense agreement executed between Intermark and Spandauer does not negate the existence of the privilege. See Intermark Memo, p. 9; see also Sig Swiss Indus. Co. v. Fres-Co Sys., USA, Inc., 1993 U.S. Dist. LEXIS 3576, *7 (E.D.Pa. Mar. 17, 1993).

Intermark has set forth in a privilege log, documents that exist between Intermark and Spandauer. Intermark requests leave to submit to this Court, at its convenience, a copy of all of such documents for an in camera inspection for purposes satisfying its burden of proving that a joint defense privilege exists between Intermark and Spandauer.

With respect to Culp and Avidtech, Intermark has signed joint defense agreements with each concerning the commonality of legal interests and the intent to protect any communications and documentation exchanged as privileged.   So as to not waive the joint defense privilege, Intermark has taken the position that the agreements themselves are privileged.  See Intermark Memo, p. 9.  Those joint defense agreements between Avidtech and Culp have been set forth in the aforementioned privilege log.  Intermark requests leave to submit to this Court, at its convenience, a copy of those agreements, as well as all communications between Intermark and both Culp and Avidtech to the Court for an in camera review for purposes satisfying its burden of proving that a joint defense privilege exists between Intermark and both Culp and Avidtech.

Pursuant to Fed.R.Civ.P.60 and the inherent power of the Court, Intermark respectfully requests that this Court allow Intermark to submit the aforementioned documents to this Court for an in camera inspection to prove that the joint defense privilege exists between Intermark and the third parties set forth above, and grant Intermark relief from the aforementioned Order to the extent that Intermark is required to disclose any documentation between Intermark and Spandauer, Culp or Avidtech.

Respectfully submitted:
Intermark Fabric Corporation

By:_____
Charles F. O'Brien (ct 22074)
William J. Cass, (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
Telephone:  (860) 286-2929
Facsimile:  (860) 286-0115

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion for In Camera Inspection and Relief from Order was served via regular mail on this 15th day of April, 2004 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICROFIBRES, INC., )<br>)<br>Defendant. ) | Civil Action No. 3:02-C V-1267 (AVC) |

## DECLARATION OF CHARLES F. O'BRIEN
## IN SUPPORT OF PLAINITFF, INTERMARK FABRIC
## CORPORATION'S MOTION FOR IN CAMERA INSPECTION
## AND RELIEF FROM ORDER

I, Charles F. O'Brien, hereby declare as follows:

1.       I am an associate with the firm of Cantor Colburn LLP and I am one of the attorneys representing Plaintiff, Intermark Fabric Corporation in this matter.  If called upon as a witness, I could and would testify competently thereto.  I have personal knowledge of all the facts set forth in this Declaration.

2.       Attached hereto as Exhibit A is a true and correct copy of the Declaration of z. H. Herrn Günther Walter in Support of Plaintiff's Motion for Relief from Order.

Signed under the pains and penalties of perjury on this 15th day of April, 2004.

_____
Charles F. O'Brien

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Declaration of Charles F. O'Brien In Support of Plaintiff's Motion for In Camera Inspection and Relief from Order was served via regular mail on this 15th day of April, 2004 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION, | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 3:02-C V-1267 (AVC) |
| v. | ) | |
| | ) | |
| MICROFIBRES, INC., | ) | |
| Defendant | ) | |

**DECLARATION OF Z. H. HERRN GÜNTHER WALTER**
**IN SUPPORT OF PLAINITFF, INTERMARK FABRIC**
**CORPORATION'S MOTION FOR IN CAMERA INSPECTION**
**AND RELIEF FROM ORDER**

I, z. H. Herrn Günther Walter hereby declare as follows:

1.      I am the president of Spandauer Velours GmbH & Co. KG which is located in the country of Germany.  I submit this Declaration based on personal knowledge and in support of Intermark's Motion for Relief from Order.

2.      In a letter sent by Microfibres to Spandauer in October of 2000, Microfibres raised the subject of United States Patent 5,981,021 and its European counterpart, European Patent No. 0.581.614.

3.      In a letter sent by Microfibres to Spandauer in June of 2002, Microfibres accused Spandauer of infringing European Patent No. 0.581.614.

4.      Base on these letters it became apparent that Spandauer could become involved in litigation with Microfibres concerning the '614 patent.

5.      Based on the allegations against Spandauer and understanding that Intermark was accused by Microfibres of infringing the '021 patent and has been involved with Microfibres in this litigation, it was my belief and still is my belief that Spandauer and Intermark share a

6.    Based on this shared interest, Spandauer and Intermark, and their respective counsel, had conversations, forwarded correspondence to one another and generally shared information with the intention of defending against the claims made against both companies.

7.    Spandauer never had any intention of divulging any of the communications between Spandauer and Intermark to Microfibres.

Signed under the pains and penalties of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 14.4. 2004

_____
z. H. Herrn Günther Walter

2