FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION : | |
| Plaintiff : | |
| v. : | C.A. No. 302 CV 1267 AVC |
| : | |
| MICROFIBRES, INC. : | |
| Defendant and : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MICROFIBRES, INC.'S OBJECTION TO INTERMARK'S
MOTION FOR RELIEF**

**I.   INTRODUCTION**

The Court should deny Intermark's Motion for Relief. It asks the Court, pursuant to Rule 60 and the Court's inherent authority, to reconsider an April 1, 2004 ruling that found Intermark had failed to prove the existence of a joint defense privilege and ordered Intermark to produce communications it had with certain printers and customers. Intermark's Motion comes too late and says too little.

First, Intermark's Motion offers no newly discovered evidence, excusable neglect, or any other reason to justify relief under Rule 60. Instead, Intermark simply failed to substantiate its alleged privilege at the appropriate time and now wants another chance to carry its burden. It is not entitled to litigate the issue twice.

Second, Intermark's Motion *still* fails to demonstrate the existence of a joint defense or the existence of privileged communications. Its Motion offers no affidavits, agreements, or other evidence to substantiate the claim that it has a joint defense

agreement with Culp or Avidtech. Accordingly, there is nothing for the Court to reconsider with respect to those communications. The Spandauer affidavit, on the other hand, not only comes too late but also fails to demonstrate an identical legal interest or common strategy, which are necessary for any joint-defense privilege to attach.

The Court should direct Intermark to produce these documents immediately.

## II.    FACTS

Microfibres filed a Motion to Compel the Production of Documents on July 24, 2003 after Intermark refused to turn over communications it exchanged with third parties concerning Microfibres and its patented invention. Microfibres requested those documents because they are relevant to whether Intermark induced infringement and also to Intermark's non-infringement defense.

Intermark objected and claimed that the documents were not discoverable because they were protected by a joint defense privilege. Intermark offered no affidavits, agreements, or other evidence to the Court to carry its burden of proof. It relied only on its unsupported assertion of privilege.

On April 1, 2004 the Court issued an order that rejected Intermark's privilege claim and directed Intermark to produce the withheld documents: "Finally, the court cannot accept Intermark's argument that certain communications and documents with specific customers are protected under the joint defense privilege. The burden to prove the joint defense privilege rests with the party asserting the privilege, and Intermark has not satisfied that burden with affidavits, evidence of a common legal interest, or by

2

producing indemnity and joint defense agreements." (A copy of the Court's April 1, 2004 Order is attached as <u>Exhibit A</u>.). Intermark filed the instant motion on April 15, 2004 and asked the Court to reconsider the issue.

### III.    ARGUMENT

Intermark's Motion must be denied because there is no basis for relief from the Court's April 1, 2004 Order and Intermark's late offer of proof is still inadequate to demonstrate a joint defense privilege.

Although Intermark makes its request for relief under Rule 60 and the Court's inherent authority it fails to point to any clerical mistake, excusable neglect, or newly discovered evidence. <u>See</u> Fed. R. Civ. P. 60; <u>Lillbask v. Sergi</u>, 193 F. Supp.2d 503, 517 ("Plaintiff shows neither a 'significant change in the law' or 'extraordinary circumstances' to justify relief under Fed. R. Civ. P. 60(b)."). Intermark simply wants an opportunity to demonstrate now what it was required to demonstrate when it originally asserted the privilege. It may not do so.

As this Court explained in its April 1, 2004 Order, whenever a claim of privilege is made the burden is on the party asserting the privilege to come forward with evidence to support it. <u>See</u>, <u>e.g.</u>, <u>Long-Term Capital Holdings v. United States</u>, 2002 WL 31934139 *2 (Oct. 30, 2002 D. Conn.). It is not enough to state that a communication is privileged, as Intermark did. <u>See</u> <u>Caplan v. Fellheimer Eichen Braverman & Kaskey</u>, 162 F.R.D. 490, 492 (E.D. Penn. 1995); <u>MacMillan v. Fed. Ins. Corp.</u>, 141 F.R.D. 241 (S.D.N.Y. 1992) ("By making an unsubstantiated and bare allegation that the requested

3

#600006 v1
(016254/115115)

information is privileged, Federal has failed to meet this burden."); <u>In re Bevill, Bresler & Schulman Asset Mgmt. Corp.</u>, 805 F.2d 120, 126 (3rd Cir. 1986) ("[W]e conclude that the district court was correct in holding that Bevill has not sustained his burden of proof insofar as the joint defense privilege is concerned.").

Here, Intermark failed to come forward with any evidence to support its privilege claim and failed to carry its burden. It is not entitled to relief from its own faulty litigation strategy. See <u>SCM Corp. v. Xerox Corp.</u>, 70 F.R.D. 508, 524 (D. Conn. 1976) (severely questioning the propriety of allowing a party to submit additional evidence with a motion for reconsideration in an effort to demonstrate the existence of a privilege).

In addition, Intermark's motion still fails to offer the sort of proof necessary to demonstrate the existence of a privilege. Its motion contains no affidavits or agreements from Culp or Avidtech to substantiate the claim that these printers are cooperating in a joint defense. The alleged agreements are not privileged at all. See <u>United States v. Hsia</u>, 81 F. Supp.2d 7, 11 at n.3 (D.C. 2000) (holding that neither the existence or terms of a joint defense agreement are privileged). Instead, Intermark is once again relying on its unsupported claim that a privilege exists. That is inadequate proof.

