UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


INTERMARK FABRIC CORPORATION,  )
                                       )
                 Plaintiff,      )   Civil Action No. 3:02-CV-1267 (AVC)
v.                              )
                                       )
MICROFIBRES, INC.,            )
                                       )
               Defendant.    )


**REPLY BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR IN CAMERA INSPECTION**
**AND RELIEF FROM ORDER**

## I. Introduction

Intermark has maintained that communications and documentation exchanged between Intermark and Culp, Inc., Spandauer Velours gmbh & Co. KG and Avidtech Industries, Inc. are privileged based upon a joint defense privilege. The basis for that assertion was and is that those three identified third parties shared and share a common legal interest with Intermark, that is, defending against claims of infringement of the patent-at-issue and its foreign counterpart asserted by the common litigation opponent - Microfibres. In granting the motion to compel in the Order entered on April 1, 2004, the Court indicated that Intermark did not satisfy its burden to show that the joint defense privilege existed. Intermark now seeks to submit the documents at issue to the Court for an *in camera* inspection.

## II. Argument

There are fourteen documents that Intermark seeks to submit to the Court for an *in camera* inspection. See Intermark's Privilege Log attached as Exhibit A to the Declaration Charles F. O'Brien filed contemporaneously herewith. Relief similar to that sought by Intermark has been granted in other situations. See e.g. United States v. Davis, et. al., 131 F.R.D. 427 (S.D.N.Y. 1990); Meranus v. Gangel, 1991 WL 120484, *4 (S.D.N.Y. June 26, 1991) (ordering disclosure of documents that a party claims as privileged "would be too harsh a result here ... since such evidence may in fact be available"); Rubin Hirschfield, 2001 WL 34152407 (D.Conn. November 8, 2001) ("In light of the underlying confidentiality concerns, defendants' motion to reconsider will be granted as it pertains to production of the tax returns"); and Go Medical Industries Pty, Ltd v. C.R. Bard, Inc., 1998 WL 1632525, *4 (D.Conn. August 14, 1998) (After deciding that the record was insufficient to permit the court to determine whether the documents at issue were privileged, the court ordered the party

claiming such privilege to submit the documents for an *in camera* inspection)

In Davis, a defendant filed a motion for reconsideration of a discovery order requiring defendant to produce seventy-one documents that it claimed to be privileged. Davis, 131 F.R.D. at 428. The court granted the motion and thus allowed the defendant to submit the documents to the court for an *in camera* inspection. Id. In doing so the court relied upon the importance of protecting the attorney-client privilege and the small number of documents at issue. See Id. ("[T]he attorney-client privilege is an immensely important feature of our adversarial system, and we are reluctant to foreclose further review of the matter in light of the small number of documents involved and the possible expectation of [defendant], based on our pervious *in camera* review of other disputed documents, that we would call *sua sponte* for *in camera* review of these documents.").

In its opposition, Microfibres relies heavily on SCM Corporation v. Xerox Corporation, 70 F.R.D. 508, 524 (1976) wherein, in support of its motion for reconsideration, Xerox submitted an affidavit *ex parte* with the court for an *in camera* inspection. See Microfibres Memorandum, pp. 5-6. Although the court noted SCM's objection to the *ex parte* submission, the court did not refuse to review the submission, but rather rested its decision on the substance of the submission. SCM, 70 F.R.D. at 524. Similarly, given the importance of protecting the attorney client privilege as outlined in Davis and the relatively small number of documents, Intermark requests that the Court review *in camera* the documents it claims to be privileged.

Because Microfibres has threatened to sue Spandauer Velours gmbh & Co. KG for infringement of the foreign counterpart to the patent-at-issue in this case, Microfibres asserts that there can be no joint defense privilege. Microfibres Memorandum, p. 5. That view of the scope of the joint defense privilege is too narrow. "[T]he privilege is not limited to parties who

are perfectly aligned on the same side of a single litigation." Cadillac Insurance Company v. American National Bank of Schiller Park, 1992 WL 58786, *5 (N.D.Ill. March 12, 1992) "The joint defense privilege enables counsel for clients facing a common litigation opponent to exchange privileged communications and attorney work product in order to adequately prepare a defense without waiving either privilege." Western Fuels Assoc. v. Burlington Northern Railroad Co., 102 F.R.D. 201, 203 (D.Wyo. 1984). Therefore, the fact that Microfibres has threatened to sue Spandauer for infringing the foreign counterpart patent does not detract from the existence of the joint defense. See Cadillac, 1992 WL 58786, *5 (communications between parties with common litigation adversary in different actions held to remain confidential).

Moreover, Microfibres sought and obtained the right to join transfer printers into this action and could seek to join Spandauer into the instant action. Therefore, not only is Spandauer a potential defendant concerning the foreign counterpart but is also a potential co-defendant in this action.

As indicated in its Memorandum in support of this motion, Intermark has signed joint defense agreements with both Culp and Avidtech concerning the commonality of legal interests and the intent to protect any communications and documentation exchanged as privileged. These signed agreements clearly delineate the parties' intention to pool information under a joint defense. See Transmirra Products Corp. v. Monsanto Chemical Co., 26 R.R.D. 572, 576 (S.D.N.Y. 1960) ("persons represented by different attorneys but conducting a 'joint defense' may pool information without waiving this privilege") Intermark has included these documents on the privilege log as the agreements themselves are privileged. A.I. Credit Corp. v. Providence Washington Insurance Co., 1997 WL 231127 (S.D.N.Y. May 7,

1997). As set forth *supra*, Microfibres sought and obtained the right to join transfer printers into this action and could seek to join Culp and Avidtech into the instant action. The fact that these parties, including Spandauer, have not yet been joined into this action or sued individually by Microfibres does not defeat the common defense privilege. See Bass Public Ltd. Co. v. Promus Companies, Inc., 868 F.Supp. 615, 621 (S.D.N.Y. 1994)("The joint defense privilege only applies, however, to communications between actual or potential co-defendants and their attorney for any common defense purpose.")

As set forth above, Intermark has an identical legal interest with Culp, Avidtech and Spandauer as all of the latter three could be included in this action by the common litigation opponent - Microfibres. The signed joint defense agreements with Culp and Avidtech and the documents exchanged between Intermark and Spandauer (along with the Declaration of z. H. Herrn Günther Walter filed contemporaneously Intermark's memorandum in support of this motion) evidence the intent of the respective parties to create a joint defense and to pool information with Intermark to defend against Microfibres' allegations.

## III. Conclusion

Intermark respectfully requests that this Court (1) grant its motion and allow Intermark to submit the fourteen documents at issue to this Court for an *in camera* inspection to prove that the joint defense privilege exists between Intermark and the third parties set forth above, and (2) grant Intermark relief from the aforementioned Order to the extent that Intermark is required to disclose any such documentation to Microfibres.

//

//

//

Respectfully submitted:
Intermark Fabric Corporation

By:_____

Charles F. O'Brien (ct 22074)
William J. Cass, (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Reply Brief in Support of Plaintiff's Motion for In Camera Inspection and Relief from Order was served via regular mail on this 10th day of May, 2004 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
        Charles F. O'Brien, Esq.