IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION : | |
|     Plaintiff : | |
|     v. : | C.A. No. 302 CV 1267 AVC |
| : | |
| MICROFIBRES, INC. : | |
|     Defendant and : | |

## MICROFIBRES, INC.'S ANSWER TO INTERMARK FABRIC CORPORATION'S SECOND AMENDED COMPLAINT

Defendant, Microfibres, Inc. ("Microfibres"), for its Answer to Intermark Fabric Corporation's ("Intermark") Complaint states as follows:

## ANSWER

1 - 2.  Admit.

3.  This paragraph states a legal conclusion to which no response is necessary. To the extent a response is necessary, the allegations contained in Paragraph 3 are denied.

4 - 5.  Admit.

6.  Microfibres admits that it has done business in Connecticut but is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore denies them.

7 - 12.  Admit.

13.  Microfibres is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies them.

14. Microfibres admits that it manufactures and sells flocked fabric into the upholstery industry for use with upholstered furniture, as part of its core business, among other things, and that a large percentage of Microfibres' business is selling flocked fabric for use in upholstered furniture, but denies all other allegations contained in Paragraph 14.

15. Microfibres admits that it manufactures and sells flocked fabric for use with upholstered furniture, among other things, in many parts of the world but is without information sufficient to form a believe as to the truth of the allegation that it is the largest flocked fabric producer in the world and therefore denies those allegations. Microfibres denies that it has four manufacturing facilities in the United States and admits that a Microfibres' subsidiary has a manufacturing facility in Europe. Microfibres denies all other allegations contained in paragraph 15.

16. Microfibres is without information sufficient to form a belief as to the truth of the allegation that it is one of Intermark's largest competitors in the upholstery industry and therefore denies those allegations. Microfibres admits that it had sales in 2002 lower than 165 million dollars and has approximately 800 employees world-wide. Microfibres admits that it has received patents in various countries of the world but denies any other allegations contained in Paragraph 16.

17. Microfibres is without information sufficient to form a belief as to the truth of the allegations concerning Intermark's gross sales or employees or ownership of patents and therefore denies those allegations. Microfibres admits only that

Intermark has a manufacturing facility in Plainfield, Connecticut and denies the remaining allegations of paragraph 17.

18. Microfibres is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore denies those allegations.

19. Microfibres denies that its pricing sets the standard and is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and therefore denies them.

20. The '021 Patent is in writing and speaks for itself. Microfibres denies the allegations of Paragraph 20 to the extent they do not fully and fairly characterize the '021 Patent.

21. The July 31, 1992 patent application is in writing and speaks for itself. Microfibres denies the allegations of Paragraph 21 to the extent they do not fully and fairly characterize the application.

22 - 24. Admit.

25 - 28. The July 31, 1992 application is in writing and speaks for itself. Microfibres denies the allegations contained in Paragraphs 25 - 28 to the extent they do not fully and fairly characterize the application.

29. Admit.

3

30. Microfibres admits that it began compounding its own pigmented adhesives at least as early as 1983 and that it used black, blue and green pigments but denies the remaining allegations of paragraph 30.

31. Denied.

32 - 34. The July 31, 1992 patent application is in writing and speaks for itself. Microfibres denies the allegations contained in Paragraphs 32 - 34 to the extent they do not fully and fairly characterize the application.

35. Denied.

36. Microfibres admits that it began heat setting flocked fabric in approximately the late 1980s, but denies that it was able to transfer print flocked fabric using pressures in the lower portion of the range between 10 and 59 pounds per square inch four years prior to filing the '021 patent application on July 31, 1992 and denies all other allegations contained in Paragraph 36.

37. Microfibres denies that it had transfer printed a flocked fabric with a textile substrate and dark pigmented adhesive at the lower range of between 10 and 59 pounds per square inch as far back as 1988 and therefore properly made no such representation to the PTO. Microfibres denies any other allegations contained in Paragraph 37.

38 - 39. Denied.

40. Microfibres is without information sufficient to form a belief as to the Examiner's focus or state of mind during the prosecution of the '021 Patent and therefore denies the allegations contained in Paragraph 40.

41. The March 17, 1993 office action and the subsequent office actions of the PTO are in writing and speak for themselves. Microfibres denies the allegations of Paragraph 41 to the extent they do not fully and fairly characterize those office actions.

42 - 43. The August 17, 1993 response is in writing and speaks for itself. Microfibres denies the allegations contained in Paragraphs 42 - 43 to the extent they do not fully and fairly characterize that response.

