**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT HARTFORD
7/4/05
Kevin F. Rowe, Clerk
By: [signature]
Deputy Clerk

|  |  |
|---|---|
| INTERMARK FABRIC CORPORATION, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICROFIBRES, INC., )<br>Defendant. ) | Civil Action No. 3:02-CV-1267 (AVC) |

3:02cv1267 (AVC). August 5, 2004. This is an action for declaratory judgment. The plaintiff and counterclaim defendant, Intermark Fabric Corporation ("Intermark") seeks a declaration that it has not infringed the so-called '021 patent held by the defendant and counterclaim plaintiff, Microfibres, Inc. ("Microfibres"). The '021 patent relates to a special type of printed fabric and describes a method for creating that product. By way of counterclaim, Microfibres alleges that Intermark willfully infringed its '021 patent, engaged in trade libel, and violated the Connecticut Unfair Trade Practices Act. Intermark now moves for judgment as a matter of law on its claim that the '021 patent is invalid, asserting (1) that the '021 patent is invalid due to the inventor's failure to disclose the best mode of invention in violation of 35 U.S.C. § 112, and (2) the '021 patent is also unenforceable due to the inventor's inequitable conduct before the United States Patent and Trademark Office during the prosecution of the patent. Having reviewed the submissions of counsel, the court concludes that there exist multiple issues of material fact and, accordingly, summary judgment is inappropriate. With respect to the claim that Microfibres failed to disclose the best mode of invention - a heat setting system employing infrared lights - Intermark has failed to demonstrate that the best mode rule applies to Microfibres because: (1) it is disputed whether heat setting is required to achieve the '021 invention; (2) it is unclear the extent to which Microfibres even claimed a heat setting process in the patent; and (3) it is disputed whether the heat setting process employed prior to July 31, 1992 was novel and essential to the invention. For these reasons, Intermark has also failed to demonstrate that Microfibres (or the purported inventor, James McCulloch) engaged in inequitable conduct before the United States Patent and Trademark Office by intentionally failing to disclose the best mode of invention. Accordingly, Intermark's motion for summary judgment (document no. 62) is denied.

SO ORDERED.

Alfred V. Covello, U.S.D.J.