IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

INTERMARK FABRIC CORPORATION, )
        Plaintiff, )
                                 )    Civil Action No. 3:02-CV-1267 (AVC)
                v. )

MICROFIBRES, INC., )
        Defendant. )

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT ITS MOTION
FOR SUMMARY JUDGMENT AND TO STRIKE AFFIDAVITS FILED BY**

3:02cv1267 (AVC). August 5, 2004. On April 15, 2004, the court granted Intermark's motion to restore Intermark's motion to strike (document no. 97, and through no. 97, document no. 85) to the court's active docket (see order no. 123). In the motion, Intermark seeks to strike certain portions of the McCulloch and Laird affidavits that were submitted by Microfibres in opposition to Intermark's summary judgment motion. McCulloch is the purported inventor of the '021 patent and Laird is the designer of Microfibres infrared heat setting system that Microfibres employs in producing the special flocked fabric. Intermark claims that the affidavits directly contradict earlier deposition testimony in which McColloch allegedly admitted that he failed to disclose Laird's infrared system as the best mode of invention. A party's affidavit which contradicts prior deposition testimony is subject to being stricken. See Newport Electronics, Inc. v. Newport Corp., 157 F. Supp. 2d 202, 220 (D. Conn. 2001). An affidavit which amplifies or explains prior testimony is, however, not to be stricken, especially where the party was not previously asked sufficiently precise questions to elicit the amplification or explanation. Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996). Having reviewed the relevant deposition testimony, the court is not persuaded that the questions presented were sufficiently precise to conclude with certainty that McCulloch contradicted himself, or that Laird's affidavit should be stricken to the extent it corroborates McCulloch's affidavit. With respect to M___ ___ ___ony concerning the date that Microfibres began using the infrared heat setting equipment, the court concludes that an actual contradiction exists and therefore that portion of McColloch's affidavit is ordered stricken. The motion (document no. 85) is therefore GRANTED in part and DENIED in part.

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.