IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | |
| | : | |
| v. | : | C.A. No. 302 CV 1267 AVC |
| | : | |
| MICROFIBRES, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MICROFIBRES, INC.'S OBJECTION TO INTERMARK'S
MOTION FOR *IN CAMERA* REVIEW**

**I.   INTRODUCTION**

The Court should deny Intermark's Motion for *In Camera* Review and once again order Intermark to produce the documents it is improperly withholding on the basis of an alleged joint defense privilege.

Intermark initially filed the instant motion under seal and also refused to produce a copy to Microfibres -- hoping, apparently, that it would prevail if Microfibres were deprived of the opportunity to respond. That sort of strategy should not succeed. The documents Intermark is withholding are not privileged and should be produced.

The alleged joint defense agreements between Intermark, Avidtech and Culp are an easy call. The terms of a joint defense agreement are simply not privileged. See United States v. Hsia, 81 F. Supp.2d 7, 11 n.3 (D.D.C. 2000). Accordingly, those documents that Intermark Bates numbered IFC 02838 to IFC 02846 (the alleged agreements) should be produced.[1]

---

[1] A copy of Intermark's Privilege Log is attached as Exhibit A.

The documents exchanged between Intermark and Spandauer, on the other hand, are not covered by any written joint defense agreement at all. That absence -- particularly since Intermark claims it executed written agreements with Culp and Avidtech -- rebuts Intermark's claim that it *also* intended to create a joint defense with Spandauer. Moreover, Intermark and Spandauer could not have reached such an agreement because they do not share an identical legal interest. N. River Ins. Co. v. Columbia Cas. Co., 1995 WL 5792 (S.D.N.Y. Jan. 5, 1995) ("The key consideration is that the nature of the interest be identical, not similar, and be legal, not solely commercial."). Finally, Intermark has failed to carry its burden of demonstrating that the documents were exchanged as part of an agreed-upon legal strategy rather than the spontaneous communications of business partners. Indeed, neither the William Lucchesi affidavit nor the Walter Gunther affidavit identify *when* the alleged agreement was reached, *who* agreed to it, *what* the agreement is, or *how* the communications at issue further the alleged strategy.

## II.   FACTS

Microfibres filed a Motion to Compel Production of Documents on July 24, 2003 after Intermark refused to turn over communications it exchanged with third parties concerning Microfibres and its patented invention. Microfibres requested those documents because they are relevant to whether Intermark has induced infringement and to the strength of Intermark's non-infringement defense.

Intermark objected and claimed that the documents were not discoverable because they were protected by a joint defense privilege. Intermark offered no affidavits, agreements, or other evidence to carry its burden. It relied only on its unsupported assertion of privilege.

On April 1, 2004 the Court issued an order that rejected Intermark's privilege claim and directed Intermark to produce the withheld documents: "Finally, the court cannot accept Intermark's argument that certain communications and documents with specific customers are protected under the joint defense privilege. The burden to prove the joint defense privilege rests with the party asserting the privilege, and Intermark has not satisfied that burden with affidavits, evidence of a common legal interest, or by producing indemnity and joint defense agreements."

On April 15, 2004 Intermark asked the Court to reconsider the issue and on August 20, 2004 the Court issued an order granting Intermark's request. It directed Intermark to submit a motion, memorandum, and the relevant evidence under seal.

Thereafter Intermark submitted to the Court copies of the documents it claims are privileged. It also submitted a motion and legal memorandum. Initially, it failed to produce a copy of the motion and memorandum to Microfibres -- apparently taking the position that Microfibres had no right to see the motion or memorandum or to file a meaningful response. When Microfibres pointed out that there was no basis for Intermark to withhold the brief it filed with the Court Intermark relented and agreed to extend the deadline for Microfibres to respond.

III.   **ARGUMENT**

A.   **The Joint Defense Agreements Are Not Privileged.**

Intermark alleges that it entered into written joint defense agreements with Culp and Avidtech. Even if that is true, the joint defense agreements themselves must be turned over because they are not privileged. See United States v. Hsia, 81 F. Supp.2d 7, 11 n.3 (D.D.C. 2000).

In Hsia the defendant raised the same argument that Intermark makes here: that a joint defense agreement itself is subject to the privilege. The Court rejected the argument and criticized the unreported decision that Intermark now relies on.

The Court should order the agreements to be turned over. Not only are they not privileged, but the agreements go directly to the issue of inducement. Microfibres suspects that Intermark agreed to a joint defense with Culp and Avidtech as a means of encouraging these companies to continue transfer printing in violation of the '021 Patent.

The Court should direct Intermark to produce the joint defense agreements which are Bates numbered IFC 02838 to IFC 02846.

