IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION : | |
| : | |
| v. : | C.A. No. 3:02-CV-1267 (AVC) |
| : | |
| MICROFIBRES, INC. : | |

**MICROFIBRES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO INTERMARK FABRIC CORPORATION'S MOTION TO COMPEL**

**I.   INTRODUCTION**

The Court should deny Intermark's Motion to Compel, which is directed at Microfibres' responses to Intermark's Third Set of Interrogatories and Fifth Request for Production.

The Motion should be denied with respect to the Interrogatories because it improperly demands that Microfibres respond to questions it does not know the answers to. Microfibres stated under oath that it does not know the answers. Accordingly, there is nothing to compel.

The Motion should be denied with respect to the Request for Production because it seeks highly confidential customer information that is neither relevant nor related to Intermark's claims of antitrust liability. At most, the information may be relevant to Intermark's alleged damages, which this Court previously bifurcated.

**II.   FACTS**

In March 2004 the Court granted Intermark's Motion to Amend and allowed Intermark to add antitrust claims against Microfibres. The Court simultaneously amended the Scheduling Order to permit the parties to engage in discovery on these new claims. Thereafter, Intermark issued a Third Set of Interrogatories and a Fifth Request for Production to Microfibres.

#631256 v1

The ten Interrogatories ask Microfibres to identify its market share over the following products sold in the upholstery industry: flocked fabric (Interrogatories 1 and 7), fabric (Interrogatories 2 and 6), flocked fabric with dark pigmented adhesive (Interrogatories 3 and 8), transfer printed flocked fabric (Interrogatories 4 and 9), and transfer printed flocked fabric with dark pigmented adhesive (Interrogatories 5 and 10).

Microfibres objected to these interrogatories but answered each one. With respect to Interrogatories 1,3, 4, 5, 7, 8, 9, and 10 Microfibres stated under oath that it does not know its market share: "Microfibres does not have information sufficient to answer the question as posed." With respect to Interrogatories 2 and 6, Microfibres does loosely follow its market share over of coverings sold in the upholstery industry and thus was able to estimate its market share. The data confirms that Microfibres' market share is actually declining.

Intermark's Fifth Request for Production seeks a complete list of Microfibres' customers and the products they purchased from Microfibres before and after July 23, 2002. Microfibres objected since these requests were not relevant or reasonably calculated to lead to the discovery of admissible evidence concerning Intermark's antitrust claims.

## III.   ARGUMENT

### A.   The Motion Should Be Denied Because Microfibres Interrogatory Responses are Proper.

When a party does not have sufficient information to answer an interrogatory the proper response is not refuse to answer, but to state that the information is unknown. See 7 James Wm. Moore, Moore's Federal Practice, § 33.102[3] at 33-70 (3rd ed. 2004) ("If a party is unable to reply because it lacks knowledge or information, the party may not simply refuse to answer. *Rather, the party must respond in a way that lets the requesting party know the information is*

*unavailable.*") (emphasis added). Here, Microfibres did not refuse to answer. It explained that it does not *know* the answers. That is a proper response and there is nothing for this Court to compel.

Intermark's Interrogatories are also improper because they effectively ask Microfibres to conduct extensive research to help prepare Intermark's case. See Halder v. Int'l Tel. & Tel. Co., 75 F.R.D. 657, 658 (E.D.N.Y. 1977) (party "should not be forced to engage in extensive research and compilation, particularly when the purpose of the effort is to assist plaintiff in the preparation of his case.").

Microfibres does not monitor its market share over discrete fabrics classes sold in the upholstery industry and has no easy way of obtaining that information. To determine Microfibres' share of transfer printed flocked fabric sold in the upholstery industry, for example, would require Microfibres to first identify the total volume of transfer printed flocked fabric sold in the upholstery industry. Microfibres does not know enough information to provide a response to this specific fabric class and could not know that information without conducting substantial research, if the information is available at all. This is the sort of extensive research and analysis that is appropriately provided through expert reports. It is not information that Microfibres currently knows.

