UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION, | ) |
| Plaintiff, | ) Civil Action No. 3:02-CV-1267 (AVC) |
| v. | ) |
| MICROFIBRES, INC., | ) |
| Defendant. | ) |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF
INTERMARK FABRIC CORPORATION'S MOTION TO
COMPEL THE PRODUCTION OF DOCUMENTS
AND RESPONSES TO INTERROGATORIES**

## I. Introduction

Despite its objections to Intermark's motion to compel the production of documents and answers to interrogatories, Microfibres has not satisfied its burden to show why discovery should be denied.

## II. Argument

The two requests for documents made by Intermark are not an attempt to fish for competitive information as Microfibres contends because, on a procedural level, Intermark itself will never see the documents as the documents will be protected from disclosure pursuant to the protective order. Moreover, on a substantive level, the document requests are crafted to discover, or at least lead to the discovery of, admissible evidence of customers that may have shifted their business from Intermark to Microfibres for fear of being sued by Microfibres for infringing what Intermark alleges is an invalid patent. Such shifting is not related solely to damages but is also relevant to show the market power that Microfibres possess.

Intermark does not know the information that it now seeks as Microfibres contends. (Opposition p. 5). Intermark does know the identities of the companies that Microfibres notified concerning the patent. However, Microfibres makes the assumption that all of the customers that may have shifted their business were notified by Microfibres. This is not an assumption that Intermark can make. Moreover, even if Microfibres' assumption were correct, Intermark certainly does not know if those companies shifted their business to Microfibres as Microfibres now contends. (Opposition p. 5)

As it sets out in its opposition, Microfibres did not substantively answer Interrogatories 1, 3, 4, 5, 8, 9 and 10, but instead stated "under oath" that it does not have information sufficient to answer the questions as posed. (Opposition p. 2). Microfibres did substantively respond to Interrogatories 2 and 6 by providing estimates of its market share. However, within

-2-

those responses, Microfibres also stated "under oath" that it does not have information sufficient to answer the questions as posed in Interrogatory number 2 and 6. Microfibres fails to address this discrepancy.

### III. Conclusion

Based on the above, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Intermark requests that this Court order that Microfibres produce all documents requested in Request numbers 1 and 2 of Intermark's Fifth Set of Requests for Production of Documents and fully respond to Interrogatory numbers 1, 3, 4, 5, 7, 8, 9 and 10 of Intermark's Third Set of Interrogatories.

Respectfully submitted:

INTERMARK FABRIC CORPORATION

BY:_____
Charles F. O'Brien (ct 22074)
William J. Cass, (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
(860) 286-2929
Plaintiff's Attorneys

Dated: 12/13/04

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Reply Brief in Support of Plaintiff Intermark Fabric Corporation's Motion to Compel the Production of Documents and Responses to Interrogatories was served via regular mail on this 13th day of December, 2004 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.