IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | |
| | : | |
| v. | : | C.A. No. 3:02-CV-1267 (AVC) |
| | : | |
| MICROFIBRES, INC. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MICROFIBRES, INC.'S MOTION TO COMPEL INTERROGATORY RESPONSES

**I.  INTRODUCTION**

Microfibres filed this Motion to Compel because Intermark refuses to answer some basic questions about its antitrust claims. It won't identify the product market that Microfibres is allegedly monopolizing. It won't identify the products in that market. It won't even explain the basis for its claim that Microfibres can control the price of flocked fabric in the upholstery industry. These are legitimate questions. The Court should direct Intermark to answer Interrogatories 1, 2, 3, 8, 9, 10, 12, 13, and 14 immediately.

Instead of responding, Intermark claims that the above interrogatories are "premature" because discovery is ongoing, including discovery issued to Microfibres. This objection is specious. Intermark's antitrust claims have been pending for over a year and discovery is coming to a close. It is not premature for Intermark to provide basic information at this time. Moreover, the fact that discovery is ongoing is irrelevant. Rule 26(d) clearly states that it is improper to delay discovery responses because other discovery is being conducted. Instead, the proper course is for Intermark to respond now and supplement later as additional facts are learned. It cannot refuse to answer questions.

Second, Intermark claims that some of the interrogatories seek "legal conclusions" or information that is protected by the work-product doctrine and the attorney-client privilege. These objections are also improper. No privilege or protection is invaded by asking Intermark to explain how Microfibres allegedly controls pricing in the flocked fabric industry or to identify the product market that Microfibres has monopolized. Nor do these interrogatories call for any legal conclusions. These objections should be overruled and Intermark should be directed to provide answers immediately.

The Court should not tolerate Intermark's delay strategy. Microfibres is entitled to the facts supporting Intermark's antitrust claims (if there are any) and Intermark has no proper basis for refusing to answer Microfibres' interrogatories.

## II. FACTS

This is a patent dispute. Intermark filed a declaratory judgment action against Microfibres during the fall of 2002 that asked this Court to find Microfibres' '021 Patent invalid and unenforceable. Microfibres responded with a counterclaim for patent infringement.

Last spring the Court granted Intermark permission to amend its complaint and add several antitrust claims for monopolization and attempted monopolization. Microfibres served a second set of interrogatories on Intermark that were designed to learn the facts supporting Intermark's antitrust claims.

Interrogatory No. 1, for instance, asks Microfibres for the facts supporting Intermark's claim that Microfibres holds 30% of the worldwide market for the manufacture and sale of transfer printed flocked fabric in the upholstery industry. The other interrogatories seek similar basic information. Interrogatories 2 and 3 ask Intermark to identify the product market that

2

Microfibres has allegedly monopolized and to identify the products in that market. Interrogatory No. 8 asks for information related to Intermark's claim that Microfibres controls pricing. Interrogatories 9 and 10 ask Intermark to state whether and how Microfibres has stifled or reduced competition and to identify how the public has been denied the benefit of full competition -- which is an allegation in Intermark's amended complaint. Interrogatory No. 12 asks if and how Microfibres has interfered with Intermark's business relationships. Interrogatory No. 13 asks if Intermark has suffered an "antitrust injury" and to identify the injury. Finally, Interrogatory No. 14 asks Intermark if it believes that Microfibres has engaged in predatory conduct and to identify any instances. (A copy of Microfibres Second Set of Interrogatories is attached as Exhibit A.)

These are legitimate inquiries in an antitrust lawsuit. Unfortunately, Intermark largely refused to answer them. (A copy of Intermark's Responses to Microfibres' Second Set of Interrogatories is attached as Exhibit B.) Microfibres wrote to Intermark on March 25, 2005 and asked Intermark to supplement its responses. (A copy of that letter is attached as Exhibit C.) Intermark refused and this motion followed. (A copy of that letter is attached as Exhibit D.)

### III. ARGUMENT

#### A. Intermark's "Prematurity" Objection Should be Overruled.

Intermark has objected to Interrogatories 1, 2, 3, 8, 9, 10, 12, 13, and 14 on the ground that they are "premature because discovery has not been completed." This is an improper objection that should be overruled.

A party may not avoid answering interrogatories merely because additional facts may be developed during discovery. Rather, the proper course is to answer the interrogatories and to

3

supplement those answers if additional facts are learned. See, e.g., Cooperman v. The One Bancorp, 134 F.R.D. 4 (D. Me. 1991).

