IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | |
| | : | |
| | : | |
| v. | : | C.A. No. 3:02-CV-1267 (AVC) |
| | : | |
| MICROFIBRES, INC. | : | |

## MICROFIBRES, INC.'S SECOND SET OF INTERROGATORIES

Defendant, Microfibres, Inc., pursuant to the provisions of Rule 33 of the Federal Rules of

Civil Procedure, propounds the following interrogatories to Plaintiff Intermark Fabric Corporation.

## DEFINITIONS

For the purpose of these interrogatories and responses thereto, the following definitions shall

apply:

1.    "Microfibres" shall refer to the defendant, Microfibres, Inc., its agents,

representatives, employees, officers, attorneys or anyone acting in a representative capacity.

2.    "Intermark" shall refer to the plaintiff, Intermark Fabric Corporation, its agents,

representatives, employees, officers, attorneys or anyone acting in a representative capacity.

3.    "021 Patent" shall refer to United States Patent 5,981,021.

4.    "Document," as that term is used herein, shall mean any paper, digital (including

computer data, documents, and e-mail), or other writing and any item of graphic material,

however recorded or reproduced, including all drafts, copies, or other preliminary material which

is different in any way from the executed or final document, regardless of whether designated

"confidential," "privileged," or otherwise restricted, wherever located, whether an original or a

copy, including but not limited to agreements, contracts, financial statements, invoices, minutes,

work sheets, work papers, summaries, and other written records or recordings of any

conferences, meetings, visits, interviews, or telephone conversations, financial and statistical

data, analyses, surveys, transcripts of testimonies, statements, interviews, affidavits, press

releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers,

records, inter-office communications, files, electronic data processing cards, tapes, print-outs,

papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs,

diaries, calendars, drawings, data-reports, printed matter, correspondence, communications

received or sent, books, brochures, advertising circulars, mailings and publications; and any copy

containing thereon or having attached thereto any alterations, notes, comments or other material

shall be deemed a separate document from the original or any other copy not containing such

material within the foregoing definition.

     5.     "Person," as that term is used herein, shall mean the plural as well as the singular

and shall include any natural person, and any firm, association, partnership, joint venture,

business trust, corporation, governmental or public entity, department, agency, office, or any

other form of legal entity.

     6.     To "identify" a document (as hereinabove defined) or any other thing means to

state its type (e.g., letter, memorandum, periodical) or otherwise describe it and, in addition,

supply the following information with respect thereto, where applicable:

     a.     The name of the person who prepared it;

     b.     The name of the person who signed it or in whose name it was issued;

     c.     The name of each person to whom it was addressed or distributed;

     d.     The nature and substance of the writing with sufficient particularity to

enable it to be identified;

     e.     Its date, and if it bears no date, its approximate date;

    f.  Its physical location, the name and address of its custodian or custodians, and when it came into your possession or control, if such is the case; and

    g.  If any such document was, but is no longer in your possession or subject to your control, "identify" includes a description of what disposition was made of it and the identity of the person who presently has custody of it.

  7.  To "identify" a verbal communication shall mean to state with respect thereto:

    a.  The identity of each person who participated in the communication and the name of each person who was present at the time it was made;

    b.  By whom each such person was employed and whom each such person represented or purported to represent in making such communication;

    c.  The date when such communication took place;

    d.  The place where such communication took place;

    e.  What each person said or if not known, the substance thereof; and

    f.  The identification of each document pertaining to such verbal communication.

  8.  To "identify" a person shall mean to state with respect thereto:

    a.  His, her or its name and last known business address, and, in addition, if a natural person, his or her last known non-business address; and

    b.  If a natural person, the name and last known business address of his or her employer at the time referred to by you in your answer and at the present time and the employment position held by such employee with each employer and the date when such employment began or ceased.

9.     To "identify" a place, geographical area or location shall mean to state the number, street, municipality, state or province and country, if without the United States, wherein such place or geographical area is located.

