UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| INTERMARK FABRIC CORPORATION, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICROFIBRES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 3:02-CV-1267 (AVC) |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S
<u>MOTION TO COMPEL INTERROGATORY RESPONSES</u>**

**ORAL ARGUMENT REQUESTED**

## I. STATEMENT OF FACTS

Plaintiff, Intermark Fabric Corporation ("Intermark") commenced this declaratory judgment action under the patent laws of the United States seeking a declaration that it does not infringe United States Patent No. 5,981,021 entitled Transfer Printing Flocked Fabric (the "'021 patent") assigned to Defendant, Microfibres, Inc. ("Microfibres"). The '021 patent is directed to transfer printed flocked fabrics with dark pigmented adhesives. Microfibres has counterclaimed against Intermark claiming that Intermark directly and indirectly infringes the '021 patent.

Pursuant to a motion to amend the complaint brought by Intermark, the Court allowed Intermark to amend the complaint in this action to include, *inter alia*, claims that Microfibres has violated anti-trust laws. Intermark thereafter propounded a Fifth Set of Requests for Production of Documents ("Requests") and a Third Set of Interrogatories (Interrogatories"), both of which are related to the anti-trust claims.

The document requests and interrogatories propounded by Intermark cover issues related to the antitrust claims. As a result of Microfibers' refusal to provide complete responses to the aforementioned discovery requests, on November 8, 2004, Intermark filed a motion to compel adequate responses. That motion is currently pending.

Microfibres now demands that Intermark respond to interrogatories concerning certain aspects of the antitrust case while at the same time refusing to provide Intermark (through its discovery requests) with the necessary information and documentation concerning the antitrust case.

## II. ARGUMENT

As set forth above, Microfibres has failed to fully and properly respond to Intermark's discovery requests concerning the same topic to which Microfibres' discovery is directed, that is, Intermark's antitrust claims. Without Microfibres' fully responding to Intermark's discovery requests, Intermark is unable to fully respond to Microfibres' discovery requests concerning the same subject matter. Intermark has made it clear to Microfibres that it will supplement its answers to interrogatories upon Microfibres' proper response to Intermark's discovery requests on these related topics.

With respect to interrogatory number 13, which is related to antitrust injury, the Court has issued an order bifurcating the issue of damages and therefore discovery on this matter is premature.

## III. CONCLUSION

Based on the above, Microfibres' Motion to Compel Interrogatory Responses should be DENIED.

Respectfully submitted:

INTERMARK FABRIC CORPORATION

By:_____
    Charles F. O'Brien (ct 22074)
    William J. Cass (ct 12806)
    CANTOR COLBURN LLP
    55 Griffin Road South
    Bloomfield, CT 06002
    Telephone: (860) 286-2929
    Facsimile: (860) 286-0115

Plaintiff's Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Compel Interrogatory Responses was served via regular mail on this 17th day of May, 2005 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.