UNITED STATES DISTRICT COURT
District of Connecticut

INTERMARK FABRIC CORPORATION  :
:
v.  : Case Number: 3:02 CV 1267 (AVC)
:
MICROFIBRES, INC.  :

### MEMORANDUM OF LAW IN SUPPORT OF MICROFIBRES, INC.'S OBJECTION TO INTERMARK FABRIC CORPORATION'S MOTION TO DISMISS COUNTS FIVE THROUGH EIGHT AND WITHDRAW CERTAIN ORDERS

**I.  INTRODUCTION**

Two years ago Intermark Fabric Corporation asked this Court for permission to amend its Complaint and add antitrust claims against Microfibres, Inc. It told the Court that Microfibres had perpetrated an "incredible fraud" on the United States Patent Office and that, as a result, Microfibres had unlawfully secured a monopoly over the flocked fabric market in the upholstery industry.

The claims were baseless and Microfibres advised Intermark that it was wasting everyone's time and money. Unbowed, Intermark filed the claims anway. It had no evidence that Microfibres had achieved monopoly power and no evidence that Microfibres could control pricing -- prerequisites to an antitrust claim. The claims were based on nothing more than the wild allegations of Intermark's principals.

Now, after Microfibres has spent tens of thousands of dollars trying to defend those claims -- working with expert witnesses, conducting extensive legal research, engaging in discovery efforts -- Intermark wants to withdraw them. It was unable to substantiate the tall tale it told the Court and says the claims are too complex and costly to pursue.

Intermark should have considered those issues before it filed the claims. It was improper for Intermark to file antitrust claims without the evidence to back them up and without thoroughly analyzing how expensive and time-consuming they would be to prosecute. If the Court permits Intermark to withdraw Counts Five through Eight it should do so with the condition that Intermark pay the attorneys' fees and costs Microfibres incurred defending them.[1]

## II. FACTS

This is a patent dispute. In 2002 Intermark sued Microfibres, claiming that Microfibres''021 Patent is invalid. Microfibres answered and filed a counterclaim for patent infringement.

A year later Intermark moved (out of time) to amend its complaint and add three antitrust claims. Intermark alleged that Microfibres was using its '021 Patent to secure a monopoly over flocked fabric sold in the upholstery industry. The antitrust claims were based almost exclusively on the speculation of Wayne Turcotte, one of Intermark's principals. (See *Intermark's Memorandum of Law In Support of its Motion to Amend the First Amended Complaint* at 4-5, ¶¶ 8, 9.).

The Court granted Intermark's motion and Microfibres prepared to defend the claims. It retained expert witnesses, conducted research, and propounded and responded to discovery. Microfibres issued two expert witness reports last month.

Conversely, Intermark appears to have devoted little, if any, time or expense to these claims. It never produced any expert witness reports. It is not even clear that Intermark bothered to hire any experts. It appears instead that Intermark fired off some

---

[1] To the extent the Court agrees Microfibres will submit appropriate affidavits and billing records so the Court can fashion an appropriate award.

antitrust claims, allowed them to languish, and then asked to withdraw them after it decided it had not case.

### III. ARGUMENT

Intermark's motion to withdraw Counts Five through Eight should, at a minimum, be conditioned upon Intermark's payment of the attorneys' fees and other expenses that Microfibres incurred defending those claims.

When a party seeks to withdraw *some* claims, as opposed to the *entire* action, the request must be analyzed under Rule 15. See 3 James Wm. Moore Moore's Federal Practice, § 15.12[4] (2005) ("When a party seeks to voluntarily dismiss some, rather than all, of the claims in a multi-count complaint, Rule 41(a) does not apply. Rather, a court should consider the motion to be a request for leave to amend under Rule 15."). In addition, since Intermark's motion to amend comes long after the deadline set by the Court's pretrial order, Intermark is required to show "good cause." See Parker v. Columbia Pictures, Indus., 204 F.3d 326, 339-41 (2nd Cir. 2000).

Rule 15 gives this Court the authority to impose conditions when granting leave to amend. See Hayden v. Feldman, 159 F.R.D. 452 (S.D.N.Y 1995); Polycast Tech Corp. v. Uniroyal, Inc., 728 F. Supp. 926, 939 (S.D.N.Y. 1989); 3 James Wm. Moore Moore's Federal Practice § 15.17[2] ("A court may conditionally grant an amendment when prejudice might otherwise result from granting leave."). Conditions are appropriate here.

Costs and fees are probably the most common condition that courts impose. See, e.g., Hayden 159 F.R.D. at 455 ("[C]onditions requiring the payment of costs for work done unnecessarily in response to a prior pleading have been upheld even where the

amended pleading is based on newly discovered evidence."); Polycast, 728 F. Supp. at 939 ("The most common condition imposed on an amending party is costs.").

Several factors militate in favor of a fee condition. See Maritime Admin. v. Continental Ill. Nat'l Bank and Trust Co. of Chicago, 889 F.2d 1248, 1254 (2nd Cir. 1989) (identifying factors to be considered under Rule 15, including delay, bad faith or dilatory motive, and prejudice). First, Intermark's motion is once again out of time and well past the deadline set forth in the Court's pretrial order. Intermark should never have filed these antitrust claims in the first place and took too long to consider their cost and complexity. That analysis should have been performed before they were filed.

Second, since it appears that Intermark never hired any expert witnesses (it never produced any expert reports last month as required by the Court's Scheduling Order), the antitrust claims appear to have been prosecuted merely to delay or harass Microfibres.

Finally, Microfibres has been prejudiced. Microfibres took Intermark's antitrust claims seriously. It hired and worked with experts, its attorneys spent substantial time analyzing the facts, conducting legal research, and propounding and responding to discovery. Microfibres was also forced to seek Court assistance to force Intermark to provide basic information about its antitrust claims -- which Intermark now says it should not have to provide.

For all of these reasons the Court should enter a conditional order granting Intermark's motion. The order should be conditioned on the payment of the fees and costs that Microfibres has incurred defending the antitrust claims.

## IV.   CONCLUSION

For the foregoing reasons the Court should deny Intermark's Motion.

MICROFIBRES, INC.
By its Attorneys,

/s/

Brent R. Canning, Esq. (CT 23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI  02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq. (CT 16419)
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

## CERTIFICATION

Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

  I certify that I mailed a copy of the foregoing Memorandum in Support of Microfibres' Objection to Intermark's Motion to Withdraw to counsel, as above, on September __2__, 2005.

/s/