# TAB 7

Case 3:02-cv-01267-AVC   Document 180-9   Filed 07/31/2006   Page 2 of 16



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/922,918 | 07/31/92 | MC CULLOCH | J 26-3 |

EXAMINER
EINSMANN, M

| ART UNIT | PAPER NUMBER |
|---|---|
| 11M1/1103 | 7 |

RHODES, COATS & BENNETT
P.O. BOX 2974
GREENSBORO, NC 27402

DATE MAILED: 11/03/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

- ☐ This application has been examined    ☒ Responsive to communication filed on *Aug 17, 1993*    ☐ This action is made final.

A shortened statutory period for response to this action is set to expire **3** month(s), _____ days from the date of this letter. Failure to respond within the period for response will cause the application to become abandoned.    35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☒ Claims **1-25** are pending in the application.
    Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims **1-25** are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

EXAMINER'S ACTION    IFC-02288

PTOL-326 (Rev. 9-89)

Serial No. 922,918 -2-
Art Unit 1105

Claims 1-25 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The above rejection is repeated since applicant's response is not persuasive.

In claim 1, the term _dark_ is seen to be indefinite since it is a relative term. See patent 3,999,940 col. 3 lines 61-66 where "darker color" is described. Yet the claims in this patent do not contain the offending term since it is indefinite. Applicant has not even defined _dark_ in the specification, though even that would not cure the claim.

In claim 2 "deep dark" is indefinite, also in claim 19.

In claim 10 the terms "textured array" and "arrayed" are indefinite. "some fibers" is a non-scientific term denoting neither proportion or percentage of fibers. "Neighboring fibers" gives no notion of whether groups or patterns of fibers are bumped together. The reader is allowed to form his own picture, rendering the description vague and indefinite.

The terms in claim 11 objected to are still indefinite as they are purely subjective. Conventional transfer printed blacked fabric is certainly not uniform in hand or texture, pile

Serial No. 922,918 -3-
Art Unit 1105

height or whether the pile is "erect". For example it can refer to suede, high pile, cut pile, low pile.

Claim 13 and following do not recite material process steps. As can be seen from the art applicant has made of record, there are many ways that fibers can be <u>adhered</u> to the substrate. See patent 4,314,813 for example.

In claims 21 and 23, the art of record described transfer printing at several different pressures, including the reduced pressure of 4,314,813 (col. 8 lines 28-33). Less than <u>what</u> pressure?

In claim 22, <u>pounds</u> is not a unit of pressure.

The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Serial No. 922,913 -4-

Art Unit  1105


Evaluations of the level of ordinary skill in the art requires consideration of such factors as various prior art approaches, types of problems encountered in the art, rapidity with which innovations are made, sophistication of technology involved, educational background of those actively working in the field, commercial success, and failure of others.

The "person having ordinary skill" in this art has the capability of understanding the scientific and engineering principles applicable to the claimed invention. The evidence of record including the references and/or the admissions are considered to reasonably reflect this level of skill.

Claims 1-25 are rejected under 35 U.S.C. § 103 as being unpatentable over Rejto or Masaki in view of Smith et al.

Applicant's invention is to a screen printed flocked textile and method of producing it wherein the improvement resides in the use of a pigmented adhesive to adhere the flock to the substrate.

Both Masaki and Rejto teach transfer printed flocked fabric and the method of producing such. Neither teach utilizing a pigmented adhesive. See abstracts of both patents.

Smith et al. teaches flocking a textile substrate by adhering the flock to the substrate with a blue pigmented "cement" which is the adhesive used to adhere the flock to the substrate. See page 3 column 2 lines 1-24. Smith et al. do not use thermoplastic fibers or screen print this example. Yet printing is taught on page 2 col. 2 lines 26-29 as a process of ornamentation and wool, a polyamide is taught as an alternate flock (page 1 col. 1 line 33).

Serial No. 922,918                                                  -5-
Art Unit  1105

It would have been obvious to one skilled in the art to have pigmented the adhesive used in the process and product of Rejto or Masaki because Smith et al. teach pigmenting a cement to be used in a flocked product as conventional practice, that is, it forms no part in the novelty of their inventive concept.

The amendment filed August 17, 1993 is objected to under 35 U.S.C. § 132 because it introduces new matter into the specification. 35 U.S.C. § 132 states that no amendment shall introduce new matter into the disclosure of the invention. The added material which is not supported by the original disclosure is as follows: Figure 3 and the description of the figure on pages 3 and 4 of the specification.

