# TAB 13

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office

Address : COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/922,918 | 07/31/92 | MC CULLOCH        J | 2626-1 |

```
                                    11M1/0900
RHODES, COATS & BENNETT
P.O. BOX 2974
GREENSBORO, NC 27402
```

| EINSMANN .EXAMINER |  |
|---|---|
| ART UNIT | PAPER NUMBER |
| 1105 | 13 |

DATE MAILED:
09/30/94

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☐ Applicant's failure to respond to the Office letter, mailed _____ .

2. ☒ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____ .

   ☐ The issue fee has not been received in Allowed Files Branch as of _____ .

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.

   ☐ The corrected and/or substitute drawings were received on _____ .

6. ☐ The reason(s) below.

SUPE...           ...MAN
                  ...Y EXAMINER
...      ...115

PTO-1432 (REV. 5-83)

IFC-02318

**PATENT APPLICATION FEE DETERMINATION RECORD**
Effective December 16, 1991

Application or Docket Number
*922918*

### CLAIMS AS FILED - PART I

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | $ 345.00 | OR | | $ 690.00 |
| TOTAL CLAIMS | 25 minus 20 = | 5 | x $10= | 50 | OR | x $20 = | 106 |
| INDEPENDENT CLAIMS | 4 minus 3 = | 1 | x 36 = | 36 | OR | x 72 = | 72 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | + 110 = | | OR | + 220 = | |
| | | | TOTAL | 431 | OR | TOTAL | 862 |

* If the difference in column 1 is less then zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x $10= | | OR | x $20 = | |
| Independent | * | Minus | *** | = | x 36 = | | OR | x 72 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 110 = | | OR | + 220 = | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x $10 = | | OR | x $20 = | |
| Independent | * | Minus | *** | = | x 36 = | | OR | x 72 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 110 = | | OR | + 220 = | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE | ADDI-TIONAL FEE | OR | RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|---|
| Total | * | Minus | ** | = | x $10 = | | OR | x $20 = | |
| Independent | * | Minus | *** | = | x 36 = | | OR | x 72 = | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | | + 110 = | | OR | + 220 = | |
| | | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Form PTO-875
(Rev. 12-91)

*U.S. Government Printing Office: 1992 — 308-890

Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

IFC-02319



PTO 1130
(REV 1/89)

# U.S. DEPARTMENT OF COMMERCE – PATENT & TRADEMARK OFFICE
## PACE DATA ENTRY CODING SHEET

| 1ST EXAMINER | DATE |
|---|---|
| ✓ Thun Tran | 8/12/98 |
| 2ND EXAMINER | DATE |
| M. E. Wilcox | 10-15-92 |

| APPLICATION NUMBER |
|---|
| 07/922918 |

| TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|
| 0 2 5 | 0 0 4 |

| CONTINUITY CODE | STATUS CODE |
|---|---|
| | 0 0 4 |

| TYPE APPL | FILING DATE MONTH | DAY | YEAR | FILING FEE | SPECIAL HANDLING | FOREIGN LICENSE | GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 7 | 3 1 | 9 2 | 4 9 6 | 0 | Y | 1 5 0 8 | 4 2 8 | 0 0 2 |

| SMALL ENTITY? |
|---|
| 2 |

PARENT APPLICATION SERIAL NUMBER
0 0 0 0 0

CONTINUITY DATA

PARENT PATENT NUMBER
2 6 2 6 - 3

ATTORNEY DOCKET NUMBER

PARENT FILING DATE
MONTH | DAY | YEAR

PCT/FOREIGN APPLICATION DATA

PCT/FOREIGN APPLICATION SERIAL NUMBER

FOREIGN PRIORITY CLAIMED
N

COUNTRY CODE

FOREIGN FILING DATE
MONTH | DAY | YEAR

IFC-02320

# TAB 14

PATENT APPLICATION SERIAL NO. 08/293749

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

060 MS 09/01/94 08293749                    1 201      355.00 CK

PTO-1556
(5/87)

