# TAB 24



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/477,278 | 06/07/95 | MCCULLOCH | J |

RHODES COATS AND BENNETT
P O BOX 2974
GREENSBORO NC 27402

11M1/0506

EINSMA~~EXAMINER~~

| ART UNIT | PAPER NUMBER |
|---|---|
| 1105 | 24 |

DATE MAILED: 05/06/96

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☒ Applicant's failure to respond to the Office letter, mailed _____.

2. ☐ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____.

   ☐ The issue fee has not been received in Allowed Files Branch as of _____.

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.
   ☐ The corrected and/or substitute drawings were received on _____.

6. ☐ The reason(s) below.

*Margaret Einsman*
*primary examiner*
*1105*

PTO-1432 (REV. 5-83)



IFC-02366

Form PTO 1130
(REV 2/94)

# PACE DATA ENTRY CODING SHEET

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

| 1ST EXAMINER | DATE |
|---|---|
| 440 | 8-2-95 |
| 2ND EXAMINER | DATE |

| APPLICATION NUMBER | TYPE APPL | FILING DATE (MONTH DAY YEAR) | SPECIAL HANDLING | GROUP ART UNIT | CLASS | SHEETS OF DRAWING |
|---|---|---|---|---|---|---|
| 08/477078 | 2 | 06 07 95 | | 1105 | 008 | 2 |

| TOTAL CLAIMS | INDEPENDENT CLAIMS | SMALL ENTITY? | FILING FEE | FOREIGN LICENSE | ATTORNEY DOCKET NUMBER |
|---|---|---|---|---|---|
| 25 | 4 | 1 | 1458 | Y | |

## CONTINUITY DATA

| STATUS CODE | PARENT APPLICATION SERIAL NUMBER | PARENT PATENT NUMBER | PARENT FILING DATE (MONTH DAY YEAR) |
|---|---|---|---|
| 2 | 08289749 | | 08 29 94 |
| 3 | 07922418 | | 07 31 92 |

### PCT APPLICATION SERIAL NUMBER
PCT/ / 
PCT/ / 
PCT/ / 
PCT/ / 

## PCT/FOREIGN APPLICATION DATA

| FOREIGN PRIORITY CLAIMED | COUNTRY CODE | PCT/FOREIGN APPLICATION SERIAL NUMBER | FOREIGN FILING DATE (MONTH DAY YEAR) |
|---|---|---|---|

☆U.S.G.P.O.-1994-364-021

IFC-02367

# TAB 25

PATENT APPLICATION SERIAL NO. **08  622928**

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

020 JH 04/04/96 08622928                    1 201    469.00 CK

PTO-1556
(5/87)

IFC-02369

| BAR CODE LABEL | U.S. PATENT APPLICATION |
|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 08/622,928 | 03/27/96 | 008 | 1105 |

*1-@*

APPLICANT: JAMES R. MCCULLOCH, PROVIDENCE, RI.

```
**CONTINUING DATA********************
VERIFIED      THIS APPLN IS A CON OF   08/477,278 06/07/95
              WHICH IS A CON OF        08/293,749 08/22/94
              WHICH IS A CON OF        07/922,918 07/31/92


**FOREIGN/PCT APPLICATIONS************
VERIFIED


FOREIGN FILING LICENSE GRANTED 05/04/96       ***** SMALL ENTITY *****
```

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| RI | 2 | 25 | 4 | $469.00 | |

ADDRESS:
RHODES COATS AND BENNETT
P O BOX 2974
GREENSBORO NC 27402

TITLE: TRANSFER PRINTING FLOCKED FABRIC

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application which is identified above.
By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

Date                    Certifying Officer



469-201

0ε 622928

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

BOX FWC
Honorable Commissioner of Patents
Washington, D.C. 20231

Sir:

### FILE WRAPPER RULE 1.62 CONTINUATION APPLICATION

This is a request under 37 C.F.R. 1.62 for filing a continuation application of pending prior Application Serial No. 08/477,278, filed June 7, 1995, which was a file wrapper continuation of Application Serial No. 08/293,749, filed August 22, 1994 and now abandoned, which was a file wrapper continuation of Application Serial No. 07/922,918 filed July 31, 1992 and now abandoned, of applicant JAMES R. MCCULLOCH for TRANSFER PRINTING FLOCKED FABRIC. The prior application is pending before Examiner M. EINSMANN in Art Unit 1105.

Pursuant to 37 C.F.R. 1.62, it is requested that this application utilize the file wrapper and contents of said prior application to constitute this continuation application, but that a new application serial number be assigned.

The filing fee is calculated as follows for a Small Entity:

|  | Rate | Fee |
|---|---|---|
| Total Claims in Excess of 20 | = 5 x $11 = | $ 55.00 |
| Independent Claims in Excess of 3 | = 1 x $39 = | $ 39.00 |
| Basic Fee | = | $375.00 |
| Total Filing Fee | = | $469.00 |

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
600 FIRST UNION TOWER
GREENSBORO, N.C. 27401

TELEPHONE 910/273-4422

A check for $469.00 for the total filing fee is attached. However, if there is any discrepancy in the above calculated fees, applicant hereby requests the Commissioner to charge any additional fees due to our Deposit Account No. 18-1164.

