# TAB 32



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/775,666 | 12/31/96 | MCCULLOCH   J | 2626-10 |

```
                                      11M1/0211
RHODES COATS & BENNETT
P O BOX 2974
GREENSBORO NC 27402
```

| EXAMINER |
|---|
| EINSMANN, M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1105 | 3 |

DATE MAILED: 02/11/98

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☐ Applicant's failure to respond to the Office letter, mailed _____.

2. ☒ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____.

   ☐ The issue fee has not been received in Allowed Files Branch as of _____.

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.
   ☐ The corrected and/or substitute drawings were received on _____.

6. ☐ The reason(s) below.

MARGARET EINSMANN
PRIMARY EXAMINER
GROUP 1100

PTO-1432 (REV. 5-83)

# PATENT APPLICATION FEE DETERMINATION RECORD
Effective October 1, 1996

**Application or Docket Number:** 08/775666

## CLAIMS AS FILED - PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 385.00 | OR | | 770.00 |
| TOTAL CLAIMS | 25 minus 20 = | * | x$11= | | OR | x$22= | 110 |
| INDEPENDENT CLAIMS | 4 minus 3 = | * | x40= | | OR | x80= | 80 |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| | | | TOTAL | | OR | TOTAL | 960 |

*If the difference in column 1 is less than zero, enter "0" in column 2

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDITIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | RATE | ADDITIONAL FEE | OR | RATE | ADDITIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * Minus | ** | = | x$11= | | OR | x$22= | |
| Independent | * Minus | *** | = | x40= | | OR | x80= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875 (Rev. 10/96)   *U.S. Government Printing Office: 1996 - 413-288/49191   Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE



# TAB 33

```
                                                   69599 U.S. PTO
                                                      08/976841
                                                   ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
                                                      11/24/97
```

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

```
12/19/1997 SCHAPMAN 00000013 08976841
01 FC:101
02 FC:103              790.00 OP
03 FC:102              110.00 OP
                        82.00 OP
```

PTO-1556
(5/87)

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

BOX FWC
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

<u>FILE WRAPPER RULE 1.62 CONTINUATION APPLICATION</u>

This is a request under 37 C.F.R. 1.62 for filing a continuation application of pending prior Application Serial No. 08/775,666, filed December 31, 1996 of applicant James R. McCulloch for **TRANSFER PRINTING FLOCKED FABRIC**. The prior application is pending before Examiner M. Einsmann in Art Unit 1105.

Pursuant to 37 C.F.R. 1.62, it is requested that this application utilize the file wrapper and contents of said prior application to constitute this continuation application, but that a new application serial number be assigned.

The filing fee is calculated as follows:

|  | Rate | Fee |
|---|---|---|
| Total Claims in Excess of 20 | = 5 x $22 = | $110.00 |
| Independent Claims in Excess of 3 | = 1 x $82 = | $ 82.00 |
| Basic Fee = |  | $790.00 |
| Total Filing Fee = |  | $982.00 |

A check for $982.00 for the total filing fee is attached. However, if there is any discrepancy in the above calculated fees, applicant hereby requests the Commissioner to charge any additional fees due to our Deposit Account No. 18-1164.

IFC-02410

Amend the specification by inserting before the first line the following statement: --This application is a continuation of Application Serial No. 08/775,666, filed December 31, 1996, now abandoned.--.

The assignment of record in the prior application is to: Microfibres, Inc.

The power of attorney in the prior application is to: Rhodes Coats & Bennett, L.L.P.

The power appears in the original papers in the prior application Serial No. 08/775,666, filed December 31, 1996. Address all future communications to:

    Rhodes, Coats & Bennett, L.L.P.
    P. O. Box 2974
    Greensboro, North Carolina 27402

Please direct all telephone calls to the undersigned attorney at (910) 273-4422.

    Respectfully submitted,

    /Howard A. MacCord, Jr.
    Reg. No. 28,639

Date: 11/25/97

File No. 2626-11

2

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Assistant Commissioner of Patents
Washington, D.C. 20231

Sir:

CERTIFICATE OF MAILING/EXPRESS MAIL

"Express Mail" Mailing Label Number <u>EM526536850US</u>

Date of Deposit __November 25, 1997__

I hereby certify that this paper, which is a file wrapper continuation application (our file 2626-11), and the attached fee are being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 C.F.R. 1.10 on the date indicated above and is addressed to the Commissioner of Patents and Trademarks, Washington, D.C. 20231.

Mailed By: _____
Donna Cottelli

IFC-02412

# TAB 34



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/976,841 | 11/24/97 | MCCULLOCH | |

RHODES COATS & BENNETT
P O BOX 2974
GREENSBORO NC 27402

| EXAMINER |
|---|
| EINSMANN,M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1751 | |

DATE MAILED: 06/15/98

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)
*U.S. GPO: 1998-437-638/80022

1- File Copy

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | | |
|  | Examiner | Group Art Unit |

*—The MAILING DATE of this communication appears on the cover sheet beneath the correspondence address—*

**Period for Response**

A SHORTENED STATUTORY PERIOD FOR RESPONSE IS SET TO EXPIRE __3__ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a response be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for response is specified above, such period shall, by default, expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to respond within the set or extended period for response will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).

