# EXHIBIT
# 2





IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

James R. McCulloch
Serial No. 07/922,918                    Examiner  M. Einsman
Filed: July 31, 1992                     Art Unit 1105
For: TRANSFER PRINTING FLOCKED FABRIC

Honorable Commissioner of Patents and Trademarks

Washington, DC 20231

AMENDMENT IN RESPONSE TO PAPER NO. 7

Sir:

Responsive to the Office Action mailed November 3, 1993, please amend this application as follows:

In the Claims:

Cancel claims 11, 14, 21-25.

Please amend claim 13 as follows:

13. (Amended) A method of producing a transfer printed, flocked fabric comprising the steps of:

adhering undyed thermoplastic fibers to a substrate with a dark pigmented adhesive so that the fibers have a lower portion adhered to the substrate and an upper portion forming a nap and thereby forming a flocked fabric,

and

transfer printing the flocked fabric.

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
600 FIRST UNION TOWER
GREENSBORO, N. C. 27401
TELEPHONE 919/273-4422

IFC-02303

<u>Remarks</u>

The courtesy of the Examiner in granting an interview with applicant's attorney on December 1, 1993, is appreciated.

Claims 1-25 stand rejected under 35 USC §112.  This rejection is respectfully traversed for the reasons set forth herein, and reconsideration is requested.

Claim 1 is said to be indefinite due to the use of the term "dark."  Similarly, claims 2 and 19 are objected to because of the term "deep dark."  The terms "dark" and "deep dark", while not capable of exact measurement, and believed to meet the requirements of 35 USC  112 as used in the present claims.  Differences in color, being visual in nature, are difficult to describe with exactitude in words.  However, one describing a color, particularly in the textile art, commonly defines the color as being dark or light, and the intent of these terms is readily understood.  Occasions frequently arise in claim drafting where the inventor is faced with the limitations of language, but it has long been recognized that the inventor should not be restricted by these limitations.  Also, applicant's specification contains several examples which will provide guidance in the definition of the terms.

Several objections are made to claim 10.  The terms "textured array" and "arrayed" are said to be indefinite; "some fibers" is said to be a non-scientific term which denotes neither proportion or percentage; and "neighboring fibers" is said to give no notion of whether groups or

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
.00 FIRST UNION TOWER
IEENSBORO, N. C. 27401
ELEPHONE 848/273-4422

2

IFC-02304

patterns of fibers are lumped together. These objections are believed to be in error.

Since Applicant's invention does not reside in a specific array, i.e., orderly arrangement, of fibers, it is believed that use of the general terms "textured array" and "arrayed" are proper. Similarly, the invention does not depend on the number of fibers or their exact arrangement. Dependent claim 10, supported by page 4, lines 16-20, requires only an arrangement of fibers in which some of the fibers diverge from other fibers so that the pigmented adhesive is visible.

Claim 11 has been canceled.

Claim 13 has been amended to clarify that the claim is directed to the overall process of preparing the transfer printed flocked fabric. The term "adhering" is believed to be sufficient without further definition. Claim 13 requires adhering the fibers with a dark pigmented adhesive so that the fibers are in the configuration claimed. No further limitation is believed to be necessary.

Claims 21-25 have been canceled.

Claims 1-25 stand rejected under 35 USC §103 as unpatentable over Rejto or Masaki in view of Smith et al. It is the Examiner's position that Rejto and Masaki teach transfer printing; that Smith et al teaches flocking a textile substrate with a blue pigmented adhesive; and that it would be obvious to pigment the adhesive of Rejko or Masaki in view of the teachings of Smith et al. During the interview, the

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
100 FIRST UNION TOWER
GREENSBORO, N. C. 27401
TELEPHONE 919/273-4422

3

IFC-02305

Examiner also noted that Katz et al, listed in Applicant's
Supplemental Information Disclosure Statement, teaches using
colored adhesives to prepare flocked fabrics at column 6,
lines 63-65.

Transfer printing is well known in the prior art. It is
also known to color adhesives used in producing flocked
fabrics as noted in the one relevant sentence of Katz et al.
Applicant also notes at page 1, lines 20-26, of the
specification, that pigmented adhesive is used to bind flock
on fabric which is subsequently printed using wet processing
techniques, and that tinted adhesives have been used with pre-
dyed flock. Smith et al does not teach the use of colored
adhesives. The amount of blue pigment present in the Smith et
al cement is only one part in 80,000, which would clearly be
insufficient to impart any significant color to the cement.

Applicant takes issue, however, with the Examiner's
combination of these prior art teachings in rejecting the
claims. Applicant's invention resides in the discovery that
prints on flocked fabrics with deep, dark shades can be
achieved with transfer printing and the use of colored
adhesives. Katz et al only mentions that colored adhesives
" --- can be used to create further effects thereby varying
the ornamental appearance of the product. ---" The Katz et al
patent, and the prior art generally, fails to recognize or
suggest that the transfer printing of disperse dyes onto
flocked fabrics in which the fibers were adhered with a dark

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
600 FIRST UNION TOWER
REENSBORO, N. C. 27402
ELEPHONE 919/273-4422

4

IFC-02306

pigmented adhesive would produce a product with deep, dark shades and less grin-through and crocking.

Reconsideration of the objection to the amendments to the specification made in the previous amendment as allegedly constituting new matter under 35 USC §132, is respectfully requested. Under 37 CFR 1.118, "All amendments to the specification, including the claims, and the drawings filed after the filing date of the application must conform to at least one of them as it was at the time of filing of the application. The subject matter of Figure 3 is fully disclosed at page 4, lines 13-20, of the specification as originally filed. The only changes to the specification are to refer to the presence of the drawing and add reference numbers. While these changes add some new language, they are clearly only for the purpose of clarification and not the addition of any new matter.

Similarly, reconsideration of the objection to the specification and to claim 20 under 35 USC §112 is also requested. The above-noted areas of the specification also provide basis for the term "air texturizing."'

In view of the above amendments and for the reasons stated, it is believed that this application is now in condition for allowance. Such action is respectfully solicited. Should the Examiner have any further matters which require clarification, she is encouraged to telephone the

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
1600 FIRST UNION TOWER
GREENSBORO, N. C. 27401
TELEPHONE 919/273-4422

5

undersigned for expeditious handling.

Respectfully submitted,

Howard A. MacCord, Jr.
Registration No. 28,639

Date: 1/21/94

File No. 2626-3

I Hereby certify that this correspondence is being
deposited with the United States Postal Service as
first class mail in an envelope addressed to:
Commissioner of Patents and Trademarks,
Washington, D.C. 20231, on  1-21-93
                                    (Date of Deposit)

Howard A. MacCord, Jr.
Name of applicant assignee or registered representative

SIGNATURE
                        1/21/94
                  Date of Signature

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
100 FIRST UNION TOWER
GREENSBORO, N. C. 27402
TELEPHONE 919/273-4422

6

IFC-02308