# TAB 7



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/922,918 | 07/31/92 | MC CULLOCH | 11M1/1103 |

EXAMINER: EINSMANN, M

ART UNIT: 26-3   PAPER NUMBER: 7

RHODES, COATS & BENNETT
P.O. BOX 2974
GREENSBORO, NC 27402

DATE MAILED: 11/03/93

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined   ☒ Responsive to communication filed on Aug 17, 1993   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims __1-25__ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims __1-25__ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).
12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.
13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

PTOL-326 (Rev. 9-89)   EXAMINER'S ACTION

IFC-02288

Serial No. 922,918                                                -2-

Art Unit   1105

    Claims 1-25 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

    The above rejection is repeated since applicant's response is not persuasive.

    In claim 1, the term <u>dark</u> is seen to be indefinite since it is a relative term. See patent 3,999,940 col. 3 lines 61-66 where "darker color" is described. Yet the claims in this patent do not contain the offending term since it is indefinite. Applicant has not even defined <u>dark</u> in the specification, though even that would not cure the claim.

    In claim 2 "deep dark" is indefinite, also in claim 19.

    In claim 10 the terms "textured array" and "arrayed" are indefinite. "some fibers" is a non-scientific term denoting neither proportion or percentage of fibers. "Neighboring fibers" gives no notion of whether groups or patterns of fibers are bumped together. The reader is allowed to form his own picture, rendering the description vague and indefinite.

    The terms in claim 11 objected to are still indefinite as they are purely subjective. Conventional transfer printed flocked fabric is certainly not uniform in hand or texture, pile

Serial No. 922,918 -3-
Art Unit 1105

height or whether the pile is "erect". For example it can refer to suede, high pile, cut pile, low pile.

Claim 13 and following do not recite material process steps. As can be seen from the art applicant has made of record, there are many ways that fibers can be <u>adhered</u> to the substrate. See patent 4,314,813 for example.

In claims 21 and 23, the art of record described transfer printing at several different pressures, including the reduced pressure of 4,314,813 (col. 8 lines 28-33). Less than <u>what</u> pressure?

In claim 22, <u>pounds</u> is not a unit of pressure.

The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

Serial No. 922,918                                          -4-

Art Unit   1105


Evaluations of the level of ordinary skill in the art requires consideration of such factors as various prior art approaches, types of problems encountered in the art, rapidity with which innovations are made, sophistication of technology involved, educational background of those actively working in the field, commercial success, and failure of others.

The "person having ordinary skill" in this art has the capability of understanding the scientific and engineering principles applicable to the claimed invention. The evidence of record including the references and/or the admissions are considered to reasonably reflect this level of skill.

Claims 1-25 are rejected under 35 U.S.C. § 103 as being unpatentable over Rejto or Masaki in view of Smith et al.

Applicant's invention is to a screen printed flocked textile and method of producing it wherein the improvement resides in the use of a pigmented adhesive to adhere the flock to the substrate.

Both Masaki and Rejto teach transfer printed flocked fabric and the method of producing such. Neither teach utilizing a pigmented adhesive. See abstracts of both patents.

Smith et al. teaches flocking a textile substrate by adhering the flock to the substrate with a blue pigmented "cement" which is the adhesive used to adhere the flock to the substrate. See page 3 column 2 lines 1-34. Smith et al. do not use thermoplastic fibers or screen print this example. Yet printing is taught on page 2 col. 2 lines 26-29 as a process of ornamentation and wool, a polyamide is taught as an alternate flock (page 1 col. 1 line 33).

Serial No. 922,918                                                      -5-
Art Unit    1105

It would have been obvious to one skilled in the art to have pigmented the adhesive used in the process and product of Rejto or Masaki because Smith et. al. teach pigmenting a cement to be used in a flocked product as conventional practice, that is, it forms no part in the novelty of their inventive concept.

The amendment filed August 17, 1993 is objected to under 35 U.S.C. § 132 because it introduces new matter into the specification. 35 U.S.C. § 132 states that no amendment shall introduce new matter into the disclosure of the invention. The added material which is not supported by the original disclosure is as follows: Figure 3 and the description of the figure on pages 3 and 4 of the specification.

Applicant is required to cancel the new matter in the response to this Office action.

The following is a quotation of the first paragraph of 35 U.S.C. § 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

The specification is objected to under 35 U.S.C. § 112, first paragraph, as the specification, as originally filed, does

Serial No. 922,918                                     -6-
Art Unit   1105

not provide support for the invention as is now claimed. There is no basis in the specification for "air texturizing".

Claim 20 is rejected under 35 U.S.C. § 112, first paragraph, for the reasons set forth in the objection to the specification.

