# TAB 10



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

James R. McCulloch
Serial No. 07/922,918                    Examiner  M. Einsman
Filed: July 31, 1992                     Art Unit 1105
For: TRANSFER PRINTING FLOCKED FABRIC

Honorable Commissioner of Patents and Trademarks

Washington, DC 20231

### AMENDMENT IN RESPONSE TO PAPER NO. 7

Sir:

Responsive to the Office Action mailed November 3, 1993, please amend this application as follows:

In the Claims:

Cancel claims 11, 14, 21-25.

Please amend claim 13 as follows:

13. (Amended) A method of producing a transfer printed, flocked fabric comprising the steps of:

adhering undyed thermoplastic fibers to a substrate with a dark pigmented adhesive so that the fibers have a lower portion adhered to the substrate and an upper portion forming a nap and thereby forming a flocked fabric,

and

transfer printing the flocked fabric.

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
600 FIRST UNION TOWER
REENSBORO, N. C. 27402
TELEPHONE 910/273-4422

## Remarks

The courtesy of the Examiner in granting an interview with applicant's attorney on December 1, 1993, is appreciated.

Claims 1-25 stand rejected under 35 USC §112. This rejection is respectfully traversed for the reasons set forth herein, and reconsideration is requested.

Claim 1 is said to be indefinite due to the use of the term "dark." Similarly, claims 2 and 19 are objected to because of the term "deep dark." The terms "dark" and "deep dark", while not capable of exact measurement, and believed to meet the requirements of 35 USC 112 as used in the present claims. Differences in color, being visual in nature, are difficult to describe with exactitude in words. However, one describing a color, particularly in the textile art, commonly defines the color as being dark or light, and the intent of these terms is readily understood. Occasions frequently arise in claim drafting where the inventor is faced with the limitations of language, but it has long been recognized that the inventor should not be restricted by these limitations. Also, applicant's specification contains several examples which will provide guidance in the definition of the terms.

Several objections are made to claim 10. The terms "textured array" and "arrayed" are said to be indefinite; "some fibers" is said to be a non-scientific term which denotes neither proportion or percentage; and "neighboring fibers" is said to give no notion of whether groups or

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
100 FIRST UNION TOWER
GREENSBORO, N. C. 27402
TELEPHONE 919/273-4422

2

patterns of fibers are lumped together. These objections are believed to be in error.

Since Applicant's invention does not reside in a specific array, i.e., orderly arrangement, of fibers, it is believed that use of the general terms "textured array" and "arrayed" are proper. Similarly, the invention does not depend on the number of fibers or their exact arrangement. Dependent claim 10, supported by page 4, lines 16-20, requires only an arrangement of fibers in which some of the fibers diverge from other fibers so that the pigmented adhesive is visible.

Claim 11 has been canceled.

Claim 13 has been amended to clarify that the claim is directed to the overall process of preparing the transfer printed flocked fabric. The term "adhering" is believed to be sufficient without further definition. Claim 13 requires adhering the fibers with a dark pigmented adhesive so that the fibers are in the configuration claimed. No further limitation is believed to be necessary.

Claims 21-25 have been canceled.

Claims 1-25 stand rejected under 35 USC §103 as unpatentable over Rejto or Masaki in view of Smith et al. It is the Examiner's position that Rejto and Masaki teach transfer printing; that Smith et al teaches flocking a textile substrate with a blue pigmented adhesive; and that it would be obvious to pigment the adhesive of Rejko or Masaki in view of the teachings of Smith et al. During the interview, the

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
100 FIRST UNION TOWER
REENSBORO, N. C. 27402
ELEPHONE 919/273-4422

3

IFC-02305

Examiner also noted that Katz et al, listed in Applicant's Supplemental Information Disclosure Statement, teaches using colored adhesives to prepare flocked fabrics at column 6, lines 63-65.

