# TAB 27



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 08/622,928 | 03/27/96 | MCCULLOCH | J |

| EXAMINER | |
|---|---|
| EINSMANN, M | |
| **ART UNIT** | **PAPER NUMBER** |
| 1105 | 27 |

11M1/0731

RHODES COATS AND BENNETT
P O BOX 2974
GREENSBORO NC 27402

DATE MAILED: 07/31/96

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☐ This application has been examined ☐ Responsive to communication filed on ________ ☐ This action is made final.

A shortened statutory period for response to this action is set to expire ______ month(s), ______ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ ________

**Part II SUMMARY OF ACTION**

1. ☒ Claims 1-10, 12, 13, 15-20 are pending in the application.
   Of the above, claims ________ are withdrawn from consideration.
2. ☐ Claims ________ have been cancelled.
3. ☐ Claims ________ are allowed.
4. ☒ Claims 1-10, 12, 13, 15-20 are rejected.
5. ☐ Claims ________ are objected to.
6. ☐ Claims ________ are subject to restriction or election requirement.
7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.
8. ☐ Formal drawings are required in response to this Office action.
9. ☐ The corrected or substitute drawings have been received on ________. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).
10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on ________, has (have) been ☐ approved by the examiner; ☐ disapproved by the examiner (see explanation).
11. ☐ The proposed drawing correction, filed ________, has been ☐ approved; ☐ disapproved (see explanation).
12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. ________ ; filed on ________.
13. ☐ Since this application apppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.
14. ☐ Other

EXAMINER'S ACTION

IFC-02378

Serial No. 08/622,928

Art Unit 1105

1. The following is a quotation of 35 U.S.C. § 103 which forms the basis for all obviousness rejections set forth in this Office action:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.
>
> Subject matter developed by another person, which qualifies as prior art only under subsection (f) or (g) of section 102 of this title, shall not preclude patentability under this section where the subject matter and the claimed invention were, at the time the invention was made, owned by the same person or subject to an obligation of assignment to the same person.

2. Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C. § 103 as being unpatentable over Rejto or Masaki in view of Smith et al.

The references are applied as in the previous rejections in the parent. Applicants arguments are not persuasive. In rebutting this rejection in his response, applicant also rebutted the patent to Katz which was discussed with applicant's attorney in the interview of December 1, 1993, which patent was entered into the file as part of the European search report.

Applicant states in summary that he acknowledges that pigmented adhesive has been used in the prior art for bonding flocked material. He states that the prior art fails to recognize that transfer printing of disperse dyes onto flocked

fabrics in which the fibers are adhered with a dark adhesive would produce a product with deep, dark shades and less grin-through and crocking.

Applicant further states that Smith et al provides an adhesive composition with so little blue pigment as to impart no color to that adhesive or cement.

Examiner sees no novelty in adding a particular color pigment to a composition when adding any color is known. Applicant states in his specification that improvements by using the dark pigment include less grin-through and crocking. Yet applicant has shown no comparative evidence that such is the case. Examiner has studied the samples that applicant has submitted. Examiner fails to see any appreciable difference between the samples submitted. Were the samples with the dark adhesive backing made using the exact same process conditions except for the pigment in the adhesive? If this is the case, they do not represent a comparison between this invention and the prior art. When the adhesive is pigmented, the known process of screen printing can be carried out under different temperature and pressure conditions. Those conditions are critical to applicant's invention and as such should be claimed as an integral part of the process. Applicant has not submitted any examples or comparative examples in his specification or in declaration form to substantiate or even illustrate the claimed

4

Serial No. 08/622,928
Art Unit 1105

superiority of his product over the products of the prior art. Applicant has provided no test data as to the decreased grin-through or crocking.

3. Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C. § 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The terms "dark" and "deep dark" are still indefinite.

The patent to Orton, 4,427,414 is included because of its discussion of the matching of backing color to face color and the problem of "grinning through".

This is a continuation of applicant's earlier application S.N. 08/477,278. All claims are drawn to the same invention claimed in the earlier application and have been rejected three times previously over the same art. Accordingly, **THIS ACTION IS MADE FINAL** even though it is a first action in this case. See M.P.E.P. § 706.07(b). Applicant is reminded of the extension of time policy as set forth in 37 C.F.R. § 1.136(a).

A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS ACTION. IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE MAILING DATE OF THE ADVISORY ACTION. IN NO EVENT WILL THE STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM

Serial No. 08/622,928

Art Unit 1105

THE DATE OF THIS FINAL ACTION.

Any inquiry concerning this communication should be directed to Margaret Einsmann at telephone number (703) 308-3826.

M Einsmann
primary examiner
1105

Einsmann
July 30, 1996

# TAB 28

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: James R. McCulloch
Serial No. 08/622,928 Examiner M. Einsmann
Filed: March 28, 1996 Art Unit 1105
For: **TRANSFER PRINTING FLOCKED FABRIC**

Assistant Commissioner for patents
Washington, DC 20231

RECEIVED
JAN 2 ? 1997
GROUP 1100

**REQUEST FOR FIRST EXTENSION OF TIME**

Sir:

Applicant hereby requests a two-month extension of time for responding to the Patent Office Action dated July 31, 1996. The extension fee of $390 is attached. Applicant is filing contemporaneously herewith a file wrapper continuation under 37 C.F.R. § 1.62.

The Commissioner is hereby authorized to charge any additional fees which may be required or credit any overpayment to Deposit Account 18-1164.

Respectfully submitted,

Howard A. MacCord, Jr.
Registration No. 28,639

Date: December 31, 1996
File No. 2626-10

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
·00 FIRST UNION TOWER
IEENSBORO, N. C. 27402
ELEPHONE 910/273-4422



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Honorable Commissioner of Patents and Trademarks
Washington, D.C. 20231

Sir:

CERTIFICATE OF MAILING/EXPRESS MAIL

"Express Mail" Mailing Label Number EM099659604US

Date of Deposit December 31, 1996

I hereby certify that this paper, which is a file wrapper continuation application and request for two-month extension of time (our file 2626-10), and the attached fees are being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 C.F.R. 1.10 on the date indicated above and is addressed to the Assistant Commissioner for Patents, Washington, D.C. 20231.

Mailed By: Donna Cottelli
Donna Cottelli