# TAB 29



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office

Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST-NAMED APPLICANT | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| | | | | |

```
                                    11M1/0221
RHODES COATS AND BENNETT
P O BOX 2974
GREENSBORO NC 27402
```

| EXAMINER |
|---|
| EINSMANN M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1185 | 29 |

DATE MAILED:  02/21/97

## NOTICE OF ABANDONMENT

This application is abandoned in view of:

1. ☒ Applicant's failure to respond to the Office letter, mailed _7/31/96_

2. ☐ Applicant's letter of express abandonment which is in compliance with 37 C.F.R. 1.138.

3. ☐ Applicant's failure to timely file the response received _____ within the period set in the Office letter.

4. ☐ Applicant's failure to pay the required issue fee within the statutory period of 3 months from the mailing date of _____ of the Notice of Allowance.

   ☐ The issue fee was received on _____.

   ☐ The issue fee has not been received in Allowed Files Branch as of _____.

   In accordance with 35 U.S.C. 151, and under the provisions of 37 C.F.R. 1.316(b), applicant(s) may petition the Commissioner to accept the delayed payment of the issue fee if the delay in payment was unavoidable. The petition must be accompanied by the issue fee, unless it has been previously submitted, in the amount specified by 37 C.F.R. 1.17(l), and a verified showing as to the causes of the delay.

   If applicant(s) never received the Notice of Allowance, a petition for a new Notice of Allowance and withdrawal of the holding of abandonment may be appropriate in view of Delgar Inc. v. Schuyler, 172 U.S.P.Q. 513.

5. ☐ Applicant's failure to timely correct the drawings and/or submit new or substitute formal drawings by _____ as required in the last Office action.
   ☐ The corrected and/or substitute drawings were received on _____.

6. ☐ The reason(s) below.

*Margaret Einsmann*
*primary examiner*
*1185*

PTO-1432 (Rev. 4/93)

IFC-02387

| **PATENT APPLICATION FEE DETERMINATION RECORD**<br>Effective October 1, 1995 | Application or Docket Number<br>622928 |
|---|---|

## CLAIMS AS FILED - PART I

| FOR | NUMBER FILED<br>(Column 1) | NUMBER EXTRA<br>(Column 2) | SMALL ENTITY<br>RATE | FEE | OR | OTHER THAN<br>SMALL ENTITY<br>RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 375.00 | OR | | 750.00 |
| TOTAL CLAIMS | 25 minus 20 = | * 5 | x$11= | 55 | OR | x$22= | |
| INDEPENDENT CLAIMS | 4 minus 3 = | * 1 | x39= | 39 | OR | x78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +125= | | OR | +250= | |
| * If the difference in column 1 is less than zero, enter "0" in column 2 | | | TOTAL | 469 | OR | TOTAL | |

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

| | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | SMALL ENTITY<br>RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY<br>RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +125= | | OR | +250= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

| | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | SMALL ENTITY<br>RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY<br>RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +125= | | OR | +250= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

| | (Column 1)<br>CLAIMS REMAINING AFTER AMENDMENT | (Column 2)<br>HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3)<br>PRESENT EXTRA | SMALL ENTITY<br>RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY<br>RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | x$11= | | OR | x$22= | |
| Independent | * | Minus *** | = | x39= | | OR | x78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +125= | | OR | +250= | |
| | | | | TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875
(Rev. 10/95)

Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE

IFC-02388

Form PTO 1130
(REV 294)

