# TAB 3

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Application of: James R. McCulloch
Serial No.: 09/192,393
Filed: November 13, 1998
For: TRANSFER PRINTING FLOCKED FABRIC

Examiner: M. Einsmann
Art Unit: 1751

RECEIVED

MAR 15 1999,

Assistant Commissioner for Patents
Washington, DC 20231

Sir:

GROUP 1700

## PRELIMINARY AMENDMENT

Attached is this firm's check in the amount of $78.00 for one additional independent

claim. If any other fees for this amendment are required, Applicant requests that this be

considered a Petition therefor. The Commissioner is hereby authorized to charge any

additional fees which may be required to Deposit Account 18-1164. Prior to examining this

application, please amend it as follows:

**In the Specification:**

On page 3, line 23, change the period to - -; and- -.

On page 3, after line 23, insert - -FIGURE 3 is an enlarged, schematic view of an

alternate embodiment of the fabric according to the invention.- -

On page 4, line 16, after "in," insert - -a fabric 132 seen in FIGURE 3 with- - and after

"fibers," insert - -18, 118- -.

On page 4, line 17, after "fibers," insert - -118- -.

On page 4, line 18, after the first occurrence of "fibers," insert - -121- - and after the

second occurrence of "fibers," insert - -120- - and after "adhesive," insert - -123- -.

**In the Claims:**

In claim 11, line 3, delete ", and a softer hand".

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
100 FIRST UNION TOWER
GREENSBORO, N. C  27401
TELEPHONE 336/273-4422

In claim 12, line 5, after "dye," insert - -said fabric- -.

Amend claim 20, second line, by inserting the word - -air- - before "texturizing."

Cancel claims 11, 14, 21-25.

Please amend claim 13 as follows:

13.    (Amended)  A method of [printing a] producing a transfer printed, flocked

fabric comprising the steps of:

adhering undyed thermoplastic fibers to a substrate with a dark pigmented

adhesive so that the fibers have a lower portion adhered to the substrate and an upper portion

forming a nap and thereby forming a flocked fabric, and

transfer printing the flocked fabric.

Please add new claims 26 and 27 as follows:

26.    A transfer printed, flocked fabric comprising a textile substrate, raised

thermoplastic fibers on the substrate, an overall dark pigmented adhesive adhering lower parts

of said fibers to said substrate and disperse dye distributed as a result of the transfer printing

to form a pattern in upper portions only of the nap-forming part of said thermoplastic fiber,

without said pattern-forming disperse dye penetrating to the depth of the nap.

27.    A method of printing a flocked fabric comprising the steps of:

adhering undyed thermoplastic fibers to a textile substrate with an overall dark

pigmented adhesive so that the fibers have a lower part adhered to the substrate and an upper

part forming a nap and thereby forming a flocked fabric, and

transfer printing the flocked fabric using a disperse dye so that said disperse

dye is distributed to form a pattern in the upper portions only of the nap-forming part of the

fibers without said pattern-forming disperse dye penetrating to the depth of the nap.

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
100 FIRST UNION TOWER
GREENSBORO, N C 27401
TELEPHONE 336/273-4422

2

IFC-02471

## Remarks

This application is the latest in a series of applications on this subject matter.  In one of the earlier applications, the Examiner rejected the claims on the basis of obviousness from the disclosure of U.S. Patent No. 4,049,374 to Rejto or U.S. Patent No. 4,314,813 to Masaki in view of the disclosures of U.S. Patent No. 2,308,429 to Smith et al. or U.S. Patent No. 4,963,422 to Katz et al.

The present invention solves a number of problems including grin-through, crock-fastness and, as has been more recently confirmed, light-fastness, that plagued prior transfer printed flocked fabrics.

The Examiner has taken the position that Masaki and Rejto teach transfer printing of flocked fabric but do not disclose using a pigmented adhesive to adhere the flock to the substrate. The Examiner points to Smith et al. and Katz as teaching using pigmented adhesives to adhere flock to a substrate.  The Examiner concluded from that that it would have been obvious to use a pigmented adhesive to adhere flock to substrate in combination with transfer printing of the substrate.

The Office Action included statements by the Examiner to the effect that part of the rationale for maintaining the rejection was that no evidence was submitted showing the asserted improvements, such as test data showing decreased grin-through or crocking.  The Examiner suggested consideration be given to the submission of evidence showing unexpected superiority over the prior art.

The Examiner is no doubt curious as to why a number of continuations have been filed without substantive prosecution.  The reason is that applicant had intentions to run the tests to

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
100 FIRST UNION TOWER
REENSBORO, N. C 27401
ELEPHONE 336/273-4422

3

IFC-02472

generate the evidence suggested by the Examiner, but was having difficulty in arranging scheduling of the test. That has now been accomplished, and the enclosed declaration of William F. Laird under 37 C.F.R. §1.132 demonstrates the advantages of the invention with test results and samples for the Examiner's consideration.

Mr. Laird's declaration includes and points to examples where the <u>crock-fastness</u> has been significantly improved, as can be clearly seen on the test fabrics accompanying his declaration.

The samples in Mr. Laird's declaration also demonstrate the improved <u>light-fastness</u> made possible by the present invention.

Thus, the Examiner has now been presented with laboratory test data showing improvements in the fabric as compared with examples used in prior art technology. These specimens and Mr. Laird's affidavit should satisfy the Examiner that, indeed, unexpected results are made possible by the claimed invention. Note the comments of Mr. Laird's declaration that fabrics made in accordance with the invention make up half of applicant's assignee's production, evidencing commercial success, a recognized secondary consideration for overcoming *prima facie* obviousness.

Counsel has amended the specification and claims to conform with amendments made in one of the previous applications in the chain of applications. In addition, new claims 26 and 27 have been added. These claims have recently been accepted by the European Patent Office for patenting in Europe, and it is believed they are also patentable under U.S. law.

Finally, attached is a Form PTO 1449 adding an additional Japanese reference which has been cited in the earlier chain of cases to which the Examiner is directed for copies of the

RHODES, COATS
& BENNETT. L.L.P.
ATTORNEYS AT LAW
100 FIRST UNION TOWER
REENSBORO. N C 27401
ELEPHONE 336/273-4422

4

IFC-02473

Japanese reference. That reference had been omitted from the previously filed Information Disclosure Statement in this application through inadvertence.

Applicant believes the case is in condition for immediate allowance and such action is respectfully requested. However, if any issue remains unresolved, Applicant's attorney would welcome the opportunity for a telephone interview to expedite allowance and issue.

Respectfully submitted,

Howard A. MacCord, Jr.
Registration No. 28,639
(336) 273-4422

Date: March 11, 1999
File No.: 2626-012

RHODES, COATS
& BENNETT, L.L.P.
ATTORNEYS AT LAW
600 FIRST UNION TOWER
REENSBORO, N. C. 27401
ELEPHONE 336/273-4422

5

IFC-02474