UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION,<br><br>          Plaintiff,<br>v.<br><br>MICROFIBRES, INC.,<br><br>          Defendant. | Civil Action No. 3:02-CV-1267 (AVC) |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
PROPOSED CLAIM CONSTRUCTION**

**ORAL ARGUMENT REQUESTED**

I. **Introduction**

Microfibres' opposition to Intermark's proposed claim construction, if anything, shows that the term "dark" as it is used in the '021 patent is indefinite. In response to the Patent Office's rejection that the term "dark pigmented adhesive" was indefinite, Microfibres asserted "whether the pigmented adhesive is a light or dark color is something every first-grader knows and needs no elaboration." Nevertheless, the parties' respective experts disagree as to the scope of this term.

Although the term is indefinite, as the Court is aware, the purpose of Intermark's motion is to discern the scope of the claims of the '021 patent as the claims are limited to "dark" pigmented adhesives. In its opposition, Microfibres has clearly limited the scope of the products that it believes to be at issue in this case to those Frosty products that have a dark black adhesive.

Before turning to the substantive issues, in its Opposition, Microfibres has unfortunately chosen to disparage Intermark and its lawyers by arguing that its lawyers have "manufactured" this dispute. One would think that if Microfibres truly believed this to be the case, Microfibres' counsel would have uttered some objection to the filing of the motion during the status conference with the Court in May of 2006 when the filing of this motion was specifically discussed.

II. **Argument**

A. **Microfibres' Expert Supports the Conclusion that "Dark" Is Indefinite**

Microfibres relies solely on <u>Unitherm Food Sys., Inc. v. Swift-Eckrich Inc.</u>, 375 F.3d 1341 (Fed. Cir. 2004), *rev'd on other grounds*, 126 S.Ct. 980 (2006) for the proposition that the Court must rely on a dictionary definition of the term "dark." Microfibres fails to discuss

- 1 -

Phillips v. AWH Corp., 415 F.3d. 1303 (Fed. Cir. 2005) which is the seminal case on the issue of claim construction using extrinsic evidence. In addition to dictionaries, the court in Phillips held that "evidence in the form of expert testimony can be useful to a court for a variety of purposes, such as … to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field." Id., see also Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1348 (Fed. Cir. 2005) (citing to Phillips, the court noted "while we have emphasized the importance of intrinsic evidence in claim construction, we have also authorized the district courts to rely on extrinsic evidence, such as expert testimony"). The court is thus not limited to a dictionary.

In arguing that the court should look to a dictionary, Microfibres cites to Webster's Ninth New Collegiate Dictionary which defines dark as "of colors, of low or very low lightness." (See Opposition at p. 9). This was the very same language used by Intermark's expert, Dr. Perry, in his report wherein he opined: "the word 'dark' describes a color of low or very low lightness." (See Perry Declaration, p. 4, attached as Ex. 6 to Intermark's Motion for Proposed Claim Construction.) Dr. Perry simply used the Munsell color system to define the metes and bounds of a color limitation that is very much a subjective term. See Unitherm Food Sys., Inc. v. Swift-Eckrich Inc., 375 F.3d at 1350 ("colors can indeed pose challenging constructions tasks"). Microfibres misstates Dr. Perry's definition of dark as a Value of 1 in the Munsell color system. (See Opposition, p. 10) In reality, Dr. Perry defined "dark pigmented adhesives" as "those having a low or very low lightness and thus a Value of 1 or very close to 1 in the Munsell system." (See Perry Declaration, p. 6). Microfibres' own purported expert also used the Munsell color system in an attempt to define the metes and bounds of this otherwise indefinite term. Consequently, the parties do not seem to be in disagreement as to the use of the

Munsell color system but only as to the range of Values within the Munsell color system that describe the term "dark".

As can be seen, even the experts themselves cannot agree on what "dark" means. If the experts can't agree here, how does the patent provide adequate notice to the public as to the metes and bounds of the claims? In short, it doesn't provide such an adequate notice because the term "dark" is indefinite. See 35 U.S.C. § 112, ¶ 2, see also <u>Datamize, LLC v. Plumtree Software, Inc.</u>, (Fed. Cir. 2005) (the term "aesthetically pleasing" is indefinite).

### B. Intermark's Purported Agreement to the Definition of the Term "Dark"

Microfibres references the testimony of Mr. Lucchesi, the President of Intermark, as the sole support for its proposition that the parties have agreed to the definition of the term dark. (See Opposition at p. 6) In the testimony referenced, Microfibres italicizes the words "black adhesive" and "dark adhesive" apparently to show that Mr. Lucchesi equates a black adhesive to dark adhesive. In making this argument with the reference to Mr. Lucchesi's testimony, Microfibres has clearly limited the scope of the Frosty product that it believes to be at issue in this case to that Frosty product that has a dark black adhesive. (See Opposition at p. 6)

However, as a point of clarification with respect to the Frosty product line, Mr. Lucchesi did testify that a flocked fabric with a black adhesive and natural flock that is manufactured by Intermark is a Frosty product. However, that does not mean that all Frosty products are limited to black adhesives. Frosty, as an overall product line, is made with not only black pigmented adhesive but is also made with lighter colors. See Deposition of Wayne Turcotte at p. 43, lines 15 - 25 attached hereto as Exhibit 1. Microfibres has just chosen to limit its allegations to a subset of the overall Frosty product line, i.e those with dark black pigmented adhesives.

- 3 -

### C. Intermark's Definition Does Not Violate the Court's Scheduling Order

As the Court will recall, a telephonic status conference was held with the Court in May of 2006 to discuss a trial date and any issues that needed to be addressed prior to trial. During that conference, Intermark indicated to the Court that the term "dark" under the '021 patent will need to be construed by the Court. As a result, the Court instructed the parties to file a motion for the proposed claim construction. At no time during the conference, did Microfibres raise an objection to the filing of a claim construction motion. To argue that Intermark has violated the Court's scheduling order is disingenuous.

Additionally, as Microfibres' counsel is fully aware, it is normal course of business to include the opinion of an expert in support of a proposed claim construction. Intermark's expert is Dr. Ronald Perry who Intermark identified in the early stages of this case years ago and who Microfibres has deposed in the past. Although Microfibres complains now of Intermark's use of an expert, it has retained its own purported expert to support its own proposed claim construction. Microfibres never identified this individual during this case until about two weeks ago when his declaration was attached to Microfibres' opposition to this motion. If any party has been prejudiced, it is Intermark by way of Microfibres' inclusion of a wholly new expert on the eve of trial. Furthermore, Microfibres' expert is not a qualified expert. This case is about flocked fabric, a textile. Microfibres' purported expert has no experience in textiles. Dr. Perry on the other hand is a qualified expert not only in textiles but also on issues of color with respect to textiles.

### III. Conclusion

Based on the above, Intermark respectfully requests that this Court hold that the term "dark" be defined as "a color having a value of 1 or close to 1 under the Munsell System."

- 5 -

        Respectfully submitted:
        Intermark Fabric Corporation


By:   /s/Charles F. O'Brien
      Charles F. O'Brien (ct 22074)
      William J. Cass, (ct 12806)
      CANTOR COLBURN LLP
      55 Griffin Road South
      Bloomfield, CT 06002
      Telephone: (860) 286-2929
      Facsimile: (860) 286-0115

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Plaintiff, Intermark Fabric Corporation's Reply Brief in Support of Plaintiff's Proposed Claim Construction was filed on September 5, 2006 via the Court's ECF system and all counsel of record registered with the ECF system will be notified by via the Court's ECF system.

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: __/s/Charles F. O'Brien__