UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| INTERMARK FABRIC CORPORATION,<br>　　　Plaintiff,<br><br>　　　v.<br><br>MICROFIBRES, INC.<br>　　　Defendant. | Civil Action No. 3:02 CV 1267 (AVC) |

**PLAINTIFFS MOTION IN LIMINE TO EXCLUDE:**

**THE DEFENDANT FROM CALLING MICHAEL POMINANEK AND ERIC HUMMEL FOR FAILING TO DISCLOSE THE WITNESSES UNDER THE RULE 26 (INITIAL DISCLOSURES) AND IN ANSWERS TO INTERROGATORIES**

I. **INTRODUCTION**

The Plaintiff commenced this action for declaratory judgment of non-infringement and patent invalidity relating to U.S. Patent No. 5,981,021, entitled *Transfer Printed Flocked Fabric*.

The action was filed on July 23, 2002. On September 7, 2006, Plaintiff received the Defendant's proposed witness list, listing Michael Pomianek and Eric Hummel. See Declaration of William J. Cass, Esq., Exhibit A, Defendant Microfibres, Inc.'s Draft Witness List.

On December 2, 2002, Microfibres served its Initial Disclosures and did not list these individuals as having discoverable information. See Declaration of William J. Cass, Esq., Exhibit B, Defendant Microfibres Inc.'s Initial Disclosures Under Rule 26. Additionally, the Plaintiff Intermark served interrogatories requesting the identity of individuals having knowledge with respect to issues of infringement and invalidity. Messrs. Michael Pomianek and Eric Hummel were not disclosed. See Declaration of William J. Cass, Esq., Exhibit C, Defendant Microfibres, Inc.'s Answers to Interrogatories.

Therefore, the Plaintiff Intermark Corporation seeks an order to exclude the testimony of Michael Pomianek and Eric Hummel due to Microfibres' failure to comply with the provisions of Rule 26 and withholding the identity of these individuals in answers to interrogatories.

**II.     BACKGROUND**

    a. Overview

In 1989, the Plaintiff, Wayne Turcotte, of Intermark, created a flocked fabric with a dark pigmented adhesive called "Frosty." A flocked fabric is created by taking a substrate, such as a woven textile, coating an adhesive onto the textile substrate, and placing the coated substrate in a flocking chamber. In the flocking chamber, small pieces of flock, typically short pieces of nylon strands, are electrostatically charged, causing them to adhere into the adhesive in an upward orientation. The result is a material which has the appearance of velvet. Flocked fabrics have a wide range of applications such as clothing and upholstery. Flocked fabrics may be printed by a variety of printing methods – such as transfer printing and wet printing. Flocked fabrics are frequently referred to as Greige goods prior to finishing operations such as transfer printing. Mr. Turcotte specifically designed the Frosty product to be capable of being transfer printed by manufacturing Frosty with a Type 66 nylon flock, which is the type of flock that will not melt during the transfer printing process.

From 1989, Intermark was selling the *Frosty* product with dark pigmented adhesives, however, the pigmented adhesives used for *Frosty* also included many shades which are not dark, including, white, tan, etc. The original name of Frosty was Cosmos. Intermark also sells another product known as *Flash*.

Microfibres, Inc., and its President, James R. McCulloch ("McCulloch"), certainly knew of Intermark's *Frosty* product prior to filing his application for a patent on July 31, 1992. Prior to applying for a patent, Microfibres supplied the nylon flock used to make the *Frosty* product, and was informed by Intermark of a quality issue with its

3

flock. Moreover, Intermark informed Microfibres of the need for consistent flock for various printing applications, including transfer printing.

In July of 1992, McCulloch applied for a patent for transfer printing on a textile substrate in which the flock was adhered to the substrate with a dark pigmented adhesive. Microfibres never informed the Patent Office of Intermark's *Frosty* product. For approximately seven years, the Patent Office rejected McCulloch's application. Microfibre's distinguished the prior art cited by the Patent Office by representing that the use of dark pigments was unknown, even though Mr. McCulloch was aware of the *Frosty* product. In distinguishing a patent to Smith, Microfibres represented that even though the use of a pigment in Smith was disclosed, the pigment used would not impart significant color to the adhesive. The examiner relied on this statement as indicated in the Reasons for Allowance.

Thus, on November 9, 1999, the '021 patent issued to McCulloch and was later assigned to Microfibres, which has been owned by McCulloch's family for several generations.

