States or foreign patent or patent application and the prior art materials cited by the respective patent office or uncovered as a result of search made by Microfibres or its agents in connection with the preparation or prosecution of such United States or foreign patent or patent application.

## ANSWER NO. 13

Objection. This interrogatory is overbroad and unduly burdensome. Subject to these objections, please see the patent application and history documents made available in response to Intermark's First Request for Production for U.S. Patent No. 5,981,021 issued on November 9, 1999, and European Patent 0.581.614, issued on December 8, 1999.

## INTERROGATORY NO. 14

Has Microfibres advised, notified, charged any third party (other than Intermark) with infringement of the '021 patent or sued any third party based on an allegation of infringement of the '021 patent? If so, state as to each such advisement, notification, charge or suit:

    a.    the identity of each such party or suite by court and number;

    b.    the date of such advisement, notification, charge and/or suit;

    c.    whether the advisement, notification or charge was effectuated by written or oral communication, and the identity in each case of the person or persons who communicated the advisement, notification or charge;

    d.    the identity of each and every document which constitutes, or refers or relates to such advisement, notification, charge and/or suite, or any defenses or responses to such advisement, notification, charge and/or suit; and

  e. the status of each such advisement, notification, charge or suit, and if settled identify each settlement agreement.

## ANSWER NO. 14

No. Microfibres, has, however, written and notified Intermark's affiliate, Spandauer Velours, in writing of its infringement of Microfibres' European Patent.

## INTERROGATORY NO. 15

Identify each consultant or expert employed by, retained by, or specifically employed by Microfibres in anticipation of litigation or preparation for trial, when such consultant or expert was employed or retained, and the area of expertise of each such person, and with respect to each such consultant or expert expected to be called as an expert witness at trial:

  a. State the substance of the facts and opinions to which the expert is expected to testify; and

  b. State a summary of the grounds for each opinion.

## ANSWER NO. 15

No testifying expert has been retained yet. Microfibres will make its expert disclosures as appropriate.

## INTERROGATORY NO. 16

Identify all prior art patents, prior art publications, prior art uses, sales, or offers for sale of which Microfibres is aware which relate to any of the claims of the '021 patent, and with respect to each such prior art patent, publication, use, sale or offer for sale, state:

  a. when Microfibres first became aware of the prior art patent, publication, use, sale or offer for sale;

12

b.   how Microfibres first became aware of the prior art patent, publication, use, sale or offer for sale, and from whom this knowledge was acquired;

c.   what employee, representative or agent of Microfibres first became aware of the prior art patent, publication, use, sale or offer for sale, and to whom such awareness was communicated;

d.   whether Microfibres sought and/or received any advice of counsel with respect to the relevance of, applicability of, or duty to disclose the prior art patent, publication, use, sale or offer for sale, and how and when such advice was sought and received; and

e.   identify each document seeking or communicating such advice.

**ANSWER NO. 16**

Microfibres is not aware of any prior art that teaches or suggests the claims embodied in the '021 Patent. The only prior art patents of which Microfibres is aware were those identified by the United States Patent and Trademark Office. The USPTO decided that those prior art patents did not teach or suggest the claims embodied in the '021 Patent.

**INTERROGATORY NO. 17**

Identify and describe in detail any objective indicia that Microfibres contends support the validity of the '021 patent under 35 U.S.C. § 103 including, but not limited to, any alleged:

a.   long-felt need for the alleged invention claimed in the '021 patent;

b.   satisfaction of such need by the alleged invention;

c.   problems associated with the prior art, whether of a technical, operational, functional or manufacturing nature;

d.   solving of such problem(s) by the alleged invention;

13

  e. evidence of copying by anyone of the alleged invention claimed in the '021 patent; and

  f. the commercial success of the alleged invention claimed in the '021 patent.

## ANSWER NO. 17

Objection. This interrogatory is overbroad and unduly burdensome. Without waiving these objections, the objective indicia supporting the validity of the '021 Patent are documented in Microfibres' filings with the U.S. Patent and Trademark Office, including the affidavit of William Laird which details the commercial success. The indicia are also documented by the findings of the USPTO and patent that issued. As those papers explain, the industry desired a method of creating a crock-fast, flocked fabric with deep, dark color. Prior attempts to achieve such a fabric were unsatisfactory. The industry also desired a method of texturing flocked fabric. The claims in the '021 Patent solved these problems. This response will be updated as appropriate.

## INTERROGATORY NO. 18

Identify each novelty, validity, infringement or other search made by or on behalf of Microfibres with respect to the subject matter of the '021 patent, including:

  a. the date of each search;

  b. the results of each search;

  c. the person who made the decision to request or conduct the search;

  d. the person or party who conducted the search;

  e. each patent, printed publication or other prior art reference or device located as a result of each such search; and

  f. identifying each and every document referring or relating to each such search.