The affidavit from Spandauer is also insufficient to demonstrate a joint defense privilege. While it confirms that Intermark and Spandauer have exchanged correspondence concerning Microfibres and its patents, it fails to identify *when* the joint

defense agreement was formed, *who* from Intermark agreed to a joint defense, or *how* the communications further a common legal interest.

In order for a joint defense privilege to attach to communications between two different companies and their respective lawyers it is necessary to demonstrate that the parties share an *identical* legal interest. It is not enough to show that the parties share similar legal concerns. See N. River Ins. Co. v. Columbia Cas. Co., 1995 WL 5792 (Jan. 5, 1995 S.D.N.Y.) ("The key consideration is that the nature of the interest be identical, not similar, and be legal, not solely commercial.").

Intermark and Spandauer do not have an identical legal interest. Of the two, only Intermark has been accused of infringing the '021 Patent. Spandauer, on the other hand, has been warned against infringing a Microfibres' patent obtained in Europe known as the '614 Patent. Any legal proceeding against Spandauer for infringing the '614 Patent would take place in Europe under a different set of rules and laws.

In fact, Microfibres' privilege log confirms that the majority of communications between Intermark and Spandauer do not even address the '021 Patent. Rather, the bulk of communications consist of Spandauer forwarding to Intermark correspondence and memoranda that Spandauer generated concerning the '614 Patent. Those are not cooperative communications concerning Intermark's infringement of the '021 Patent and they do not evidence an identical legal interest.

Finally, Intermark's offer to provide the Court with copies of the allegedly privileged documents for an *in camera* inspection should also be rejected. The

appropriate time for this sort of offer was at the time the privilege was asserted, and not after the Court has determined that Intermark has failed to meet its burden. See SCM Corp. v. Xerox Corp., 70 F.R.D. 508, 524 (D. Conn. 1976).

In that case, Xerox asked the Court to reconsider a ruling that it had not satisfied its burden with respect to a claim of privilege. It submitted an affidavit for an *in camera* inspection and asked the Court to examine the issue again. The court ultimately found the affidavit unpersuasive on the merits but also severely questioned why Xerox should be permitted to relitigate the point with a late submission. Id. That reasoning applies here. Intermark cannot supplement the record after the fact.

## IV.  CONCLUSION

For the foregoing reasons the Court should deny Intermark's Motion for Relief and direct Intermark to produce the documents it has withheld and the alleged agreements.

MICROFIBRES, INC.
By its Attorneys,

/s/

Brent R. Canning, Esq. (CT 23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq.
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

**CERTIFICATION**

Charles F. O'Brien, Esq.
William Cass, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

    I certify that I faxed and mailed a copy of the foregoing Objection to Motion for Relief t to counsel of record, as above, on April 26, 2004.

_____

#600006 v1
(016254/115115)

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

INTERMARK FABRIC CORPORATION     :



3:02cv1267(AVC).  March 31, 2004.  This is an action for a
declaratory judgment.  The plaintiff and counterclaim defendant,
Intermark Fabric Corporation ("Intermark") seeks a declaration
that it has not infringed a so-called `021 patent held by the
defendant and counterclaim plaintiff, Microfibres, Inc.,
("Microfibres").  In response, Microfibres alleges that Intermark
willfully infringed its `021 patent, engaged in trade libel, and
violated the Connecticut Unfair Trade Practices Act.  Microfibres
now moves pursuant to Federal Rule of Civil Procedure 37(a) to
compel Intermark to produce documents relating to it's "articles
of commerce" defense (sales records, invoices, and delivery
records).  Microfibre also moves to compel Intermark to produce
communications with third parties relating to the `021 patent.
In the first instance, Intermark responds that sales records,
invoices, and delivery records are not subject to disclosure
because of this court's previous bifurcation order staying
discovery on the issue of damages.  Secondly, with respect to the
communications with third parties, Intermark maintains that such
documents are privileged.  Having considered the submissions of
counsel, the court will grant the motion to compel.  Documents
relating to Intermark's "article of commerce" defense are
relevant to liability and disclosure is required regardless of
whether such documents are also relevant to the issue of damages.
See  Dynacore Holding Corp. v. U.S. Philips Corp., 2002 WL
3123346 (S.D.N.Y. Oct. 4, 2002) ("Indeed, in cases where
liability and damages issued have been bifurcated for trial,
courts have permitted discovery of sales information during the
liability phase).  With respect to the communications with third
parties, these documents are relevant to Microfibre's induced
infringement claims.  Disclosure of these documents is also
required, and because such communications were made to third
parties, Intermark cannot claim privilege.  See  United States v.
Jacobs, 117 F.3d 82, 89-90 (2d Cir. 1997) (disclosure of a
summary of attorney letters waived the privilege as to the
underlying letters).  Finally, the court cannot accept
Intermark's argument that certain communications and documents
with specific customers are protected under the joint defense
privilege.  The burden to prove the joint defense privilege rests
with the party asserting the privilege, and Intermark has not
satisfied that burden with affidavits, evidence of a common legal
interest, or by producing indemnity and joint defense agreements.
See  Long-Term Capital v. United States, 2002 WL 31934139 at *1
(D. Conn. Oct. 30, 2002).  The motion to compel (document no. 68)
is therefore GRANTED.

SO ORDERED.

Alfred V. Covello, U.S.D.J.