44. Microfibres admits that it submitted six fabric samples of different print patterns and admits that one sample was made in accordance with the claimed invention and the other made without the invention. Microfibres denies Intermark's characterization of those samples, its characterization of the invention claimed by the '021 Patent, and all other allegations contained in Paragraph 44.

45 - 46. The November 3, 1993 office action and the subsequent office actions are in writing and speak for themselves. Microfibres denies the allegations of Paragraphs 45 - 46 to the extent they do not fully and fairly characterize the office actions.

47. Microfibres admits that the Examiner held an interview on December 1, 1993 with patent counsel for Microfibres and that the Examiner cited the Smith Patent and the Katz Patent. The Examiner's interview notes and the Smith and Katz Patents are in writing and speak for themselves. Microfibres denies the allegations of

5

Paragraph 47 to the extent they do not fully and fairly characterize those notes or patents.

48.    The January 24, 1994 Response is in writing and speaks for itself. Microfibres denies the allegations of Paragraph 48 to the extent they do not fully and fairly characterize the response.

49 - 52.  Denied.

53 - 55.  The office actions are in writing and speak for themselves. Microfibres denies the allegations contained in Paragraphs 53 - 55 to the extent they do not fully and fairly characterize the office action.

56 - 57.  Microfibres denies that it had transfer printed a flocked fabric with a textile substrate and dark pigmented adhesive at the lower range of between 10 and 59 pounds per square inch as far back as 1988 and therefore properly made no such representation to the PTO. Microfibres denies any other allegations contained in Paragraphs 56-57.

58.    Admit, except that the application and abandonment were filed by McCulloch, not Microfibres.

59.    The continuation applications and office actions are in writing and speak for themselves. Microfibres denies the allegations of Paragraph 59 to the extent they do not fully and fairly characterize these documents.

60.    Microfibres admits that a Preliminary Amendment was filed that included a declaration of William Laird and fabric samples but states that the declaration is in

writing and speaks for itself. Microfibres denies the allegations of Paragraph 60 to the extent they do not fully and fairly characterize these written documents and all other allegations of Paragraph 60.

61.  Admit, except that Microfibres denies Intermark's characterization of the patent prosecution efforts.

62.  The Notice of Allowability is in writing and speaks for itself. Microfibres denies the allegations of Paragraph 62 to the extent they do not fully and fairly characterize the written document.

63.  Microfibres is without information sufficient to form a belief as to the truth of allegations contained in Paragraph 63 and therefore denies them. Microfibres specifically denies that Intermark ever transfer printed a flocked fabric with a textile substrate and dark pigmented adhesive before the idea was conceived by James McCulloch.

64.  Denied.

65.  Microfibres admits that it supplied flock to Intermark in August 1991 but denies all other allegations contained in Paragraph 65.

66.  Microfibres admits that in 1991 Arnold Kaija visited Intermark's facility but denies that he saw any product identified as Frosty or Intermark's production line and all other allegations contained in Paragraph 66.

67.  Microfibres admits that Intermark purchased 5,500 pounds of natural flock from Microfibres in August 1991 but is without information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 67 and denies those allegations.

68. Microfibres admits that Intermark purchased 1,000 pounds of natural flock from Microfibres in September 1991 but is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 and denies those allegations.

69 - 70. Admit, except Microfibres is without information sufficient to form a belief as to the allegation that Intermark forwarded samples of a product called Frosty and therefore denies those allegations.

71 - 72. Microfibres states that the October 2, 1991 letter is in writing and speaks for itself. Microfibres denies the allegations contained in Paragraphs 71 – 72.

73. Microfibres admits that at some point in 1991 James McCulloch knew that Microfibres was supplying Intermark with flock and that quality control issues had arisen. Microfibres denies that Intermark was selling a flocked fabric with a textile substrate and dark pigmented adhesive to transfer printers and all other allegations contained in Paragraph 73.

74. Microfibres admits that it sent letters to various companies in the flocked fabric industry that gave notice of the existence of the '021 Patent but states that these letters are in writing and speak for themselves. Microfibres denies the allegations of Paragraph 74 to the extent they do not fully and fairly characterize those letters.

Microfibres denies that the '021 Patent is invalid and all other allegations contained in Paragraph 74.