B.   **The Documents Exchanged Between Intermark And Spandauer Velours Are Not Privileged.**

Unlike its dealings with Culp and Avidtech, Intermark admits that it did not enter into any written joint defense agreement with Spandauer. The reason is plain:

Intermark has no joint defense agreement with Spandauer and, moreover, it could not have reached such an agreement as a matter of law.

The burden to prove the existence of a joint defense agreement rests on Intermark. See United States v. Weissman, 195 F.3d 96 (2nd Cir. 1999). Intermark has failed to carry that burden. The affidavits of William Lucchesi and Walter Gunther are conclusory at best and do not suggest that the parties actually agreed upon a legal strategy together. Moreover, the claim that Intermark reached a joint defense agreement with Spandauer is rebutted by the absence of the sort of written agreement that Intermark reached with Culp and Avidtech.

Nor has Intermark carried its burden by arguing that it exchanged sensitive information with Spandauer. See id. (rejecting joint defense privilege claim even though party made *damaging admissions*). The *substance* of the communications is irrelevant. The relevant inquiry is whether Intermark has substantiated its claim that the parties agreed to a joint defense and share an *identical* legal interest. See N. River Ins. Co. v. Columbia Cas. Co., 1995 WL 5792 (S.D.N.Y. Jan. 5, 1995). This is now the second time that Intermark has had an opportunity to substantiate its privilege claim and it still fails to do so.

Intermark and Spandauer plainly do not share an identical legal interest. Indeed, Intermark's privilege log confirms that most of the communications between Intermark and Spandauer do not even concern the '021 Patent. Most of the documents Intermark has withheld concern the '614 Patent.

Moreover, the primary case on which Intermark relies, <u>United States v. Schwimmer</u>, 892 F.2d 237 (2nd Cir. 1989) confirms that many of the documents in question are not privileged. The Court of Appeals in <u>Schwimmer</u> explained that the joint defense privilege or common interest rule protects communications flowing from one party "to the *attorney* for another party" or that attorney's agent. See <u>Schwimmer</u>, 892 F.2d at 243. The reason is that, at bottom, the joint defense privilege is an extension of the attorney-client and thus counsel must be involved in the communications. See <u>id.</u>

Here, the communications dated 7/2/02, 7/9/02, and 7/17/02 are not communications from Spandauer to Intermark's lawyers. They are communications that Gunther Walter sent to William Lucchesi and that which Lucchesi later forwarded to Intermark's lawyers. There is no evidence that counsel for Intermark or Spandauer directed or coordinated those communications. See <u>Schwimmer</u>, 892 F.2d at 243 ("Schwimmer was directed by his attorney, Fink, to speak freely on behalf of both clients."). As a matter of law no privilege could attach to those communications.

Moreover, the lack of attorney oversight is further evidence that the parties were engaged in spontaneous communications rather than a coordinated legal strategy. At a minimum the documents that Intermark Bates numbered IFC 02807 through IFC 02827 should be turned over.

## IV.    CONCLUSION

Intermark's motion should be denied and the documents that it is trying to hide under a false claim of privilege should be produced.

MICROFIBRES, INC.
By its Attorneys,

_____
William R. Grimm, Esq. (CT 414863)
Brent R. Canning, Esq. (CT 23991)
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq.
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

## CERTIFICATION

Charles F. O'Brien, Esq.
William Cass, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

I certify that I faxed and mailed a copy of the foregoing Memorandum to counsel of record, as above, on September 29, 2004.

_____

EXHIBIT A

**PLAINTIFF'S PRIVILEGE LOG**
**INTERMARK FABRIC CORPORATION V. MICROFIBRES, INC.**

| DATE | TYPE OF DOC. | AUTHOR | RECIPIENT | NATURE OF DOCUMENT | NATURE OF PRIVILEGE | BATES # |
|---|---|---|---|---|---|---|
| Undated | E-Mail | Michael A. Cantor, Esq., Cantor Colburn | Alexander Witte, Esq., Witte, Weller & Partner; cc: William Lucchesi and Wayne Turcotte, Intermark Fabric Corporation | Letter concerning prior art | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02806 |
| 7/2/02 | Fax | William Lucchesi, Intermark Fabric Corporation | Michael A. Cantor, Esq., Cantor Colburn | Forwarding letter (with attachments) dated 7/1/02 from Alexander Witte, Esq. to H. Herrn Gunther Walter of Spandauer Velours concerning Microfibres' '614 patent and Spandauer Velours | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02807 - IFC-02820 |
| 07/09/02 | Fax | William Lucchesi, Intermark Fabric Corporation | Michael A. Cantor, Esq., Cantor Colburn | Forwarding letter dated 7/8/02 from Alexander Witte, Esq. to H. Herrn Gunther Walter of Spandauer Velours and William Lucchesi, Intermark Fabric Corporation concerning Microfibres' '614 patent and Spandauer Velours | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02821 - IFC-02823 |
| 7/17/02 | Fax | Wayne Turcotte, Intermark Fabric Corporation | Michael A. Cantor, Esq., Cantor Colburn | Forwarding letter dated 7/15/02 from Alexander Witte, Esq. to H. Herrn Gunther Walter of Spandauer Velours and William Lucchesi of Intermark Fabric Corporation concerning Microfibres' '614 patent and Spandauer Velours | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02824 - IFC-02827 |