Microfibres has not "picked and chosen" which Interrogatories to answer, as Intermark alleges. With respect to Interrogatories 2 and 6, which ask for Microfibres' market share over *fabric* sold in the upholstery industry, Microfibres has some information within its possession to provide a response as to coverings sold into the upholstery industry. These were estimates based on certain assumptions detailed in Microfibres' responsive answer for coverings. Accordingly,

Microfibres provided that information. It confirms that notwithstanding Intermark's monopoly allegations, Microfibres' market share for coverings in the upholstery industry over the relevant period has in fact declined -- hardly the basis for a legitimate antitrust claim.

The fact that Microfibres can answer certain interrogatories and cannot answer other interrogatories is not improper. Although Intermark may be disappointed that Microfibres does not track and does not currently have access to market share information over all of the various alleged product markets identified in Intermark's interrogatories, Microfibres has given proper responses under oath and no further responses can be given or compelled.

### B. The Motion Should Be Denied Because Microfibres Objections to the Document Requests Are Proper.

Intermark's demand for Microfibres' customer list and documents sufficient to demonstrate the products they purchase from Microfibres is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. These requests are improper and they should not be allowed.

Intermark argues that the names of Microfibres' customers will help it demonstrate that customers have moved their business from Intermark to Microfibres out of fear of being sued for infringing the '021 Patent. This purports to be a Walker Process type of antitrust claim. See Walker-Process Equip. Inc. v. Food Mach. & Chem. Corp., 382 U.S. 172 (1965). The argument fails.

To begin with, the loss of business that Intermark alleges -- customers moving from Intermark to Microfibres -- is a question of *damages*. Damages discovery has been bifurcated and hence this sort of discovery is improper.

In addition, even assuming the discovery is actually related to liability, the requests are not relevant and are far too broad.[1] In a Walker-Process claim the allegation is that the defendant used a fraudulently obtained patent in a manner that caused an antitrust injury. See, e.g., Unitherm Food Sys., Inc. v. Swift Eckrich, Inc., 341 F.3d 1341 (Fed. Cir. 2004).

Intermark has no basis to ask for the names of customers who purchased products from Microfibres that are not covered by the '021 Patent. It would make no difference under a Walker-Process claim if, for instance, a customer stopped purchasing non-transfer printed flocked fabric from Intermark and started buying it from Microfibres. Microfibres does not have a patent over non-transfer printed flocked fabric and hence this information could not prove a Walker-Process claim.

In addition, Intermark does not need the sensitive customer information it is seeking. It already *knows* the identity of the companies that Microfibres' threatened to sue or notified of the '021 Patent and it already knows whether those companies transferred their business from Intermark to Microfibres. The discovery effort here is not designed to learn discoverable information. It is designed to fish for highly confidential competitive information.

Moreover, it is also not relevant to Intermark's Walker-Process claims to know the names of customers who never did business with Intermark in the first place. These companies did not transfer their business away from Intermark and their names would not help Intermark prove an antitrust injury.

---

[1] Intermark also argues that Microfibres should be directed to turn over its customer information because Intermark was required to turn over certain customer and sales data. The argument has no merit. Microfibres' request for Intermark's data was directly relevant to Intermark's "staple article" defense and this Court agreed. Intermark's request for Microfibres' customer data, on the other hand, has no apparent relevance and appears simply designed to fish for confidential data.

Microfibres' objection to these documents requests should be sustained. At a minimum, however, to the extent the Court allows these requests at all, they should be limited. Microfibres should be required to produce only the names of those customers who have purchased *transfer printed flocked fabric with a dark pigmented adhesive* since the '021 Patent issued because that is the only product that is relevant to a Walker-Process claim. In addition, Microfibres should be required to produce only the names of those *new* customers who began purchasing transfer printed flocked fabric with a dark pigmented adhesive after they received notice of the '021 Patent from Microfibres.

### IV.   CONCLUSION

For the foregoing reasons the Court should deny Intermark's Motion to Compel.

MICROFIBRES, INC.
By its Attorneys

Brent R. Canning, Esq. (CT 23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI  02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq. (CT 16419)
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

November ___, 2004

## CERTIFICATION

Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

    I certify that I mailed a copy of the foregoing Memorandum to counsel of record, as above, on November 29, 2004.