Cooperman is instructive. The plaintiffs in that case objected to answering Ernst & Young's first set of interrogatories "until after Plaintiffs have completed all of their discovery." Id. at 7. The court rejected the argument and pointed to Federal Rule 26(d): "'[M]ethods of discovery may be used in any sequence, and *the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.*'" Id. at 7 (emphasis added). The court reasoned that "Plaintiffs must have *some* factual basis for the allegations in their complaint," and directed them to answer the interrogatories. Id.; see also United States v. 216 Bottles, 36 F.R.D. 695, 701 (E.D.N.Y. 1965) (rejecting objection that the discovery is premature).

That rule applies here. The fact that Intermark is still conducting discovery does not relieve Intermark of the obligation to respond to Microfibres' interrogatories. See Fed. R. Civ. P. 26(d). Intermark must have *some* basis for its antitrust claims. See Cooperman, 134 F.R.D. 4. If it doesn't, the claims should not have been filed in the first place. See Fed. R. Civ. P. 11.

### B. Intermark's "Privilege" Objections Should Be Overruled.

Intermark has also improperly objected to Interrogatory 2, 3, 8, 9, 10, and 14 on the ground that they seek information that is protected by the attorney-client privilege and work-product doctrine. None of these interrogatories seek information that is privileged or protected. As discussed above, they seek basic factual information relating to Intermark's antitrust claims. The objections should be overruled and Intermark should be directed to answer the questions immediately.

4

### C. Intermark's "Bifurcation" Objection Should Be Overruled.

Intermark will not answer Interrogatory No. 13 because it wrongly claims the question relates to damages. It does not and the case law is clear on this point.

Interrogatory No. 13 asks "Do you contend that Intermark has suffered an antitrust injury? If so, please state all facts upon which that contention is based and in your answer identify (a) each injury, (b) the date on which each injury occurred, (c) all steps you have taken to mitigate the injury, and (d) the person most knowledgeable about each injury." Intermark responded by stating, "In addition to the General Objections, Intermark objects to this Interrogatory on the basis that the issue of damages has been bifurcated."

Intermark's objection is improper. "Antitrust injury" is a term of art that relates to standing and proximate cause, not damages. Before a plaintiff may prosecute a private antitrust claim it must demonstrate that it has suffered the type of injury that the antitrust laws were designed to prevent. See, e.g., Supermarket of Marlinton, Inc. v. Valley Rich Dairy, 1998 WL 610648, *2-3 (4th Cir. Aug. 27, 1998). In other words, the plaintiff must demonstrate that it has suffered the kind of injury that gives it standing. Amarel v. Connell, 102 F.3d 1494, 1507 (9th Cir. 1997) ("the nature of the plaintiff's alleged injury is of 'tremendous significance' in determining whether a plaintiff has antitrust standing"). As the United States Supreme Court has explained, a "showing of antitrust injury is necessary, but not always sufficient, to establish standing . . . ." Cargill, Inc. v. Monfort, Inc., 479 U.S. 104, 110 n.5 (1986); see also Wojcieszek v. New England Telephone and Telegraph Co., 977 F. Supp. 527, 534 ("Plaintiffs' failure to show an 'antitrust injury' defeats plaintiffs' claims for both actual and attempted monopolization").

5

Here, Interrogatory No. 13 is properly designed to test whether Intermark suffered the type of injury that gives it standing. This is a proper inquiry during the liability phase.

Other courts have considered this issue and rejected the "bifurcation" objection that Intermark now raises. For instance, in <u>Carroll-McCreary Co., Inc. v. New Jersey Steel Corp.</u>, 1981 WL 2030 (E.D.N.Y. Feb. 23, 1981) the plaintiff refused to provide antitrust injury information because damages and liability had been bifurcated. The Court overruled the objection, explaining that discovery was permitted to the extent necessary "to establish, or disprove, proximate cause as well as the fact of a cognizable injury under the antitrust laws." <u>Id.</u> at *1.

Microfibres is entitled to confirm that Intermark has standing by inquiring about its alleged antitrust injuries.

## IV.   CONCLUSION

For the foregoing reasons the Court should direct Intermark to immediately respond to Interrogatories 1, 2, 3, 8, 9, 10, 12, 13, and 14.

MICROFIBRES, INC.
By its Attorneys,

/s/ Brent R. Canning

Brent R. Canning, Esq. (CT 23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq. (CT 16419)
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

April /9, 2005

**CERTIFICATION**

Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

    I certify that I mailed a copy of the foregoing Memorandum in Support of Microfibres' Motion to Compel to counsel of record, as above, on April 19, 2005.

_/s/_