10.     "Communications," unless otherwise modified, shall mean both verbal communication and communication by document (as hereinabove defined).

11.     To "describe," "describe fully," "state," or "state in detail" shall mean to relate as completely as possible each and every act, omission, incident, event, condition, circumstance or thing relating directly or indirectly to the subject matter of the description, including all pertinent dates, and without limiting the foregoing, to:

   a.     Identify all documents directly or indirectly related thereto;

   b.     Identify all communications directly or indirectly related thereto;

   c.     Identify all persons directly or indirectly related thereto; and

   d.     Identify all locations applicable to any events, incidents, conditions, circumstances or things directly or indirectly related thereto.

12.     "Relating to" as that term is used herein, shall mean connected with, derived from, bearing upon or referring to in any way the person, thing, event, or subject matter described or mentioned in these interrogatories.

## PRIVILEGE

With respect to any requested information, as to which any claim of privilege is made or as to which any claim of protection from discovery is made under the Rules of Civil Procedure, identify the privilege or rule upon which you rely and set forth the facts upon which such claim is based in sufficient detail to enable Defendant to form a judgment as to the basis and validity of the claimed privilege.

4

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please state all facts upon which you base the contention that "Microfibres currently holds about 30% of the worldwide market for the manufacture and sale of transfer printed flocked fabric in the upholstery industry," as stated in Paragraph 18 of your Second Amended Complaint.

**INTERROGATORY NO. 2:** What is the market over which you claim Microfibres has gained or attempted to gain monopoly power? In your answer please identify all products that you contend are within that market and the geographical limits of that market.

**INTERROGATORY NO. 3:** Please identify each fabric, textile, or other product used in the upholstery industry that you contend is reasonably interchangeable in terms of price, quality, and/or suitability, with (a) flocked fabric, (b) transfer printed flocked fabric, and (c) transfer printed flocked fabric with a dark pigmented adhesive.

**INTERROGATORY NO. 4:** Do you contend that Microfibres has used the '021 Patent to achieve the monopoly power alleged in your Second Amended Complaint? Unless your answer is an unqualified "no," please state all facts upon which your answer is based.

**INTERROGATORY NO. 5:** Do you contend that Microfibres acquired monopoly power willfully rather than through superior products, business acumen, or historic accident? Unless your answer is an unqualified "no," please state all facts upon which your answer is based.

**INTERROGATORY NO. 6:** Please state all facts upon which you base the contention that "There is a dangerous probability that Microfibres will succeed in its efforts to monopolize the flocked fabric market in the upholstery industry," as stated in Paragraph 99 of your Second Amended Complaint.

**INTERROGATORY NO. 7:** Please state all facts upon which you base the contention that "Microfibres' pricing sets the standard in the industry," as stated in Paragraph 19 of your Second Amended Complaint.

**INTERROGATORY NO. 8:** If you contend that Microfibres can control the pricing of flocked fabric sold in the upholstery industry please identify the person most knowledgeable about the facts relating to that allegation and identify each instance in which you or any other flocked fabric manufacturer has changed the price of flocked fabric offered for sale in the upholstery industry in response to Microfibres' pricing.

**INTERROGATORY NO. 9:** Do you contend that Microfibres has stifled or reduced competition as a result of the monopolization or attempted monopolization alleged in your Second Amended Complaint? Unless your answer is an unqualified "no," please state every fact upon which your contention is based and specifically identify each instance in which competition has been stifled or reduced.

**INTERROGATORY NO. 10:** Please state all facts upon which you base the contention that "the consuming public is being denied the benefit of full and free competition in the flocked fabric market in the upholstery industry," as stated in Paragraph 101 of your Second Amended Complaint.

**INTERROGATORY NO. 11:** Please state all facts upon which you base the contention that "Microfibres has engaged in anti-competitive conduct with specific intent to monopolize the market of flocked fabric in the upholstery industry," as stated in Paragraph 98 of your Second Amended Complaint and specifically identify each instance of anti-competitive conduct.