Applicant is required to cancel the new matter in the response to this Office action.

The following is a quotation of the first paragraph of 35 U.S.C. § 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112, first paragraph, as the specification, as originally filed, does

IFC-02292

Serial No. 922,918                      -6-

Art Unit 1105

not provide support for the invention as is now claimed. There is no basis in the specification for "air texturizing".

Claim 20 is rejected under 35 U.S.C. § 112, first paragraph, for the reasons set forth in the objection to the specification.

If applicant wishes the new matter to become part of the specification, a continuing-in-part application must be filed.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Margaret Einsmann whose telephone number is (703) 308-3826.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0661.

M.Einsmann:mm
November 01, 1993

                                                                             PAUL LIEBERMAN
                                          SUPERVISORY PRIMARY EXAMINER
                                                    ART UNIT 115

# TAB 9



| UNITED STATES DEPARTMENT OF COMMERCE |
|---|
| Patent and Trademark Office |
| Address: COMMISSIONER OF PATENTS AND TRADEMARKS Washington, D.C. 20231 |

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 9/2915 | 7-31-92 | James R. McCulloch | 2636-3 |

| EXAMINER |
|---|
| Ensmann |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1105 | 9 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) _Bill Mason_  (3) _____

(2) _M. Ensmann_  (4) _____

Date of interview _Dec 1, 1993  1 PM_

Type: ☐ Telephonic  ☒ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☐ No. If yes, brief description: _____

Agreement ☐ was reached with respect to some or all of the claims in question. ☐ was not reached.

Claims discussed: _all_

Identification of prior art discussed: _Katz, Smith_

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Discussion of 112 problems especially the term "dark" and suggestions for further defining "dark" within the specification as now disclosed_

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1–7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

_Margaret Ensmann_
Examiner's Signature

PTOL-413 (REV. 1-84)

**ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER**

IFC-02301

# TAB 10



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

James R. McCulloch
Serial No. 07/922,918                    Examiner   M. Einsman
Filed: July 31, 1992                     Art Unit 1105
For: TRANSFER PRINTING FLOCKED FABRIC

Honorable Commissioner of Patents and Trademarks

Washington, DC 20231

<u>AMENDMENT IN RESPONSE TO PAPER NO. 7</u>

Sir:

    Responsive to the Office Action mailed November 3, 1993, please amend this application as follows:

<u>In the Claims:</u>

    Cancel claims 11, 14, 21-25.

    Please amend claim 13 as follows:

    13. (Amended) A method of producing a transfer printed, flocked fabric comprising the steps of:

adhering undyed thermoplastic fibers to a substrate with a <u>dark</u> pigmented adhesive so that the fibers have a lower portion adhered to the substrate and an upper portion forming a nap and thereby forming a flocked fabric,

and

transfer printing the flocked fabric.

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
800 FIRST UNION TOWER
REENSBORO, N. C. 27402
TELEPHONE 919/273-4422

### Remarks

The courtesy of the Examiner in granting an interview with applicant's attorney on December 1, 1993, is appreciated.

Claims 1-25 stand rejected under 35 USC §112. This rejection is respectfully traversed for the reasons set forth herein, and reconsideration is requested.

Claim 1 is said to be indefinite due to the use of the term "dark." Similarly, claims 2 and 19 are objected to because of the term "deep dark." The terms "dark" and "deep dark", while not capable of exact measurement, and believed to meet the requirements of 35 USC 112 as used in the present claims. Differences in color, being visual in nature, are difficult to describe with exactitude in words. However, one describing a color, particularly in the textile art, commonly defines the color as being dark or light, and the intent of these terms is readily understood. Occasions frequently arise in claim drafting where the inventor is faced with the limitations of language, but it has long been recognized that the inventor should not be restricted by these limitations. Also, applicant's specification contains several examples which will provide guidance in the definition of the terms.

Several objections are made to claim 10. The terms "textured array" and "arrayed" are said to be indefinite; "some fibers" is said to be a non-scientific term which denotes neither proportion or percentage; and "neighboring fibers" is said to give no notion of whether groups or

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
100 FIRST UNION TOWER
GREENSBORO, N. C. 27402
TELEPHONE 919/273-4422

9\10

2

patterns of fibers are lumped together. These objections are believed to be in error.