IFC-02322

| BAR CODE LABEL | U.S. PATENT APPLICATION | | |
|---|---|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 08/293,749 | 08/22/94 | 008 | 1105 |

APPLICANT

1-60

JAMES R. MC CULLOCH, PROVIDENCE, RI.

```
**CONTINUING DATA*********************
  VERIFIED      THIS APPLN IS A CON OF   07/922,918 07/31/92

  _____


  **FOREIGN/PCT APPLICATIONS************
  VERIFIED

  _____


  FOREIGN FILING LICENSE GRANTED 09/26/94      ***** SMALL ENTITY *****
```

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| RI | 2 | 1 | 1 | $355.00 | |

ADDRESS

RHODES COATS & BENNETT
P O BOX 2974
GREENSBORO NC  27402

TITLE

TRANSFER PRINTING FLOCKED FABRIC

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date _____    Certifying Officer _____

IFC-02323



08/293749

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

BOX FWC
Honorable Commissioner of Patents
 and Trademarks
Washington, D.C. 20231

Sir:

<u>RULE 1.62 CONTINUATION APPLICATION</u>

This is a request under 37 C.F.R. 1.62 for filing a continuation application of pending prior **Application Serial No. 07/922,918**, filed July 31, 1992 of applicant James R. McCulloch for Transfer Printing Flocked Fabric.  The prior application is pending before Examiner M. Einsmann in Art Unit 1105.

Pursuant to 37 C.F.R. 1.62, it is requested that this application utilize the file wrapper and contents of said prior application to constitute this continuation application, but that a new application serial number be assigned.

The filing fee is calculated as follows for a Small Entity:

|  | | Rate | | Fee |
|---|---|---|---|---|
| Total Claims in Excess of 20 | = | 0x $11 | = | $00 |
| Independent Claims in Excess of 3 | = | 0x $37 | = | $00 |
| Basic Fee | = | | | $355.00 |
| Extension Fee | = | | | $55.00 |
| Total Filing Fee | = | | | $410.00 |

A check for $410.00 for the total filing fee is attached. However, if there is any discrepancy in the above calculated

IFC-02324

fees, applicant hereby requests the Commissioner to charge any additional fees due to our Deposit Account No. 18-1164.

Amend the specification by inserting before the first line the following statement: --This application is a continuation of Application Serial No. 07/922,918 filed July 31, 1992.--

The power of attorney in the prior application is to: Rhodes Coats & Bennett comprising C. Robert Rhodes, Reg. No. 24,200, Edward W. Rilee, Reg. No. 31,869, Howard A. MacCord,Jr., Reg. No. 28,639, Larry L. Coats, Reg. No., 25,620, and David E. Bennett, Reg. No. 32,194.

The power appears in the original papers in the prior application Serial No. 07/922,918. Address all future communications to:

> Rhodes, Coats & Bennett
> P. O. Box 2974
> Greensboro, North Carolina 27402

A verified statement that this is a filing by small entity was filed in the parent application Serial No. 07/922,918, which parent application was filed on July 31, 1992, and the status is still proper and its benefit under 37 C.F.R. 1.28(a) is hereby claimed.

IFC-02325

Please direct all telephone calls to the undersigned
attorney at (910) 273-4422.

Respectfully submitted,

Howard A. MacCord, Jr.
Reg. No. 28,639

Date:_____August 18, 1994____
File No.____2626-4_____

CERTIFICATE OF MAILING

I HEREBY CERTIFY THAT THIS DOCUMENT IS BEING
DEPOSITED WITH THE UNITED STATES POSTAL SERVICE
AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO:
COMMISSIONER of PATENTS AND TRADEMARKS,
WASHINGTON, D.C. 20231, on _____
(Date of Deposit)

_____
Name of Applicant, Assignee or Registered Representative

_____
Signature

_____
Date of Signature

# TAB 17



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|

08/293,749    08/22/94    MC CULLOCH

| | EXAMINER |
|---|---|
| | EINSMANN, M |

11M1/1221

RHODES COATS & BENNETT
P O BOX 2974
GREENSBORO NC  27402

| ART UNIT | PAPER NUMBER |
|---|---|
| 1105 | 17 |

*Supplemental*

DATE MAILED: 12/21/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined    ☐ Responsive to communication filed on_____    ☐ This action is made final

A shortened statutory period for response to this action is set to expire _____3_____ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☒ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☑ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims 1-10, 12-13, 15-20 _____ are pending in the application

   Of the above, claims _____ are withdrawn from consideration.