Fees to be charged are to be based on the number of claims remaining as a result of the attached preliminary amendment.

Amend the specification by inserting before the first line the following statement: --This application is a continuation of Application Serial No. 08/477,278 filed June 7, 1995, which is a continuation of Application Serial No. 08/293,749 filed August 22, 1994, which is a continuation of Serial No. 07/922,918 filed July 31, 1992.--

The power of attorney in the prior application is to: C. Robert Rhodes, Reg. No. 24,200, Edward W. Rilee, Reg. No. 31,869, Howard A. MacCord, Jr., Reg. No. 28,639, Jack B. Hicks, Reg. No. 34,180, David D. Beatty, Reg. No. 38,071, Pat Winston Kennedy, Reg. No. 36,970, James L. Lester, Reg. No. 38,721, Larry L. Coats, Reg. No. 25,620, David E. Bennett, Reg. No. 32,194, and William J. Mason, Reg. No. 22,948. The power appears in the original papers in the prior application Serial No. 08/477,278. Address all future communications to:

> Rhodes, Coats & Bennett, L.L.P.
> P. O. Box 2974
> Greensboro, North Carolina 27402

A verified statement that this is a filing by small entity was filed in the parent application Serial No.

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
600 FIRST UNION TOWER
GREENSBORO, N.C. 27401

TELEPHONE 910/273-4422

2

IFC-02372

07/922,918, which parent application was filed on July 31, 1992, and the status is still proper and its benefit under 37 C.F.R. 1.28(a) is hereby claimed.

Please direct all telephone calls to the undersigned attorney at (910) 273-4422.

Respectfully submitted,

Howard A. MacCord, Jr.
Reg. No. 28,639

Date: 3/27/96
File No. 2626-6

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
600 FIRST UNION TOWER
GREENSBORO, NC 27401

TELEPHONE 910/273-4422

3

# TAB 27



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/622,928 | 03/27/96 | MCCULLOCH | J |

| EXAMINER |
|---|
| EINSMANN, M |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 27 |

RHODES COATS AND BENNETT
P O BOX 2974
GREENSBORO NC 27402

11M1/0731

1105
DATE MAILED: 07/31/96

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined  ☐ Responsive to communication filed on _____  ☐ This action is made final.

A shortened statutory period for response to this action is set to expire _____ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims __1-10, 12, 13, 15-20__ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims __1-10, 12, 13, 15-20__ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

EXAMINER'S ACTION

IFC-02378

PTOL-326 (Rev. 2/93)

2

Serial No. 08/622,928

Art Unit    1105

1. The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

2. Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C. § 103 as being unpatentable over Rejto or Masaki in view of Smith et al.

The references are applied as in the previous rejections in the parent. Applicants arguments are not persuasive. In rebutting this rejection in his response, applicant also rebutted the patent to Katz which was discussed with applicant's attorney in the interview of December 1, 1993, which patent was entered into the file as part of the European search report.

Applicant states in summary that he acknowledges that pigmented adhesive has been used in the prior art for bonding flocked material. He states that the prior art fails to recognize that transfer printing of disperse dyes onto flocked

Serial No. 08/622,928

Art Unit    1105

fabrics in which the fibers are adhered with a dark adhesive would produce a product with deep, dark shades and less grin-through and crocking.

Applicant further states that Smith et al provides an adhesive composition with so little blue pigment as to impart no color to that adhesive or cement.

Examiner sees no novelty in adding a particular color pigment to a composition when adding any color is known. Applicant states in his specification that improvements by using the dark pigment include less grin-through and crocking. Yet applicant has shown no comparative evidence that such is the case. Examiner has studied the samples that applicant has submitted. Examiner fails to see any appreciable difference between the samples submitted. Were the samples with the dark adhesive backing made using the exact same process conditions except for the pigment in the adhesive? If this is the case, they do not represent a comparison between this invention and the prior art. When the adhesive is pigmented, the known process of screen printing can be carried out under different temperature and pressure conditions. Those conditions are critical to applicant's invention and as such should be claimed as an integral part of the process. Applicant has not submitted any examples or comparative examples in his specification or in declaration form to substantiate or even illustrate the claimed

Serial No. 08/622,928

Art Unit  1105

superiority of his product over the products of the prior art. Applicant has provided no test data as to the decreased grin-through or crocking.

3.  Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The terms "dark" and "deep dark" are still indefinite.

The patent to Orton, 4,427,414 is included because of its discussion of the matching of backing color to face color and the problem of "grinning through".

This is a continuation of applicant's earlier application S.N. 08/477,278. All claims are drawn to the same invention claimed in the earlier application and have been rejected three times previously over the same art. Accordingly, **THIS ACTION IS MADE FINAL** even though it is a first action in this case. See M.P.E.P. § 706.07(b). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM

Serial No. 08/622,928

Art Unit    1105


THE DATE OF THIS FINAL ACTION.

    Any inquiry concerning this communication should be directed to Margaret Einsmann at telephone number (703) 308-3826.

*[signature: M Einsmann, primary examiner, 1105]*

Einsmann
July 30, 1996