**Status**

☐ Responsive to communication(s) filed on __11/24/97__
☑ This action is **FINAL**.
☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

**Disposition of Claims**

☑ Claim(s) __1-10, 12-13, 15-20__ is/are pending in the application.
Of the above claim(s) _____ is/are withdrawn from consideration.
☐ Claim(s) _____ is/are allowed.
☑ Claim(s) __1-10, 12-13, 15-20__ is/are rejected.
☐ Claim(s) _____ is/are objected to.
☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.
☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.
☐ The drawing(s) filed on _____ is/are objected to by the Examiner.
☐ The specification is objected to by the Examiner.
☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119 (a)-(d)**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).
  ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been
  ☐ received.
  ☐ received in Application No. (Series Code/Serial Number) _____.
  ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

  *Certified copies not received: _____.

**Attachment(s)**

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____     ☐ Interview Summary, PTO-413
☐ Notice of References Cited, PTO-892                                        ☐ Notice of Informal Patent Application, PTO-152
☐ Notice of Draftsperson's Patent Drawing Review, PTO-948                    ☐ Other _____

Office Action Summary

U. S. Patent and Trademark Office
PTO-326 (Rev. 3-97)        *U.S. Government Printing Office: 1997 — 417-375/50309        Part of Paper No. _____

IFC-02415

Serial No. 08/976,841 2

Art Unit   1751

1. The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

2. Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C. § 103 as being unpatentable over Rejto or Masaki in view of Smith et al.

The references are applied as in the previous rejections in the parent cases. Applicants arguments are not persuasive. In rebutting this rejection in his response, applicant also rebutted the patent to Katz which was discussed with applicant's attorney in the interview of December 1, 1993, which patent was entered into the file as part of the European search report.

Applicant states in summary that he acknowledges that pigmented adhesive has been used in the prior art for bonding flocked material. He states that the prior art fails to recognize that transfer printing of disperse dyes onto flocked

Serial No. 08/976,841                                                      3

Art Unit   1751

fabrics in which the fibers are adhered with a dark adhesive would produce a product with deep, dark shades and less grin-through and crocking.

Applicant further states that Smith et al provides an adhesive composition with so little blue pigment as to impart no color to that adhesive or cement.

Examiner sees no novelty in adding a particular color pigment to a composition when adding any color is known. Applicant states in his specification that improvements by using the dark pigment include less grin-through and crocking. Yet applicant has shown no comparative evidence that such is the case. Examiner has studied the samples that applicant has submitted. Examiner fails to see any appreciable difference between the samples submitted. Were the samples with the dark adhesive backing made using the exact same process conditions except for the pigment in the adhesive? If this is the case, they do not represent a comparison between this invention and the prior art. When the adhesive is pigmented, the known process of screen printing can be carried out under different temperature and pressure conditions. Those conditions are critical to applicant's invention and as such should be claimed as an integral part of the process. Applicant has not submitted any examples or comparative examples in his specification or in declaration form to substantiate or even illustrate the claimed

Serial No. 08/976,841                                                                                   4

Art Unit   1751

superiority of his product over the products of the prior art. Applicant has provided no test data as to the decreased grin-through or crocking.

3.   Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The terms "dark" and "deep dark" are still indefinite.

The patent to Orton, 4,427,414 is included because of its discussion of the matching of backing color to face color and the problem of "grinning through".

This is a continuation of applicant's earlier application S.N. 08/775,666. All claims are drawn to the same invention claimed in the earlier application and have been rejected four times previously over the same art. Accordingly, **THIS ACTION IS MADE FINAL** even though it is a first action in this case. See M.P.E.P. § 706.07(b). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE

Serial No. 08/976,841                                                              5

Art Unit   1751


STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.


****Applicant is advised to note the new art unit number and refer to the new number in any further communications regarding this application****



Any inquiry concerning this communication or earlier communications from the examiner should be directed to Margaret Einsmann whose telephone number is (703) 308-3826. The examiner can normally be reached on Monday to Thursday and alternate Fridays from 7:00 A.M. to 4:30 P.M.
   If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Paul Lieberman, can be reached on (703) 308-2523. The fax phone number for this Technology Center is (703) 305-3599
   Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the Group receptionist whose telephone number is (703) 308-0661.



*Margaret Einsmann*
MARGARET EINSMANN
PRIMARY EXAMINER 1751

June 11, 1998

# TAB 36



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/976,841 | 11/24/97 | MCCULLOCH | J |

RHODES COATS & BENNETT
P O BOX 2974
GREENSBORO NC 27402

IM51/0114

| EXAMINER |
|---|
| EINSMANN, M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1751 | 36 |

DATE MAILED: 01/14/99

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☑ Applicant's failure to respond to the Office letter, mailed __6·15·98__.

2. ☐ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____.

   ☐ The issue fee has not been received in Allowed Files Branch as of _____.

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17 (l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.
   ☐ The corrected and/or substitute drawings were received on _____.

6. ☐ The reason(s) below.

*Margaret Einsmann*

MARGARET EINSMANN
PRIMARY EXAMINER
GROUP 1100

PTO-1432 (REV. 5-83)