If applicant wishes the new matter to become part of the specification, a continuing-in-part application must be filed.

Any inquiry concerning this communication or earlier communications from the examiner should be directed to Margaret Einsmann whose telephone number is (703) 308-3826.

Any inquiry of a general nature or relating to the status of this application should be directed to the Group receptionist whose telephone number is (703) 308-0661.

M.Einsmann:mm
November 01, 1993

*[signature]*

PAUL LIEBERMAN
SUPERVISORY PRIMARY EXAMINER
ART UNIT 115

# TAB 8



*[Handwritten annotations: "11 C/ EXMIN 10-26-93", "11-03-93"]*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application: James R. McCulloch
Serial No. 07/922,918
Filed: July 31, 1993
For: TRANSFER PRINTING FLOCKED FABRIC

Examiner Clingman
Art Unit 1105

Honorable Commissioner of Patents and Trademarks
Washington, DC 20231

### SUPPLEMENTAL INFORMATION DISCLOSURE STATEMENT

Dear Sir:

Enclosed for the Examiner's consideration are copies of a European Search Report dated 14 September 1993 and the two references cited in that search report. Clearly, this search report and the references cited were not in counsel's possession more than three months.

Respectfully submitted,

Howard A. MacCord, Jr.
Registration No. 28,639

Date: 10/8/93

File No. 2626-3

*[Stamp: RECEIVED 93 OCT 22 AM 8:30 GROUP 110]*

I Hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on 10/8/93
(Date of Deposit)

Howard A. MacCord, Jr.
Name of applicant assignee or registered representative

SIGNATURE
10/8/93
Date of Signature

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
30 FIRST UNION TOWER
EENSBORO, N. C. 27402
LEPHONE 919/273-4422

IFC-02295

Sheet 1 of 1

| FORM PTO-1449 (Rev. 2-82) | U.S. DEPARTMENT OF COMMERCE PATENT AND TRADEMARK OFFICE | ATTY. DOCKET NO. 2626-3 | SERIAL NO. 07/922918 |
|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT (Use several sheets if necessary) | | APPLICANT James R. McCulloch | |
| | | FILING DATE 7-31-92 | GROUP |

**U.S. PATENT DOCUMENTS**

| EXAMINER INITIAL | DOCUMENT NUMBER | DATE | NAME | CLASS | SUBCLASS | FILING DATE IF APPROPRIATE |
|---|---|---|---|---|---|---|
| ME | 4963422 | 10/90 | Katz et al. | 428 | 90 | 10/89 |

**FOREIGN PATENT DOCUMENTS**

| | DOCUMENT NUMBER | DATE | COUNTRY | CLASS | SUBCLASS | TRANSLATION YES | NO |
|---|---|---|---|---|---|---|---|
| ME | 90372556 | | Japan | | | ✓ | |

**OTHER DOCUMENTS** (Including Author, Title, Date, Pertinent Pages, Etc.)

| EXAMINER | DATE CONSIDERED |
|---|---|
| Margaret Einsmann | 12.1.93 |

EXAMINER: Initial if citation considered, whether or not citation is in conformance with MPEP 609; Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

(Form PTO-1449 [6-4])



| | Europäisches Patentamt | European Patent Office | Office européen des brevets |
|---|---|---|---|
| P.B.5818 - Patentlaan 2<br>2280 HV Rijswijk (ZH)<br>☎ (070) 340 20 40<br>TX 31651 epo nl<br>FAX (070) 3 40 30 16 | Zweigstelle<br>in Den Haag<br>Recherchen-<br>abteilung | Branch at<br>The Hague<br>Search<br>division | Département à<br>La Haye<br>Division de la<br>recherche |

Brown, Kenneth Richard
R.G.C. Jenkins & Co.
26 Caxton Street
London SW1H 0RJ
GRANDE BRETAGNE

R. G. C. JENKINS & CO.
★ 2 2 SEP 1993 ★
CHARTERED PATENT AGENTS

Datum/Date: 20. 09. 93.

| Zeichen/Ref./Réf. | Anmeldung Nr./Application No./Demande n°.//Patent Nr No./Brevet n°. |
|---|---|
| J.22046 EP | 93306072.5- |

Anmelder/Applicant/Demandeur//Patentinhaber/Propriétaire
MICROFIBRES, INC.

## COMMUNICATION

The European Patent Office herewith transmits

☒ the European search report

☐ the declaration under Rule 45 of the European Patent Convention

☐ the partial European search report under Rule 45 of the European Patent Convention

☐ the supplementary European search report concerning the international application number

relating to the above-identified European patent application: copies of the documents cited in the search report are enclosed.

The Search Division approved the following items, as submitted by the applicant:

☒ Abstract     ☐ Title     ☒ Figure

☐ The abstract was modified by the Search Division and the definitive text is attached to the present communication.