Transfer printing is well known in the prior art. It is also known to color adhesives used in producing flocked fabrics as noted in the one relevant sentence of Katz et al. Applicant also notes at page 1, lines 20-26, of the specification, that pigmented adhesive is used to bind flock on fabric which is subsequently printed using wet processing techniques, and that tinted adhesives have been used with pre-dyed flock. Smith et al does not teach the use of colored adhesives. The amount of blue pigment present in the Smith et al cement is only one part in 80,000, which would clearly be insufficient to impart any significant color to the cement.

Applicant takes issue, however, with the Examiner's combination of these prior art teachings in rejecting the claims. Applicant's invention resides in the discovery that prints on flocked fabrics with deep, dark shades can be achieved with transfer printing and the use of colored adhesives. Katz et al only mentions that colored adhesives " --- can be used to create further effects thereby varying the ornamental appearance of the product. ---" The Katz et al patent, and the prior art generally, fails to recognize or suggest that the transfer printing of disperse dyes onto flocked fabrics in which the fibers were adhered with a dark

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
800 FIRST UNION TOWER
REENSBORO, N. C. 27402
TELEPHONE 919/273-4422

4

pigmented adhesive would produce a product with deep, dark shades and less grin-through and crocking.

Reconsideration of the objection to the amendments to the specification made in the previous amendment as allegedly constituting new matter under 35 USC §132, is respectfully requested. Under 37 CFR 1.118, "All amendments to the specification, including the claims, and the drawings filed after the filing date of the application must conform to at least one of them as it was at the time of filing of the application. The subject matter of Figure 3 is fully disclosed at page 4, lines 13-20, of the specification as originally filed. The only changes to the specification are to refer to the presence of the drawing and add reference numbers. While these changes add some new language, they are clearly only for the purpose of clarification and not the addition of any new matter.

Similarly, reconsideration of the objection to the specification and to claim 20 under 35 USC §112 is also requested. The above-noted areas of the specification also provide basis for the term "air texturizing."

In view of the above amendments and for the reasons stated, it is believed that this application is now in condition for allowance. Such action is respectfully solicited. Should the Examiner have any further matters which require clarification, she is encouraged to telephone the

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
1600 FIRST UNION TOWER
GREENSBORO, N. C. 27402
TELEPHONE 919/273-4422

5

undersigned for expeditious handling.

Respectfully submitted,

*Howard A. MacCord*

Howard A. MacCord, Jr.
Registration No. 28,639

Date: 1/21/94
File No. 2626-3

I Hereby certify that this correspondence is being deposited with the United States Postal Service as first class mail in an envelope addressed to: Commissioner of Patents and Trademarks, Washington, D.C. 20231, on 1-21-93.
(Date of Deposit)

Howard A. MacCord, Jr.
Name of applicant assignee or registered representative

*signature*
SIGNATURE

1/21/94
Date of Signature

RHODES, COATS
& BENNETT
ATTORNEYS AT LAW
300 FIRST UNION TOWER
REENSBORO, N. C. 27402
ELEPHONE 919/273-4422

6

# TAB 11



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 07/922,918 | 07/31/92 | MC CULLOCH | J 2626-3 |

EXAMINER: EINSMANN, M

| ART UNIT | PAPER NUMBER |
|---|---|
| 1105 | 11 |

RHODES, COATS & BENNETT
P.O. BOX 2974
GREENSBORO, NC 27402

11M1/0418

DATE MAILED: 04/18/94

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined  ☐ Responsive to communication filed on _Jan 21, 1994_  ☒ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II   SUMMARY OF ACTION**

1. ☒ Claims _1-10, 12, 13, 15-20_ are pending in the application.
   Of the above, claims _____ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☒ Claims _1-10, 12, 13, 15-20_ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).
12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.
13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

EXAMINER'S ACTION

PTOL-326 (Rev. 2/93)

IFC-02310

Serial Number: 07/922918 -2-

Art Unit: 1105

1. The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

2. Claims 1-10,12,13, 15-20 are rejected under 35 U.S.C. § 103 as being unpatentable over Rejto or Masaki in view of Smith et al.