# PACE DATA ENTRY CODING SHEET

U.S. DEPARTMENT OF COMMERCE
Patent and Trademark Office

**APPLICATION NUMBER:** 08 622928

| CONT CODE | STATUS CODE |
|---|---|
| 0 3 4 | 3 |
| 1 2 3 | 3 |
| 1 2 3 | 3 |

**PARENT APPLICATION SERIAL NUMBER:** 0 8 4 7 7 3 7 8
0 8 2 9 3 7 4 9
0 8 9 2 2 9 1 8

**FOREIGN PRIORITY CLAIMED**

**COUNTRY CODE**

**TOTAL CLAIMS:** 25

**INDEPENDENT CLAIMS:** 4

**TYPE APPL:** 2

**SMALL ENTITY?:** 1

**FILING DATE:** MONTH 03 DAY 27 YEAR 96

**FILING FEE:** 4 1 6 9

**FOREIGN LICENSE:** Y

**1ST EXAMINER:** 4/14   DATE 5-4-98
**2ND EXAMINER:**   DATE

**SPECIAL HANDLING:** 1

**GROUP ART UNIT:** 1 1 0 5

**CLASS:** 0 0 8

**SHEETS OF DRAWING:** 9

### CONTINUITY DATA

**PCT APPLICATION SERIAL NUMBER**

| P | C | T | / |
| P | C | T | / |
| P | C | T | / |
| P | C | T | / |
| P | C | T | / |
| P | C | T | / |

**ATTORNEY DOCKET NUMBER**

**PARENT PATENT NUMBER**

**PARENT FILING DATE:** MONTH 06 08 97 DAY 07 28 03 YEAR 95 94 92

### PCT/FOREIGN APPLICATION DATA

**PCT/FOREIGN APPLICATION SERIAL NUMBER**

**FOREIGN FILING DATE:** MONTH   DAY   YEAR

© U.S OFC. 1995-401-429

IFC-02389

# TAB 30

PATENT APPLICATION SERIAL NO. ___08/775666___

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

500 SD 01/30/97 08775666
1 101       760.00 CK

PTO-1556
(5/87)

IFC-02391

| BAR CODE LABEL | U.S. PATENT APPLICATION |
|---|---|

| SERIAL NUMBER | FILING DATE | CLASS | GROUP ART UNIT |
|---|---|---|---|
| 08/775,666 | 12/31/96 | 008 | 1105 |

APPLICANT

JAMES R. MCCULLOCH, PROVIDENCE, RI.

```
**CONTINUING DATA**********************
VERIFIED       THIS APPLN IS A CON OF   08/622,928 03/27/96
               WHICH IS A CON OF        08/477,278 06/07/95
_____      WHICH IS A CON OF        08/293,749 08/22/94
               WHICH IS A CON OF        07/922,918 07/31/92


**FOREIGN/PCT APPLICATIONS************
VERIFIED

_____



FOREIGN FILING LICENSE GRANTED 02/02/97
```

| STATE OR COUNTRY | SHEETS DRAWING | TOTAL CLAIMS | INDEPENDENT CLAIMS | FILING FEE RECEIVED | ATTORNEY DOCKET NO. |
|---|---|---|---|---|---|
| RI | 2 | 25 | 4 | $960.00 | 2626-10 |

ADDRESS

RHODES COATS & BENNETT
P O BOX 2974
GREENSBORO NC 27402

TITLE

TRANSFER PRINTING FLOCKED FABRIC

This is to certify that annexed hereto is a true copy from the records of the United States Patent and Trademark Office of the application which is identified above.

By authority of the
COMMISSIONER OF PATENTS AND TRADEMARKS

| Date | Certifying Officer |
|---|---|

IFC-02392



*96 0 -10 1*

*08/? ??3 3 6 Afwc*

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

BOX FWC
Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

### FILE WRAPPER RULE 1.62 CONTINUATION APPLICATION

This is a request under 37 C.F.R. 1.62 for filing a continuation application of pending prior Application Serial No. 08/622,928, filed March 27, 1996 of applicant James R. McCulloch for TRANSFER PRINTING FLOCKED FABRIC, which was a file wrapper continuation of Appln. Serial No. 08/477,278, filed June 7, 1995, which was a file wrapper continuation of Appln. Serial No. 08/293,749, filed August 22, 1994 and now abandoned, which was a file wrapper continuation of Appln. Serial No. 07/922,918, filed July 31, 1992 and now abandoned. The prior application is pending before Examiner M. Einsmann in Art Unit 1105.

Pursuant to 37 C.F.R. 1.62, it is requested that this application utilize the file wrapper and contents of said prior application to constitute this continuation application, but that a new application serial number be assigned.

The filing fee is calculated as follows for a Large Entity:

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
600 FIRST UNION TOWER
REENSBCRO, N.C. 27401

ELEPHONE 910/273-4422

IFC-02393

|                                      | Rate         | Fee     |
|--------------------------------------|--------------|---------|
| Total Claims in Excess of 20    =    | 5 x $22 =    | $110    |
| Independent Claims in Excess of 3 =  | 1 x $80 =$   | 80      |
|                        Basic Fee=    |              | $770    |
|                  Total Filing Fee=   |              | $960    |

A check for $960 for the total filing fee is attached. However, if there is any discrepancy in the above calculated fees, applicant hereby requests the Commissioner to charge any additional fees due to our Deposit Account No. 18-1164.