Microfibres has now accused Intermark, and its customers, of infringing the '021 patent, by selling *Frosty*. Microfibres has contacted various customers of Intermark. Intermark commenced this declaratory judgment action under the patent laws of the United States, seeking a declaration that it does not infringe the '021 patent and that the '021 patent is invalid. Intermark has since ceased operations.

The Intermark *Frosty* and *Flash* products were conceived, reduced to practice, offered for sale, publicly disclosed and known to the inventor, McCulloch, before he applied for his patent.

4

Intermark's contentions with respect to patent invalidity are numerous. For example, during discovery it also revealed that Microfibres began using dark pigmented adhesives for flocked fabrics in the early 1980's, and again never disclosed this information to the Patent Office. Other companies besides Intermark were also in the marketplace with a flocked fabric with a dark pigmented adhesive, used for transfer printing, prior to the bar date of the patent, which is July 31, 1991. Intermark has also uncovered flocking publications that predate the patent and which specifically teach a transfer printed flocked fabric with a pigmenting the adhesive.

Thus, Intermark contends that the '021 patent is invalid as anticipated under 35 U.S.C. §102 in light of (a) multiple prior art references, (b) prior knowledge and use of the invention and (c) sales of the invention more than a year before the filing date. Intermark also contends that the '021 patent is invalid under 35 U.S.C. §102(f) because McCulloch did not himself invent that subject matter of the '021 patent, or at a minimum was not the sole inventor as he claimed. The '021 patent is further invalid as obvious under 35 U.S.C. §103 based on prior art not before the examiner.

In addition to being invalid, the '021 patent is unenforceable based upon McCulloch's fraudulent procurement in obtaining the patent, including: McCulloch's intentional withholding of material information from the Patent Office concerning Intermark's Frosty product; McCulloch's intentional withholding of material information concerning Microfibres' use of dark pigmented adhesives to construct flocked fabrics in the 1980's; McCulloch's statements that with his invention the pressure used to transfer print the material could be reduced to 10 to 59 pounds, even though Microfibres had been using such pressures for years; and the inventor's admitted intentional failure to disclose

the best mode of the invention. Further, McCulloch derived his alleged invention from his knowledge of Intermark's products and committed unfair trade practices by using the business relationship between Intermark and Microfibres, learning of Intermark's processes and products, and passing them off as his own, fraudulently obtaining a patent, contacting Intermark's customers, and commencing litigation against Intermark without testing Intermark's products.

In addition to a declaration of non-infringement and patent invalidity, Intermark has brought claims for patent misuse and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). Intermark is also seeking its attorneys' fees for this action pursuant to 35 U.S.C. §285.

    b. <u>Microfibres' Duty to Disclose The Witnesses On Which It Intended To Rely</u>

There has been significant discovery in this action. Between the parties, there have been nineteen depositions, of which four were expert witnesses. Every witness that appears on the Plaintiff's proposed witness list was deposed by the parties in this action and was made known to the Defendant in discovery through deposition, Plaintiff's Initial Disclosures Pursuant to Rule 26, and Plaintiff's Answers to Interrogatories. See Declaration of William J. Cass, Esq., Exhibit D, Plaintiff's Initial Disclosure and Exhibit E, Plaintiff's Answers to Interrogatories.[1]

The action was filed on July 23, 2002. On September 7, 2006, Plaintiff received the Defendant's proposed witness list, listing Michael Pomianek and Eric Hummel. See Declaration of William J. Cass, Esq., Exhibit A, Defendant Microfibres, Inc.'s Draft Witness List.

---

[1] Intermark's motions for Summary Judgment further disclosed in great detail the facts known to witnesses and their relationship to each other.

6

As a preliminary matter Microfibres has failed to even provide the addresses of these two witnesses. It is unclear in what capacity Messrs. Michael Pomianek and Eric Hummel will be called as witnesses. In any event, it is well beyond the eleventh hour to be disclosing the identity of new witnesses on the eve of trial. Jury selection is scheduled for September 28, 2006 with trial to begin on October 2, 2006.

Microfibres ignored its discovery obligations to Intermark. On December 2, 2002, Microfibres served its Initial Disclosures and did not list these individuals as having discoverable information. See Declaration of William J. Cass, Esq., Exhibit B, Defendant Microfibres Inc.'s Initial Disclosures Under Rule 26. Additionally, the Plaintiff Intermark served interrogatories requesting the identity of individuals having knowledge with respect to issues of infringement and invalidity. Messrs. Michael Pomianek and Eric Hummel were not disclosed. See Declaration of William J. Cass, Esq., Exhibit C, Defendant Microfibres, Inc.'s Answers to Interrogatories.