## ANSWER NO. 18

Objection. This request is overbroad and unduly burdensome. Subject to these objections, please see the patent application and history documents made available in response to Intermark's First Request for Production.

## INTERROGATORY NO. 19

With respect to the '021 patent:

a. identify all persons who are current or former employees, representatives, or agents of Microfibres that have knowledge of the alleged infringement of the '021 patent by Intermark and/or by any third party;

b. identify all documents in Microfibres' possession or control relating to, pertaining to, discussing or explaining the alleged infringement of the '021 patent in suit by Intermark and/or any third party;

c. identify all documents in Microfibres' possession or control that relate to or discuss any knowledge or awareness by Microfibres, or any employees or agents of Microfibres of any infringing products manufactured or sold by Intermark and/or any third party.

## ANSWER NO. 19

**James R. McCulloch**
**James R. Fulks**
**William F. Laird**
Microfibres, Inc.
One Moshassuck Street
Pawtucket, RI 02862

**Michael Czarnecki**
836 Wellington Road
Winston-Salem, NC 27106

15

**Christian Otto**
Interior Design Munz & Partner GmbH
P.O. Box 1004
72541 Metzingen, Germany

**Igor Malinsky**
Arben International, LLC
287 Avenue X
Brooklyn, NY  11223

**Robert Zwaak**
Microfibres Europe
Lange Meire 56
B-9270 Laarne, Belgium

**Pierre Hanet**
Microfibres Europe
Lange Meire 56
B-9270 Laarne, Belgium

Please see the documents made available in response to Intermark's First Request for Production.

## INTERROGATORY NO. 20

Identify all statements made to customers or any other third parties regarding any aspect of Microfibres' allegations that Intermark infringes the '021 patent. For each such statement identify:

    a.    the exact words that comprised the statement;

    b.    the individual who made the statement;

    c.    the date of the statement; and

    d.    to whom the statement was made.

## ANSWER NO. 20

Objection. This interrogatory is overbroad and unduly burdensome. Microfibres could not possibly identify every conversation over the past several months concerning

16

Intermark's infringing activities. Without waiving these objections, Microfibres employees James Fulks, William Laird, James McCulloch, Robert Zwaak and Pierre Hanet have discussed Intermark's infringing activities with Igor Malinsky of Arben International and Christian Otto of Interior-Design, and perhaps others. The discussions have been ongoing since Microfibres discovered Intermark's infringement in the Spring of 2002.

## INTERROGATORY NO. 21

Please identify all persons of whom you have made inquiry in answering these interrogatories and, if any such person supplied you with information that you used in answering these interrogatories, specify such information and the interrogatory to which it applies.

## ANSWER NO. 21

James McCulloch and William Laird supplied information relating to the conception, reduction to practice and sale of the invention described in the '021. Patent counsel supplied information relating to the history of the '021 and the application and prosecution.

## INTERROGATORY NO. 22

Identify each and every fact upon which Microfibres bases its allegations in Count IV (Trade Libel) of its Complaint.

## ANSWER NO. 22

Objection. This interrogatory is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Microfibres has withdrawn its Trade Libel count without prejudice.

## INTERROGATORY NO. 23

Identify each and every fact upon which Microfibres bases its allegations in Count V (Violation of Connecticut Unfair Trade Practices Act) of its Counterclaim.

17

### ANSWER NO. 23

Objection. This interrogatory is overbroad and unduly burdensome. Without waiving these objections, Microfibres' claims that Intermark has violated Connecticut's Unfair Trade Practices Act in part based upon Intermark's acts of infringement, both direct and indirect. See Answer No. 1. In addition, Microfibres contends that statements made by Intermark personnel, including William Lucchesi, to the Flocked Fabric Association and its members, as well as press-releases issued by Intermark, which question the validity of Microfibres '021 and which actively request assistance to invalidate Microfibres' '021 Patent constitute unfair trade practices

18

MICROFIBRES, INC.

By: _____

SUBSCRIBED AND SWORN TO before me this 13th day of December 2002.

_____
Notary Public

BARBARA RAMSAY
Notary Public
State of Rhode Island
My Commission Expires Oct. 25, 2005

AS TO OBJECTIONS:

_____
Brent R. Canning, Esq. (CT 23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq. (CT 16419)
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

19

## CERTIFICATION

Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

    I certify that I faxed and mailed a copy of the foregoing Responses to Intermark's First Request for Production to counsel of record, as above, on December 13th, 2002.

#513957v4