75.  Microfibres admits that it sent a letter to Spandeauer Velours concerning a European patent but states that the letter is in writing and speaks for itself.  Microfibres denies the allegations of Paragraph 74 to the extent they do not fully and fairly characterize that letter.  Microfibres denies that the '021 Patent or its European patent is invalid and all other allegations contained in Paragraph 75.

76.  Microfibres is without information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 76 and therefore denies them.

77.  Denied.

78.  Admit.

79.  Denied.

80.  Microfibres admits that it has filed counterclaims against Intermark but states that those counterclaims are in writing and speak for themselves.  Microfibres denies the allegations contained in Paragraph 80 to the extent they do not fully and fairly characterize those counterclaims.  Microfibres denies that the '021 Patent is invalid and any other allegations contained in Paragraph 80.

81.  Microfibres admits that it filed a motion to join the transfer printers but states that the motion is in writing and speaks for itself.  Microfibres denies the allegations contained in Paragraph 81 to the extent they do not fully and fairly characterize the motion.  Microfibres admits that the Court granted Microfibres' motion

9

to join certain transfer printers and that Microfibres has not amended its counterclaims to add them to this action. Microfibres denies that the '021 Patent is invalid and all other allegations in Paragraph 81.

## FIRST CAUSE OF ACTION
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

82.  Microfibres repeats and realleges Paragraphs 1 through 81 of its Answer as though fully set forth herein.

83.  Denied.

## SECOND CAUSE OF ACTION
## DECLARATORY JUDGMENT OF INVALIDITY

84.  Microfibres repeats and realleges Paragraphs 1 through 83 of its Answer as though fully set forth herein.

85.  Denied.

## THIRD CAUSE OF ACTION
## DECLARATORY JUDGMENT OF PATENT MISUSE

86.  Microfibres repeats and realleges Paragraphs 1 through 85 of its Answer as though fully set forth herein.

87.  Denied.

## FOURTH CAUSE OF ACTION
## DECLARATORY JUDGMENT OF INEQUITABLE CONDUCT

88.  Microfibres repeats and realleges Paragraph 1 through 87 of its Answer as though fully set forth herein.

89.  Denied.

## FIFTH CAUSE OF ACTION
## 15 U.S.C. § 2 MONOPOLIZATION

90. Microfibres repeats and realleges Paragraph 1 through 89 of its Answer as though fully set forth herein.

91 - 96. Denied.

## SIXTH CAUSE OF ACTION
## 15 U.S.C. § 2 ATTEMPTED MONOPOLIZATION

97. Microfibres repeats and realleges Paragraph 1 through 96 of its Answer as though fully set forth herein.

98 - 102. Denied.

## SEVENTH CAUSE OF ACTION
## CONN. GEN. STAT. § 35-23 et seq. MONOPOLIZATION

103. Microfibres repeats and realleges Paragraph 1 through 102 of its Answer as though fully set forth herein.

104 - 109. Denied.

## EIGHTH CAUSE OF ACTION
## CONN. GEN. STAT. § 35-23 et seq. ATTEMPTED MONOPOLIZATION

110. Microfibres repeats and realleges Paragraph 1 through 109 of its Answer as though fully set forth herein.

111 - 115. Denied.

#599036 v1
(016254/115115)

## NINTH CAUSE OF ACTION
## CUTPA

116. Microfibres repeats and realleges Paragraph 1 through 115 of its Answer as though fully set forth herein.

117 - 118. Denied.

## TENTH CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

119. Microfibres repeats and realleges Paragraph 1 through 118 of its Answer as though fully set forth herein.

120. Microfibres is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore denies them.

121 - 123. Denied.

## ELEVENTH CAUSE OF ACTION
## DECLARATORY JUDGMENT UNDER § 285

124. Microfibres repeats and realleges Paragraph 1 through 123 of its Answer as though fully set forth herein.

125. Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state any claim upon which relief can be granted.

WHEREFORE, Microfibres demands that Intermark's Complaint be denied and dismissed with prejudice and that Microfibres be awarded its costs, attorneys' fees, and any other relief deemed just.

#599036 v1
(016254/115115)

## JURY TRIAL DEMAND

Microfibres hereby claims a jury trial.

MICROFIBRES, INC.
By its Attorneys,

_____
Brent R. Canning, Esq. (CT 23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq.
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

## CERTIFICATION

Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

    I certify that I faxed and mailed a copy of the foregoing Answer to Second Amended Complaint to counsel of record, as above, on May 13, 2004.

_____

13

#599036 v1
(016254/115115)