| DATE | TYPE OF DOC. | AUTHOR | RECIPIENT | NATURE OF DOCUMENT | NATURE OF PRIVILEGE | BATES # |
|---|---|---|---|---|---|---|
| 8/28/02 | Fax | Alexander Witte, Esq., Witte, Weller & Partner | Michael A. Cantor, Esq., Cantor Colburn | Letter concerning Microfibres' '614 patent and Spandauer Velours | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02828 |
| 8/30/02 | Letter | Alexander Witte, Esq., Witte, Weller & Partner | Michael A. Cantor, Esq., Cantor Colburn | Letter concerning Microfibres' '614 patent and Spandauer Velours | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02829 - IFC-2831 |
| 9/6/02 | Fax | Alexander Witte, Esq., Witte, Weller & Partner | Michael A. Cantor, Esq., Cantor Colburn | Letter concerning Microfibres' '614 patent and Spandauer Velours | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02832 - IFC-02834 |
| 9/6/02 | Fax | Michael A. Cantor, Esq., Cantor Colburn | Alexander Witte, Esq., Witte, Weller & Partner | Letter concerning Microfibres' '021 patent | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02835 |
| 10/29/02 | Letter | Alexander Witte, Esq., Witte, Weller & Partner | Michael A. Cantor, Esq., Cantor Colburn | Letter concerning Microfibres' '614 patent and Spandauer Velours | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02836 - IFC-02837 |
| 5/30/03 | Letter | Charles O'Brien, Esq., Cantor Colburn LLP | Charles Bunch, Avidtech Industries, Inc. | Letter concerning Microfibres and '021 patent | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02838 - IFC-02840 |
| 5/30/03 | Letter | Charles Bunch, Avidtech Industries, Inc. | Charles O'Brien, Esq., Cantor Colburn | Letter concerning Microfibres and '021 patent | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02841 |
| 3/11/03 | Letter | Charles O'Brien, Esq., Cantor Colburn LLP | D. Blaine Sanders, Esq., Robinson, Bradshaw & Hinson, P.A. | Letter concerning Microfibres and '021 patent | Attorney-Client; Joint Defense; Attorney Work Product | IFC-02842 - IFC-02844 |

-2-

| DATE | TYPE OF DOC. | AUTHOR | RECIPIENT | NATURE OF DOCUMENT | NATURE OF PRIVILEGE | BATES # |
|---|---|---|---|---|---|---|
| 07/31/02 | Fax | Non-testifying Consultant | Wayne Turcotte, Intermark Fabric Corporation; copies received by Michael A. Cantor, Esq., Cantor Colburn | Letter concerning prior art | Attorney-Client; Attorney Work Product | IFC-02885 - IFC-02888 |
| 07/31/02 | Letter | Non-testifying Consultant | Michael A. Cantor, Esq., Cantor Colburn and Wayne Turcotte, Intermark Fabric Corporation | Letter concerning prior art | Attorney-Client; Attorney Work Product | IFC-02889 |
| 08/08/02 | Memo | Non-testifying Consultant | Wayne Turcotte, Intermark Fabric Corporation; Copy received by Michael A. Cantor, Esq., Cantor Colburn on 08/09/02 | Memo concerning prior art. | Attorney-Client; Attorney Work Product | IFC-02890 - IFC-02891 |
| 08/19/02 | Fax | William Lucchesi of Intermark Fabric Corporation | Michael A. Cantor, Esq., Cantor Colburn | Fax attaching letter from non-testifying consultant dated 08/19/02 to Wayne Turcotte of Intermark Fabric Corporation | Attorney-Client; Attorney Work Product | IFC-02892 - IFC-02893 |
| 4/16/03 | Fax | Non-testifying Consultant | Charles F. O'Brien, Esq., Cantor Colburn | Letter (with attachment) concerning prior art | Attorney-Client; Attorney Work Product | IFC-02894 - IFC-02898 |

-4-