**INTERROGATORY NO. 12:** Do you contend that Microfibres has interfered directly or indirectly with Intermark's business relationships? If so, state all facts upon which you base

6

that contention and include in your answer the name of each customer or other business that you contend Microfibres has interfered with and identify the nature of such interference, including whether it was direct or indirect.

**INTERROGATORY NO. 13:**  Do you contend that Intermark has suffered an antitrust injury?  If so, please state all facts upon which that contention is based and in your answer identify (a) each injury, (b) that date on which each injury occurred, (c) all steps you have taken to mitigate the injury, and (d) the person most knowledgeable about each injury.

**INTERROGATORY NO. 14:**  Do you contend that Microfibres has engaged in predatory conduct?  If so, please state every fact upon which you base your contention.

**INTERROGATORY NO. 15:**  For each witness you have retained to provide expert testimony at trial, please state the opinions to be expressed and the basis and reasons of those opinions; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness in the last 10 years; the compensation to be paid for the study and testimony; and a list of all other cases in which the witness has testified as an expert at trial or by deposition in the last four years.

**MICROFIBRES, INC.**

By its Attorneys,

Brent R. Canning, Esq. (CT 23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq. (CT 16419)
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

November _16_, 2004

## **CERTIFICATION**

Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

I certify that I faxed and mailed a copy of the foregoing Second Set of Interrogatories of Microfibres, Inc. to counsel, as above, this _16_ day of November, 2004.

#627676v2    16254 / 115115

1-17-05 JAN 2 0 2005

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| INTERMARK FABRIC CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:02-CV-1267 (AVC) |
| | ) | |
| v. | ) | |
| | ) | |
| MICROFIBRES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ANSWERS TO MICROFIBRES, INC.'S
## SECOND SET OF INTERROGATORIES

Plaintiff, Intermark Fabric Corporation ("Intermark") pursuant to Rule 33 of the Federal

Rules of Civil Procedure hereby submits its answers to Defendant, Microfibres, Inc.'s

("Microfibres") Second Set of Interrogatories.

## GENERAL OBJECTIONS

1.    Intermark objects to the Definitions portion of Microfibres' Interrogatories to the

extent it imposes a duty or seeks information beyond that which is provided for by the Federal

Rules of Civil Procedure and the Local Rules for the United States District Court for the District

of Connecticut.

2.    The responses provided herein are based upon the best relevant information

presently available to Intermark and are made without prejudice to the right of Intermark to make

additional or modified responses should better or further information or documentation

subsequently become available to it.  These responses also are made without prejudice to any

right of Intermark to offer evidence on its behalf or to object to the relevance, competence, or

admissibility on any ground of any evidence or witness offered by Microfibres; and these responses do not constitute an admission of competence or admissibility of evidence or a waiver of objection on any ground. Intermark's discovery is continuing and Intermark reserves the right to supplement these Responses.

      3.    Intermark objects to each of Interrogatories 1-15 to the extent that any seek information or documents that are subject to the attorney-client privilege, constitute attorney work product, or are otherwise immune from discovery under the Federal Rules of Civil Procedure.

      4.    Intermark objects to each of Interrogatories 1-15 to the extent that Microfibres seeks documents or information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less expensive, or less burdensome, or where the burden or expense to Intermark of the proposed discovery outweighs its likely benefit to Microfibres, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, the importance of the proposed discovery in resolving the issues, and the availability of the information to Microfibres from other sources.

      5.    Intermark objects to each of Interrogatories 1 - 15 to the extent that any of them seeks the production of any information that is irrelevant and not likely to lead to the discovery of admissible evidence.

6.    Intermark specifically incorporates each of these General Objections and

Objections to Definitions into each of its specific responses to Interrogatories 1 - 15, whether or

not express reference is made therein

**INTERROGATORY NO. 1:**   Please state all facts upon which you base the contention that

"Microfibres currently holds about 30% of the worldwide market for the manufacture and sale of

transfer printed flocked fabric in the upholstery industry," as stated in Paragraph 18 of your

Second Amended Complaint.