Since Applicant's invention does not reside in a specific array, i.e., orderly arrangement, of fibers, it is believed that use of the general terms "textured array" and "arrayed" are proper. Similarly, the invention does not depend on the number of fibers or their exact arrangement. Dependent claim 10, supported by page 4, lines 16-20, requires only an arrangement of fibers in which some of the fibers diverge from other fibers so that the pigmented adhesive is visible.

Claim 11 has been canceled.

Claim 13 has been amended to clarify that the claim is directed to the overall process of preparing the transfer printed flocked fabric. The term "adhering" is believed to be sufficient without further definition. Claim 13 requires adhering the fibers with a dark pigmented adhesive so that the fibers are in the configuration claimed. No further limitation is believed to be necessary.

Claims 21-25 have been canceled.

Claims 1-25 stand rejected under 35 USC §103 as unpatentable over Rejto or Masaki in view of Smith et al. It is the Examiner's position that Rejto and Masaki teach transfer printing; that Smith et al teaches flocking a textile substrate with a blue pigmented adhesive; and that it would be obvious to pigment the adhesive of Rejko or Masaki in view of the teachings of Smith et al. During the interview, the

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
100 FIRST UNION TOWER
REENSBORO, N. C. 27402
ELEPHONE 919/273-4422

3

Examiner also noted that Katz et al, listed in Applicant's Supplemental Information Disclosure Statement, teaches using colored adhesives to prepare flocked fabrics at column 6, lines 63-65.

Transfer printing is well known in the prior art. It is also known to color adhesives used in producing flocked fabrics as noted in the one relevant sentence of Katz et al. Applicant also notes at page 1, lines 20-26, of the specification, that pigmented adhesive is used to bind flock on fabric which is subsequently printed using wet processing techniques, and that tinted adhesives have been used with pre-dyed flock. Smith et al does not teach the use of colored adhesives. The amount of blue pigment present in the Smith et al cement is only one part in 80,000, which would clearly be insufficient to impart any significant color to the cement.

Applicant takes issue, however, with the Examiner's combination of these prior art teachings in rejecting the claims. Applicant's invention resides in the discovery that prints on flocked fabrics with deep, dark shades can be achieved with transfer printing and the use of colored adhesives. Katz et al only mentions that colored adhesives " --- can be used to create further effects thereby varying the ornamental appearance of the product. ---" The Katz et al patent, and the prior art generally, fails to recognize or suggest that the transfer printing of disperse dyes onto flocked fabrics in which the fibers were adhered with a dark

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
600 FIRST UNION TOWER
REENSBORO, N. C. 27402
ELEPHONE 919/273-4422

4

pigmented adhesive would produce a product with deep, dark shades and less grin-through and crocking.

Reconsideration of the objection to the amendments to the specification made in the previous amendment as allegedly constituting new matter under 35 USC §132, is respectfully requested. Under 37 CFR 1.118, "All amendments to the specification, including the claims, and the drawings filed after the filing date of the application must conform to at least one of them as it was at the time of filing of the application. The subject matter of Figure 3 is fully disclosed at page 4, lines 13-20, of the specification as originally filed. The only changes to the specification are to refer to the presence of the drawing and add reference numbers. While these changes add some new language, they are clearly only for the purpose of clarification and not the addition of any new matter.

Similarly, reconsideration of the objection to the specification and to claim 20 under 35 USC §112 is also requested. The above-noted areas of the specification also provide basis for the term "air texturizing."'

In view of the above amendments and for the reasons stated, it is believed that this application is now in condition for allowance. Such action is respectfully solicited. Should the Examiner have any further matters which require clarification, she is encouraged to telephone the

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
1600 FIRST UNION TOWER
GREENSBORO, N. C. 27402
TELEPHONE 919/273-4422

5

IFC-02307

undersigned for expeditious handling.

Respectfully submitted,

*Howard A. MacCord*

Howard A. MacCord, Jr.
Registration No. 28,639

Date: 1/21/94
File No. 2626-3

I Hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on 1-21-93
(Date of Deposit)

Howard A. MacCord, Jr.
Name of applicant assignee or registered representative

*signature*
SIGNATURE

1/21/94
Date of Signature

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
500 FIRST UNION TOWER
GREENSBORO, N. C. 27402
TELEPHONE 919/273-4422

6