2. ☒ Claims 11, 14, 21-25 _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☒ Claims 1-10, 12-13, 15-20 _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims_____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____. has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

IFC-02338

Serial No. 08/293,749                                    -2-

Art Unit   1105


    The action of 12/9/94 is vacated as an action unrelated to

this application was inadvertently sent to applicant.

1.   The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

    A patent may not be obtained though the invention is not
    identically disclosed or described as set forth in section
    102 of this title, if the differences between the subject
    matter sought to be patented and the prior art are such that
    the subject matter as a whole would have been obvious at the
    time the invention was made to a person having ordinary
    skill in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which
    the invention was made.

    Subject matter developed by another person, which qualifies
    as prior art only under subsection (f) or (g) of section 102
    of this title, shall not preclude patentability under this
    section where the subject matter and the claimed invention
    were, at the time the invention was made, owned by the same
    person or subject to an obligation of assignment to the same
    person.

2.   Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C.

§ 103 as being unpatentable over Rejto or Masaki in view of Smith

et al.

    The references are applied as in the previous two rejection

in the parent.  Applicants arguments are not persuasive.  In

rebutting this rejection in his response, applicant also rebutted

the patent to Katz which was discussed with applicant's attorney

in the interview of December 1, 1993, which patent was entered

into the file as part of the European search report.

    Applicant states in summary that he acknowledges that

pigmented adhesive has been used in the prior art for bonding

IFC-02339

Serial No. 08/293,749                         -3-
Art Unit   1105

flocked material.  He states that the prior art fails to
recognize that transfer printing of disperse dyes onto flocked
fabrics in which the fibers are adhered with a dark adhesive
would produce a product with deep, dark shades and less grin-
through and crocking.

Applicant further states that Smith et al provides an
adhesive composition with so little blue pigment as to impart no
color to that adhesive or cement.

Examiner sees no novelty in adding a particular color
pigment to a composition when adding any color is know.
Applicant states in his specification that improvements by using
the dark pigment include less grin-through and crocking.  Yet
applicant has shown no comparative evidence that such is the
case.  Examiner has studied the samples that applicant has
submitted.  ~~Examiner has studied the samples that applicant has
submitted~~.  Examiner fails to see any appreciable difference
between the samples submitted.  Were the samples with the dark
adhesive backing made using the exact same process conditions
except for the pigment in the adhesive.  If this is the case,
they do not represent a comparison between this invention and the
prior art.  When the adhesive is pigmented, the known process of
screen printing can be carried out under different temperature
and pressure conditions.  Those conditions are critical to
applicant's invention and as such should be claimed as an

IFC-02340

Serial No. 08/293,749                                    -4-
Art Unit   1105

integral part of the process.  Applicant has not submitted any
examples or comparative examples in his specification or in
declaration form to substantiate or even illustrate the claimed
superiority of his product over the products of the prior art.
Applicant has provided no test data as to the decreased grin-
through or crocking.

3.   Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C. §
112, second paragraph, as being indefinite for failing to
particularly point out and distinctly claim the subject matter
which applicant regards as the invention.

The terms "dark" and "deep dark" are still indefinite.

The patent to Orton, 4,427,414 is included because of its
discussion of the matching of backing color to face color and the
problem of "grinning through".

Any inquiry concerning this communication should be directed
to Margaret Einsmann at telephone number (703) 308-3826.

*Margaret Einsmann*
*patent examiner*
*1105*

Einsmann/mmm
December 21, 1994

IFC-02341