☐ The following figure will be published with the abstract, since the Search Division considers that it better characterises the invention than the one indicated by the applicant.

Figure:

☒ Additional copy(ies) of the documents cited in the European search report.



### REFUND OF THE SEARCH FEE

If applicable under Art.10 of the Rules relating to fees, a separate communication from the Receiving Section on the refund of the search fee will be sent to you later.

| EPO Form 1507 07.90 | | | | |
|---|---|---|---|---|
| | | | | |
| | | | | |

IFC-02297

 European Patent Office

# EUROPEAN SEARCH REPORT

Application Number

EP 93 30 6072

| | DOCUMENTS CONSIDERED TO BE RELEVANT | | |
|---|---|---|---|
| Category | Citation of document with indication, where appropriate, of relevant passages | Relevant to claim | CLASSIFICATION OF THE APPLICATION (Int. Cl.5) |
| Y | US-A-4 963 422 (KATZ ET AL.)<br>* claim 1 * | 1,13 | D06P5/00<br>D06M17/04 |
| Y | DATABASE WPI<br>Week 9050,<br>Derwent Publications Ltd., London, GB;<br>AN 90-372556<br>& JP-A-02 269 883 (TEIJIN KK)<br>* abstract * | 1,13 | |
| | | | TECHNICAL FIELDS SEARCHED (Int. Cl.5)<br><br>D06P<br>D06M |

The present search report has been drawn up for all claims

| Place of search | Date of completion of the search | Examiner |
|---|---|---|
| THE HAGUE | 14 SEPTEMBER 1993 | DELZANT J-F. |

CATEGORY OF CITED DOCUMENTS

X : particularly relevant if taken alone
Y : particularly relevant if combined with another document of the same category
A : technological background
O : non-written disclosure
P : intermediate document

T : theory or principle underlying the invention
E : earlier patent document, but published on, or after the filing date
D : document cited in the application
L : document cited for other reasons

& : member of the same patent family, corresponding document

ANNEX TO THE EUROPEAN SEARCH REPORT
ON EUROPEAN PATENT APPLICATION NO.

EP 93 30 6072

This annex lists the patent family members relating to the patent documents cited in the above-mentioned European search report.
The members are as contained in the European Patent Office EDP file on
The European Patent Office is in no way liable for these particulars which are merely given for the purpose of information.   14/09/93

| Patent document cited in search report | Publication date | Patent family member(s) | Publication date |
| --- | --- | --- | --- |
| US-A-4963422 | 16-10-90 | None | |

EPO FORM P0459

For more details about this annex : see Official Journal of the European Patent Office, No. 12/82

# TAB 9



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 9:32915 | 7-31-92 | James R. McCulloch | 2626-3 |

| EXAMINER |
|---|
| Einsmann |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1105 | 9 |

DATE MAILED:

## EXAMINER INTERVIEW SUMMARY RECORD

All participants (applicant, applicant's representative, PTO personnel):

(1) Bill Mason         (3) _____

(2) M. Einsmann       (4) _____

Date of interview: Dec 1, 1993  1 PM

Type: ☐ Telephonic  ☒ Personal (copy is given to ☐ applicant ☐ applicant's representative).

Exhibit shown or demonstration conducted: ☐ Yes ☐ No. If yes, brief description: _____

Agreement ☐ was reached with respect to some or all of the claims in question. ☐ was not reached.

Claims discussed: all

Identification of prior art discussed: Katz, Smith

Description of the general nature of what was agreed to if an agreement was reached, or any other comments: Discussion of 112 problems especially the term "dark" and suggestions for further defining "dark" within the specification as now disclosed

(A fuller description, if necessary, and a copy of the amendments, if available, which the examiner agreed would render the claims allowable must be attached. Also, where no copy of the amendments which would render the claims allowable is available, a summary thereof must be attached.)

Unless the paragraphs below have been checked to indicate to the contrary, A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION IS NOT WAIVED AND MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW (e.g., items 1-7 on the reverse side of this form). If a response to the last Office action has already been filed, then applicant is given one month from this interview date to provide a statement of the substance of the interview.

☐ It is not necessary for applicant to provide a separate record of the substance of the interview.

☐ Since the examiner's interview summary above (including any attachments) reflects a complete response to each of the objections, rejections and requirements that may be present in the last Office action, and since the claims are now allowable, this completed form is considered to fulfill the response requirements of the last Office action.

Margaret Einsmann
Examiner's Signature

PTOL-413 (REV. 1-84)

**ORIGINAL FOR INSERTION IN RIGHT HAND FLAP OF FILE WRAPPER**

IFC-02301