The references are applied as in the previous rejection. Applicants arguments are not persuasive. In rebutting this rejection in his response, applicant also rebutted the patent to Katz which was discussed with applicant's attorney in the interview of December 1, 1993, which patent was entered into the file as part of the European search report.

Applicant states in summary that he acknowledges that pigmented adhesive has been used in the prior art for bonding flocked material. He states that the prior art fails to recognize that transfer printing of disperse dyes onto flocked

Serial Number: 07/922918 -3-
Art Unit: 1105

fabrics in which the fibers are adhered with a dark adhesive would produce a product with deep, dark shades and less grin-through and crocking.

Applicant further states that Smith et al provides an adhesive composition with so little blue pigment as to impart no color to that adhesive or cement.

Examiner sees no novelty in adding a particular color pigment to a composition when adding any color is known. Applicant states in his specification that improvements by using the dark pigment include less grin-through and crocking. Yet applicant has shown no comparative evidence that such is the case. Examiner has studied the samples that applicant has submitted. Examiner fails to see any appreciable difference between the samples submitted. Were the samples with the dark adhesive backing made using the exact same process conditions as those with no dark pigment added? It appears that applicant's invention is more than just pigmenting the adhesive, and that the samples submitted were prepared under the same process conditions except for the pigment in the adhesive. If this is the case, they do not represent a comparison between this invention and the prior art. When the adhesive is pigmented, the known process of screen printing can be carried out under different temperature and pressure conditions. Those conditions are critical to applicant's invention and as such should be claimed as an

IFC-02312

Serial Number: 07/922918                                                          -4-

Art Unit: 1105

integral part of the process. Applicant has not submitted any examples or comparative examples in his specification or in declaration form to substantiate or even illustrate the claimed superiority of his product over the products of the prior art. Applicant has provided no test data as to the decreased grin-through or crocking. If applicant files a continuation-in-part application, he would be able to more clearly define his invention and provide evidence of unobvious superiority over the prior art process of providing a transfer printed flocked fabric.

3.    Claims 1-10,12,13,15-20 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The terms "dark" and "deep dark" are still indefinite. The other rejections under 112 second paragraph have been withdrawn due to applicant's arguments and amendments.

The objection to the addition to the specification figure 3 as being new matter is withdrawn due to applicant's response wherein he pointed to the basis for said figure in the specification.

4.    **THIS ACTION IS MADE FINAL.** Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS

IFC-02313

Serial Number: 07/922918 -5-

Art Unit: 1105

ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM THE DATE OF THIS FINAL ACTION.

5. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Margaret Einsmann whose telephone number is (703) 308-3826.

mve
April 13, 1994

PAUL LIEBERMAN
SUPERVISORY PRIMARY EXAMINER
ART UNIT 115

# TAB 12



55-    215    110

1IC    #12 (Reg
                 RFG
                 NB
             9/27/94

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

James R. McCulloch
Serial No.: 07/922,918
Filed: July 31, 1992                    Examiner: N. Einsmann
For: TRANSFER PRINTING FLOCKED FABRIC    Group: 1105

Honorable Commissioner of
Patents and Trademarks
Washington, DC 20231

<u>PETITION UNDER 37 CFR §1.136(a)</u>

Sir:

Please extend the period for response to the Office Action of April 18, 1994 for one month up to and including August 18, 1994. Our check in the amount of $55 is enclosed for the extension fee.

Respectfully submitted,

Howard A. MacCord, Jr.

Date: <u>August 18, 1994</u>

File: <u>2626-3</u>

060 MS 09/01/94 07922918

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY THAT THIS DOCUMENT IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: COMMISSIONER of PATENTS AND TRADEMARKS, WASHINGTON, D.C. 20231, on Aug. 18, 1994
(Date of Deposit)

Howard A. MacCord
Name of Applicant, Assignee or Registered Representative

1 215  55.00 CK

Signature

8-18-94
Date of Signature