Amend the specification by inserting before the first line the following statement: --This application is a continuation of Application Serial No. 08/622,928 filed March 27, 1996, which is a file wrapper continuation of Appln. Serial No. 08/477,278, filed June 7, 1995, which is a file wrapper continuation of Appln. Serial No. 08/293,749, filed August 22, 1994 and now abandoned, which is a file wrapper continuation of Appln. Serial No. 07/922,918, filed July 31, 1992 and now abandoned..--



The power of attorney in the prior application is to: C. Robert Rhodes, Reg. No. 24,200; Edward W. Rilee, Jr., Reg. No. 31,869; Howard A. MacCord, Jr., Reg. No. 28,639; Jack B. Hicks, Reg. No. 34,180; David D. Beatty, Reg. No. 38,071; Pat Winston Kennedy, Reg. No. 36,970; James L. Lester, Reg. No. 38,721; Gilbert J. Andia, Jr., Reg. No. 38,815; Larry L.

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
1600 FIRST UNION TOWER
GREENSBORO, N.C. 27401
TELEPHONE 910/273-4422

2

IFC-02394

Coats, Reg. No. 25,620; David E. Bennett, Reg. No. 32,194; and William J. Mason, Reg. No. 22,948.

The power appears in the original papers in the prior application Serial No. 08/622,928. Address all future communications to:

> Rhodes, Coats & Bennett, L.L.P.
> P. O. Box 2974
> Greensboro, North Carolina 27402

Please direct all telephone calls to the undersigned attorney at (910) 273-4422.

Respectfully submitted,

Howard A. MacCord, Jr.
Reg. No. 28,639

Date:  December 30, 1996

File No.  2626-10

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
600 FIRST UNION TOWER
GREENSBORO, N.C. 27401

TELEPHONE 910/273-4422

3

CERTIFICATE OF MAILING

I HEREBY CERTIFY THAT THIS DOCUMENT IS BEING DEPOSITED WITH THE UNITED STATES POSTAL SERVICE AS FIRST CLASS MAIL IN AN ENVELOPE ADDRESSED TO: COMMISSIONER of PATENTS AND TRADEMARKS, WASHINGTON, D.C. 20231, on

_____ (Date of Deposit)

_____
Name of Depositor

_____
Signature

_____
Date of Signature

IFC-02395

PTO-103X
(Rev. 8-95)

**FILING RECEIPT**

**CORRECTED**



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
**ASSISTANT SECRETARY AND COMMISSIONER**
**OF PATENTS AND TRADEMARKS**
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | GRP ART UNIT | FIL FEE REC'D | ATTORNEY DOCKET NO. | DRWGS | TOT CL | IND CL |
|---|---|---|---|---|---|---|---|
| 08/775,666 | 12/31/96 | 1105 | $960.00 | 2626-10 | 2 | 25 | 4 |

RHODES COATS & BENNETT
P O BOX 2974
GREENSBORO NC 27402

Receipt is acknowledged of this nonprovisional Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. If an error is noted on this Filing Receipt, please write to the Application Processing Division's Customer Correction Branch within 10 days of receipt. Please provide a copy of the Filing Receipt with the changes noted thereon.

**Applicant(s)**

JAMES R. MCCULLOCH, PROVIDENCE, RI.

CONTINUING DATA AS CLAIMED BY APPLICANT—
            THIS APPLN IS A CON OF  08/622,928 03/27/96
            WHICH IS A CON OF  08/477,278 06/07/95
            WHICH IS A CON OF  08/293,749 08/22/94
            WHICH IS A CON OF  07/922,918 07/31/92

FOREIGN FILING LICENSE GRANTED 02/02/97
TITLE
TRANSFER PRINTING FLOCKED FABRIC

PRELIMINARY CLASS: 008

(see reverse)

IFC-02396

LICENSE FOR FOREIGN FILING UNDER
Title 35, United States Code, Section 184
Title 37, Code of Federal Regulations, 5.11 & 5.15

GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase
"FOREIGN FILING LICENSE GRANTED" followed by a date appears on the
reverse side of this form.  Such licenses are issued in all applications where
the conditions for issuance of a license have been met, regardless of whether
or not a license may be required as set forth in 37 CFR 5.11.  The scope and
limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license
has been issued under 37 CFR 5.15(b).  The license is subject to revocation upon
written notification.  The date indicated is the effective date of the license, unless
an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or
after the effective date thereof unless it is revoked.  This license is automatically
transferred to any related application(s) filed under 37 CFR 1.62 which meets the
provisions of 37 CFR 5.15(a).  This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a
licensee for the security of the subject matter as imposed by any Government
contract or the provisions of existing laws relating to espionage and the
national security or the export of technical data.  Licensees should apprise
themselves of current regulations, especially with respect to certain
countries, of other agencies, particularly the Office of Defense Trade Controls,
Department of State (with respect to Arms, Munitions and Implements of War
(22 CFR Parts 121-128) ); the Office of Export Administration, Department of
Commerce (15 CFR 370.10 (j) ); the Office of Foreign Assets Control,
Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

NOT GRANTED

No license under 35 U.S.C. 184 has been granted at this time, if the phrase
"FOREIGN FILING LICENSE GRANTED"  DOES NOT appear on the reverse
side of this form.  Applicant may still petition for a license under 37 CFR 5.12,
if a license is desired before the expiration of 6 months from the filing date of the
application.  If 6 months has lapsed from the filing date of this application and the
licensee has not received any indication of a secrecy order under 35 U.S.C. 181,
the licensee may foreign file the application pursuant to 37 CFR 5.15(b).

IFC-02397

# TAB 31

UNITED STATE‎ ‍ ᴅEPARTMENT OF COMMERCI
Patent and Tr‍ ‍emark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| SERIAL NUMBER | FILING DATE | FIRST NAMED INVENTOR | | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 08/775,666 | 12/31/96 | MCCULLOCH | J | 2626-10 |

| EXAMINER |
|---|

| ART UNIT | PAPER NUMBER |
|---|---|

RHODES COATS & BENNETT
P O BOX 2974
GREENSBORO NC 27402

11M1/0827

1105            3/

DATE MAILED:    06/27/97

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

☑ This application has been examined    ☑ Responsive to communication filed on 12/31/96    ☑ This action is made final

A shortened statutory period for response to this action is set to expire ___3___ month(s), _____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☐ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice of Draftsman's Patent Drawing Review, PTO-94
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of Informal Patent Application, PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐ _____

**Part II    SUMMARY OF ACTION**

1. ☐ Claims _1-10, 12, 13, 15-20_ _____ are pending in the application

   Of the above, claims _____ are withdrawn from consideration.

2. ☑ Claims _11, 14, 21-25_ _____ have been cancelled.

3. ☐ Claims _____ are allowed.

4. ☑ Claims _1-10, 12-13, 15-20_ _____ are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings
   are ☐ acceptable; ☐ not acceptable (see explanation or Notice of Draftsman's Patent Drawing Review, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____, has (have) been ☐ approved by the
    examiner; ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed _____, has been ☐ approved; ☐ disapproved (see explanation).

12. ☐ Acknowledgement is made of the claim for priority under 35 U.S.C. 119. The certified copy has ☐ been received ☐ not been received
    ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appppears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in
    accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

**EXAMINER'S ACTION**

PTOL-326 (Rev. 2/93)

IFC-02399

Serial No. 08/775,566                                                    2

Art Unit   1105

   1.  The following is a quotation of 35 U.S.C. § 103 which forms
the basis for all obviousness rejections set forth in this Office
action:

   A patent may not be obtained though the invention is not
   identically disclosed or described as set forth in
   section 102 of this title, if the differences between the
   subject matter sought to be patented and the prior art are
   such that the subject matter as a whole would have been
   obvious at the time the invention was made to a person
   having ordinary skill in the art to which said subject
   matter pertains.  Patentability shall not be negatived by
   the manner in which the invention was made.

   Subject matter developed by another person, which qualifies
   as prior art only under subsection (f) or (g) of section 102
   of this title, shall not preclude patentability under this
   section where the subject matter and the claimed invention
   were, at the time the invention was made, owned by the same
   person or subject to an obligation of assignment to the same
   person.