**III.    THE LAW**

Rule 26 of the Federal Rules of Civil Procedure, provides in relevant part:

(a)    Required Disclosures; Methods to Discover Additional Matter.

    (1)    Initial Disclosures. Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise, stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

        (A)    the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

"Use" under Rule 26 is intended to be broadly construed, including use during the pretrial phase of proceedings as well as at trial. For example, submitting an affidavit

from an individual on a motion would constitute "use" of that individual's information. If the affidavit is submitted to support a claim or defense (e.g., on an injunction motion), the individual would be subject to mandatory disclosure. The potential penalty for failure to provide identifying information in the initial disclosure is exclusion of the witness, no matter how innocuous his or her evidence might be. *See* § 26.27 (Fed. R. Civ. P. 37(c)(1) (which provides for disqualification of witnesses and evidence or other appropriate sanctions for failure to make required disclosures); *see also Frazier v. Layne Christensen Co.*, 370 F.Supp. 2d 823, 827-828 (W.D. Wis. 2005*), vacated in part on other grounds*, 380 F.Supp. 2d 989 (W.D. Wis. 2005) (court struck affidavits of 16 individuals submitted by defendant in support of summary judgment motion because affiants were not identified in defendant's Rule 26(a) disclosures). Moore's Federal Practice 3rd. § 26.22[4][A], p. 26-66.1.

Microfibres failed to identify Messrs. Michael Pomianek and Eric Hummel pursuant to its obligations under Rule 26 and further withheld the identity of these individuals in its answers to interrogatories.

Microfibres first disclosed Mr. Pominanek in this matter in conjunction with a motion for prejudgment remedy and disclosure of assets filed in November of 2005. Mr. Pominanek prepared an "experts report" which was attached to the motion for prejudgment remedy. This report addressed Intermark's allegations of inequitable conduct and invalidity in an attempt to support Microfibres' claims for a prejudgment remedy.

Expert reports in this case regarding Microfibres' claims of infringement and Intermark's claims of invalidity and unenforceability were due in June of 2003 and all

8

fact discovery, including depositions of experts, were to be concluded in September of 2003. Never during this time period did Microfibres ever provided any notice that Mr. Pominanek was to be a witness in this case, never mind an expert witness to rebut all of Intermark's claims of invalidity and unenforceability claims and defenses. Instead, Microfibres first disclosed the existence of Mr. Pominanek <u>over</u> <u>two</u> <u>years</u> after fact discovery had closed. Now, three weeks before trial and <u>three</u> <u>years</u> after fact discovery closed, Microfibres has informed Intermark that it intends to call Mr. Pominanek as a witness. Moreover, Microfibres continues in its failure to inform Intermark or this Court as to whether it intends to have Mr. Pominanek testify as a fact or expert witness. Nonetheless, the matter is not cured even if Microfibres now discloses its intentions, as it is too late. Microfibres must be precluded from having Mr. Pominanek or Mr. Hummel testify at this trial in any capacity.

## IV.    CONCLUSION

The action was filed on July 23, 2002. On September 7, 2006, Plaintiff received the Defendant's Draft Witness List, listing Michael Pomianek and Eric Hummel as witnesses. On December 2, 2002, Microfibres served its Initial Disclosures and did not list these individuals as having discoverable information. Additionally, the Plaintiff Intermark served interrogatories requesting the identity of individuals having knowledge with respect to issues of infringement and invalidity. Messrs. Michael Pomianek and Eric Hummel were not disclosed.

WHEREFORE, the Plaintiff Intermark Corporation is entitled to an order to exclude the testimony of Michael Pomianek and Eric Hummel for failing to comply with

9

the provisions of Rule 26, withholding the identity of these individuals in answers to interrogatories and failing to list either as an expert witness.

                                              For the Plaintiff
                                              Intermark Fabric Corporation

                                    By: ___/s/___William J. Cass, Esq.
                                              William J. Cass (ct 12806)
                                              Charles F. O'Brien (ct 22074)
                                              CANTOR COLBURN LLP
                                              55 Griffin Road South
                                              Bloomfield, Connecticut 06002
                                              Telephone: (860) 286-2929
                                              Facsimile: (860) 286-0115

Dated: September 8, 2006

**CERTIFICATE OF SERVICE**

       I hereby certify that on September 8, 2006, a true and accurate copy of the foregoing document was filed electronically via the Court's ECF system. Notice of this filing will be sent by e-mail to the following parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405


                              By: ___/s/___ William J. Cass, Esq.
                                    William J. Cass, Esq.