**ANSWER NO.1:  OBJECTION.**  In addition to the General Objections, Intermark objects to

this contention interrogatory as it is premature because discovery has not been completed and

Microfibres has not fully responded to Intermark's discovery on this related issue.  Without

waiver of the above objections and the General Objections, Intermark responds as follows.

Microfibres' primary business is the manufacture and sale of flocked fabric into the upholstery

industry, and about 90% of Microfibres' business is selling flocked fabric for use in upholstered

furniture.  Not only is Microfibres active worldwide in the manufacturing and sale of flocked

fabric for use with upholstered furniture with manufacturing facilities in the United States and in

Europe, but it is also the single largest flocked fabric producer in the world. During his

deposition, James McCulloch, president and CEO of Microfibres, testified that Microfibres has

roughly 30% of the worldwide market for the manufacture and sale of transfer printed flocked

fabric in the upholstery industry.   Intermark reserves the right to supplement this answer as

discovery is ongoing.

**INTERROGATORY NO. 2:**  What is the market over which you claim Microfibres has gained

or attempted to gain monopoly power?  In your answer please identify all products that you

3

contend are within that market and the geographical limits of that market.

**ANSWER NO 2: OBJECTION**. In addition to the General Objections, Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and Microfibres has not fully responded to Intermark's discovery on this related issue. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product. Intermark will seasonally supplement this answer as discovery is ongoing.

**INTERROGATORY NO. 3:** Please identify each fabric, textile, or other product used in the upholstery industry that you contend is reasonably interchangeable in terms of price, quality, and/or suitability, with (a) flocked fabric, (b) transfer printed flocked fabric, and (c) transfer printed flocked fabric with a dark pigmented adhesive.

**ANSWER NO. 3: OBJECTION**. In addition to the General Objections, Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product and because Microfibres has not fully responded to Intermark's discovery on this related issue. As this interrogatory seeks information that is directly related to Interrogatory No. 2 regarding the market over which Microfibres has gained or attempted to gain monopoly power, Intermark will supplement this answer in conjunction with its answer to Interrogatory No. 2.

**INTERROGATORY NO. 4:** Do you contend that Microfibres has used the '021 Patent to

4

achieve the monopoly power alleged in your Second Amended Complaint? Unless your answer is an unqualified "no," please state all facts upon which your answer is based.

**ANSWER NO. 4:** **OBJECTION.** In addition to the General Objections, Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product and because Microfibres has not fully responded to Intermark's discovery on this related issue. Subject to and without waiver of the above objections and the General Objections, see (1) Intermark's answer to Interrogatory No. 1 above; (2) Intermark's answer to Interrogatory No. 4 responsive to Microfibres' First Set of Interrogatories; (3) Intermark's Memorandum of Law in Support of Its Motion to Amend the First Amended Complaint; (4) Intermark's Memorandum of Law in Support of Its Motion for Summary Judgment based on the failure to disclose the best mode of the invention; and (5) Intermark's Memorandum of Law in Support of Its Motion for Summary Judgment under 35 U.S.C §§102 and 103. Additionally, following the issuance of the '021 patent in 1999, knowing that the '021 patent is invalid, Microfibres sent out letters to companies within the flock market, placing them on notice of the existence of the '021 patent and informing each recipient that the invention covered under the '021 patent is protected intellectual property owned by Microfibres and that any inventions claimed in the '021 patent cannot be used or reproduced without Microfibres' authorization. Microfibres then sent the cease and desist letter to Intermark on July 24, 2002 claiming that Intermark willfully infringes the '021 patent. Microfibres also sent a cease and desist letter to Spandauer Velours claiming that Spandauer infringes the European counterpart to the '021 patent. Microfibres has also filed counterclaims against Intermark in this action claiming that Intermark infringes the '021 patent,

which Microfibres knows to be invalid.  Microfibres also filed a motion, which was granted, to join

the transfer printers that are Intermark's customers into this action alleging that those parties also

infringe the '021 patent.  Intermark reserves the right to supplement this answer as discovery is

ongoing.