2.    Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C.

§ 103 as being unpatentable over Rejto or Masaki in view of Smith

et al.

   The references are applied as in the previous rejections in

the parent cases.  Applicants arguments are not persuasive.  In

rebutting this rejection in his response, applicant also rebutted

the patent to Katz which was discussed with applicant's attorney

in the interview of December 1, 1993, which patent was entered

into the file as part of the European search report.

   Applicant states in summary that he acknowledges that

pigmented adhesive has been used in the prior art for bonding

flocked material.  He states that the prior art fails to

recognize that transfer printing of disperse dyes onto flocked

IFC-02400

Serial No. 08/775,566                                              3

Art Unit    1105


fabrics in which the fibers are adhered with a dark adhesive
would produce a product with deep, dark shades and less grin-
through and crocking.

    Applicant further states that Smith et al provides an
adhesive composition with so little blue pigment as to impart no
color to that adhesive or cement.

    Examiner sees no novelty in adding a particular color
pigment to a composition when adding any color is known.
Applicant states in his specification that improvements by using
the dark pigment include less grin-through and crocking.  Yet
applicant has shown no comparative evidence that such is the
case.  Examiner has studied the samples that applicant has
submitted.  Examiner fails to see any appreciable difference
between the samples submitted.  Were the samples with the dark
adhesive backing made using the exact same process conditions
except for the pigment in the adhesive?  If this is the case,
they do not represent a comparison between this invention and the
prior art.  When the adhesive is pigmented, the known process of
screen printing can be carried out under different temperature
and pressure conditions.  Those conditions are critical to
applicant's invention and as such should be claimed as an
integral part of the process.  Applicant has not submitted any
examples or comparative examples in his specification or in
declaration form to substantiate or even illustrate the claimed

IFC-02401

Serial No. 08/775,566                                                                    4

Art Unit   1105

superiority of his product over the products of the prior art.
Applicant has provided no test data as to the decreased grin-
through or crocking.

3.    Claims 1-10, 12, 13, 15-20 are rejected under 35 U.S.C.
§ 112, second paragraph, as being indefinite for failing to
particularly point out and distinctly claim the subject matter
which applicant regards as the invention.

    The terms "dark" and "deep dark" are still indefinite.

    The patent to Orton, 4,427,414 is included because of its
discussion of the matching of backing color to face color and the
problem of "grinning through".

    This is a continuation of applicant's earlier application
S.N. 08/622,928. All claims are drawn to the same invention
claimed in the earlier application and have been rejected four
times previously over the same art. Accordingly, **THIS ACTION IS
MADE FINAL** even though it is a first action in this case. See
M.P.E.P. § 706.07(b). Applicant is reminded of the extension of
time policy as set forth in 37 C.F.R. § 1.136(a).


    A SHORTENED STATUTORY PERIOD FOR RESPONSE TO THIS FINAL
ACTION IS SET TO EXPIRE THREE MONTHS FROM THE DATE OF THIS
ACTION.  IN THE EVENT A FIRST RESPONSE IS FILED WITHIN TWO MONTHS
OF THE MAILING DATE OF THIS FINAL ACTION AND THE ADVISORY ACTION
IS NOT MAILED UNTIL AFTER THE END OF THE THREE-MONTH SHORTENED
STATUTORY PERIOD, THEN THE SHORTENED STATUTORY PERIOD WILL EXPIRE
ON THE DATE THE ADVISORY ACTION IS MAILED, AND ANY EXTENSION FEE
PURSUANT TO 37 C.F.R. § 1.136(a) WILL BE CALCULATED FROM THE
MAILING DATE OF THE ADVISORY ACTION.  IN NO EVENT WILL THE
STATUTORY PERIOD FOR RESPONSE EXPIRE LATER THAN SIX MONTHS FROM

Serial No. 08/775,566                                                    5

Art Unit   1105


THE DATE OF THIS FINAL ACTION.


    Any inquiry concerning this communication should be directed
to Margaret Einsmann at telephone number (703) 308-3826.


MARGARET EINSMANN
PRIMARY EXAMINER
GROUP 1100

Einsmann
June 26, 1997

IFC-02403