**INTERROGATORY NO. 5:**  Do you contend that Microfibres acquired monopoly power

willfully rather than through superior products, business acumen, or historic accident?  Unless

your answer is an unqualified "no," please state all facts upon which your answer is based.

**ANSWER NO. 5:  OBJECTION.**  In addition to the General Objections, Intermark objects to

this contention interrogatory as it is premature because discovery has not been completed and

because Microfibres has not fully responded to Intermark's discovery on this related issue.

Intermark further objects this interrogatory to the extent that it calls for a legal conclusion and to

the extent it seeks information protected by the attorney/client privilege and/or which constitutes

attorney work product.   Subject to and without waiver of the above objections and the General

Objections, see Intermark's answer to Interrogatory No. 4 above.

**INTERROGATORY NO. 6:**  Please state all facts upon which you base the contention that

"There is a dangerous probability that Microfibres will succeed in its efforts to monopolize the

flocked fabric market in the upholstery industry," as stated in Paragraph 99 of your Second

Amended Complaint.

**ANSWER NO. 6:  OBJECTION.**  In addition to the General Objections, Intermark objects to

this contention interrogatory as it is premature because discovery has not been completed and

because Microfibres has not fully responded to Intermark's discovery on this related issue.

Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion and

to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product. Subject to and without waiver of the above objections and the General Objections, see Intermark's answer to Interrogatory No. 1 and No. 4 above.

**INTERROGATORY NO. 7:** Please state all facts upon which you base the contention that "Microfibres' pricing sets the standard in the industry," as stated in Paragraph 19 of your Second Amended Complaint.

**ANSWER NO. 7: OBJECTION.** In addition to the General Objections, Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product. Subject to and without waiver of the above objections and the General Objections, see Intermark's answer to Interrogatory No. 1 above. Additionally, Intermark believes that Microfibres is the only flocked fabric manufacturer in the United States that manufactures and sells flocked fabric directly to end-users, such as furniture manufacturers. Therefore, due to Microfibres' size and direct sales to end-users, Microfibres' pricing sets the standard in the industry. Intermark reserves the right to supplement this answer as discovery is ongoing.

**INTERROGATORY NO. 8:** If you contend that Microfibres can control the pricing of flocked fabric sold in the upholstery industry please identify the person most knowledgeable about the facts relating to that allegation and identify each instance in which you or any other flocked fabric manufacturer has changed the price of flocked fabric offered for sale in the upholstery industry in response to Microfibres' pricing.

**ANSWER NO. 8: OBJECTION.** In addition to the General Objections, Intermark objects to

this contention interrogatory as it is overburden some and premature because discovery has not been completed and to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product. Subject to and without waiver of the above objections and the General Objections, Intermark answers as follows. Wayne Turcotte is the person most knowledgeable. Intermark has attempted to lower its prices of flocked fabric for sale to Culp Inc. and Huntington Fabrics in response to Microfibres pricing. Intermark reserves the right to supplement this answer as discovery is ongoing.

**INTERROGATORY NO. 9:** Do you contend that Microfibres has stifled or reduced competition as a result of the monopolization or attempted monopolization alleged in your Second Amended Complaint? Unless your answer is an unqualified "no," please state every fact upon which your contention is based and specifically identify each instance in which competition has been stifled or reduced.

**ANSWER NO. 9: OBJECTION.** In addition to the General Objections, Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and because Microfibres has not fully responded to Intermark's discovery on this related issue. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product. Without waiving said objections, see Intermark's answers to Interrogatory Numbers 1 and 4 above. Intermark will seasonally supplement this answer as discovery is ongoing.

**INTERROGATORY NO. 10:** Please state all facts upon which you base the contention that

8

"the consuming public is being denied the benefit of full and free competition in the flocked fabric market in the upholstery industry," as stated in Paragraph 101 of your Second Amended Complaint.

**ANSWER NO. 10: OBJECTION.** In addition to the General Objections, Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product and because Microfibres has not fully responded to Intermark's discovery on this related issue. Without waiving said objections, see Intermark's answers to Interrogatory Numbers 1, 4 and 12. Intermark will seasonally supplement this answer as discovery is ongoing.

**INTERROGATORY NO. 11:** Please state all facts upon which you base the contention that "Microfibres has engaged in anti-competitive conduct with specific intent to monopolize the market of flocked fabric in the upholstery industry," as stated in Paragraph 98 of your Second Amended Complaint and specifically identify each instance of anti-competitive conduct.

**ANSWER NO. 11: OBJECTION.** In addition to the General Objections, Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product and because Microfibres has not fully responded to Intermark's discovery on this related issue. Without waiving said objections, see Intermark's answers to Interrogatory Numbers 1, 4 and 12. Intermark will seasonally supplement this answer, as discovery is ongoing.

**INTERROGATORY NO. 12:** Do you contend that Microfibres has interfered directly or

9

indirectly with Intermark's business relationships?  If so, state all facts upon which you base that

contention and include in your answer the name of each customer or other business that you

contend Microfibres has interfered with and identify the nature of such interference, including

whether it was direct or indirect.

**ANSWER NO. 12:  OBJECTION.**  In addition to the General Objections, Intermark objects to

this contention interrogatory as it is premature because discovery has not been completed and to

the extent that it calls for a legal conclusion and because Microfibres has not fully responded to

Intermark's discovery on this related issue.  Without waiving said objections, see Intermark

answers top Interrogatory number 4 above.  Furthermore, Microfibres has made disparaging

remarks about Intermark in the flocking industry.  For example, Microfibres has made

disparaging remarks about the ownership of Intermark and the quality of its goods and machinery

as well as spreading rumors to an industry trade association that Intermark was selling its

equipment to a Chinese company through a bankruptcy court.  See IFC-03043 and IFC 36996 -

36997.

**INTERROGATORY NO. 13:**  Do you contend that Intermark has suffered an antitrust injury?

If so, please state all facts upon which that contention is based and in your answer identify (a)

each injury, (b) the date on which each injury occurred, (c) all steps you have taken to mitigate

the injury, and (d) the person most knowledgeable about each injury.

**ANSWER NO. 13:  OBJECTION:**  In addition to the General Objections, Intermark objects to

this Interrogatory on the basis that the issue of damages has been bifurcated.

**INTERROGATORY NO. 14:**  Do you contend that Microfibres has engaged in predatory

conduct?  If so, please state every fact upon which you base your contention.

10

**ANSWER NO. 14:** **OBJECTION.** In addition to the General Objections, Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and to the extent that it calls for a legal conclusion and to the extent it seeks information protected by the attorney/client privilege and/or which constitutes attorney work product and because Microfibres has not fully responded to Intermark's discovery on this related issue. Without waiving said objections, see Intermark's answers to Interrogatory Numbers 1, 4 and 12. Intermark will seasonally supplement this answer as discovery is ongoing.

**INTERROGATORY NO. 15:** For each witness you have retained to provide expert testimony at trial, please state the opinions to be expressed and the basis and reasons of those opinions; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness in the last 10 years; the compensation to be paid for the study and testimony; and a list of all other cases in which the witness has testified as an expert at trial or by deposition in the last four years.

**ANSWER NO. 15:** Intermark will make its expert disclosures as set forth under the current Scheduling Order.

Signed under the pains and penalties of perjury on this 17th day of January, 2005.

INTERMARK FABRIC CORPORATION

William Lucchesi
President

11

AS TO OBJECTIONS:

Charles F. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, CT 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answers to Defendant's Second Set of Interrogatories was sent via facsimile and mailed via first class mail on this 17th day of January, 2005 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.