# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION : | |
| : | |
| v.  : | C.A. No. 3:02-CV-1267 (AVC) |
| : | |
| MICROFIBRES, INC. : | |

**ANSWERS OF DEFENDANT, MICROFIBRES, INC. TO PLAINTIFF INTERMARK FABRIC CORPORATION'S THIRD SET OF INTERROGATORIES**

[These responses are designated under the Protective Order as "Highly Confidential - Attorneys Eyes Only"]

**INTERROGATORY NO. 1:** Please identify and describe Microfibres' market share, from 1999 to date, in the area of flocked fabric for use in the upholstery industry.

**ANSWER NO. 1:**

Objection. This interrogatory is vague and ambiguous to the extent it asks Microfibres to "identify and describe" its market share. Microfibres also objects to this interrogatory as irrelevant and not reasonably calculated to lead to admissible evidence to the extent it attempts to define a relevant market as a "flocked fabric" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an

expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

**INTERROGATORY NO. 2:** Please identify and describe Microfibres' market share, from 1999 to date, in the area of fabric for use in the upholstery industry.

**ANSWER NO 2:**

Objection. This interrogatory is vague and ambiguous to the extent it asks Microfibres to "identify and describe" its market share. Microfibres also objects to this interrogatory as irrelevant and not reasonably calculated to lead to admissible evidence to the extent it attempts to define a relevant market as a "fabric" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

Further answering, Microfibres estimates that its share of coverings sold in the United States to the furniture upholstery industry (including leather) was approximately as follows:

    1999    less than 3.7%
    2000    less than 3.7%
    2001    less than 3.2%
    2002    less than 2.5%

2

2003    less than 2%
2004    (thru July 31) less than 2%

These estimates are based on estimates of U.S. upholstery furniture sales and an estimate that 20% of such sales reflect coverings on the furniture. To the extent foreign coverings have been imported for use on such U.S. upholstery furniture, Microfibres' stated shares would be further reduced.

**INTERROGATORY NO. 3:** Please identify and describe Microfibres' market share, from 1999 to date, in the area of flocked fabric with dark pigmented adhesives for use in the upholstery industry.

**ANSWER NO. 3:**

Objection. This interrogatory is vague and ambiguous to the extent it asks Microfibres to "identify and describe" its market share. Microfibres also objects to this interrogatory as irrelevant and not reasonably calculated to lead to admissible evidence to the extent it attempts to define a relevant market as a "flocked fabric with dark pigmented adhesive" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

3

**INTERROGATORY NO. 4:** Please identify and describe Microfibres' market share, from 1999 to date, in the area of transfer printed flocked fabric for use in the upholstery industry.

**ANSWER NO. 4:**

Objection. This interrogatory is vague and ambiguous to the extent it asks Microfibres to "identify and describe" its market share. Microfibres also objects to this interrogatory as irrelevant and not reasonably calculated to lead to admissible evidence to the extent it attempts to define a relevant market as a "transfer printed flocked fabric" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

**INTERROGATORY NO. 5:** Please identify and describe Microfibres' market share, from 1999 to date, in the area of transfer printed flocked fabric with dark pigmented adhesives for use in the upholstery industry.

**ANSWER NO. 5:**

Objection. This interrogatory is vague and ambiguous to the extent it asks Microfibres to "identify and describe" its market share. Microfibres also objects to this

4

interrogatory as irrelevant and not reasonably calculated to lead to admissible evidence to the extent it attempts to define a relevant market as a "transfer printed flocked fabric with dark pigmented adhesives" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

**INTERROGATORY NO. 6:** Please identify and describe Microfibres' forecasted market share in the area of fabric for use in the upholstery industry.

**ANSWER NO. 6:**

Objection. This interrogatory is vague and ambiguous. The "forecasted" time period is unspecified. Moreover, Microfibres objects to Intermark's attempt to define a relevant market as a "fabric" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an

expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

Further answering, Microfibres estimates that its share of coverings sold in the United States to the furniture upholstery industry (including leather) was approximately as follows:

        1999   less than 3.7%
        2000   less than 3.7%
        2001   less than 3.2%
        2002   less than 2.5%
        2003   less than 2%
        2004   2004 (thru July 31) less than 2%

These estimates are based on estimates of U.S. upholstery furniture sales and an estimate that 20% of such sales reflect coverings on the furniture. To the extent foreign coverings have been imported for use on such U.S. upholstery furniture, Microfibres' stated shares would be further reduced.

Microfibres estimates that its share of coverings sold to the furniture upholstery industry will remain constant or decline in the near term future due to increased competition.

**INTERROGATORY NO. 7:** Please identify and describe Microfibres' forecasted market share in the area of flocked fabric for use in the upholstery industry.

**ANSWER NO 7:**

Objection. This interrogatory is vague and ambiguous. The "forecasted" time period is unspecified. Moreover, Microfibres objects to Intermark's attempt to define a relevant market as a "flocked fabric" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes,

6

velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

Microfibres has made no such forecasts.

**INTERROGATORY NO. 8:** Please identify and describe Microfibres' forecasted market share in the area of flocked fabric with dark pigmented adhesives for use in the upholstery industry.

**ANSWER NO. 8:**

Objection. This interrogatory is vague and ambiguous. The "forecasted" time period is unspecified. Moreover, Microfibres objects to Intermark's attempt to define a relevant market as a "flocked fabric with dark pigmented adhesives" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

Microfibres has made no such forecasts.

**INTERROGATORY NO. 9:** Please identify and describe Microfibres' forecasted market share in the area of transfer printed flocked fabric for use in the upholstery industry.

**ANSWER NO. 9:**

Objection. This interrogatory is vague and ambiguous. The "forecasted" time period is unspecified. Moreover, Microfibres objects to Intermark's attempt to define a relevant market as a "transfer printed flocked fabric" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

Microfibres has made no such forecasts.

**INTERROGATORY NO. 10:** Please identify and describe Microfibres' forecasted market share in the area of transfer printed flocked fabric with dark pigmented adhesives for use in the upholstery industry.

**ANSWER NO. 10:**

Objection. This interrogatory is vague and ambiguous. The "forecasted" time period is unspecified. Moreover, Microfibres objects to Intermark's attempt to define a

8

relevant market as a "transfer printed flocked fabric with dark pigmented adhesives" market in the "upholstery industry."

Without waiving such objections, Microfibres does not believe that any such market as defined exists for anti-trust purposes. Flocked fabric competes against suedes, velvets (woven and tufted), chenilles, cotton prints, jacquards, artificial leather, leather and other coverings across a wide range of industries, including the furniture upholstery industry. Microfibres does not have information sufficient to answer the question as posed. To the extent such testimony will be required at trial, it will be provided by an expert or experts who will be identified pursuant to the provisions of this Court's scheduling order.

Microfibres has made no such forecasts.

Signed under pains and penalties of perjury:

MICROFIBRES, INC.

By: _____

Its: _____

SUBSCRIBED AND SWORN TO before me this 14th day of October, 2004.

PHILIP J. MULBERRY
Notary Public, Rhode Island
My Commission Expires
December 18, 2004

Notary Public

AS TO OBJECTIONS:

_____
Brent R. Canning, Esq. (CT 23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI 02903
(401) 274-2000
(401) 277-9600 (Fax)

9

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq. (CT 16419)
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
203.315.7007 (FAX)

## CERTIFICATION

Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

    I certify that I faxed and mailed a copy of the foregoing Responses to Intermark's Third Set of Interrogatories to counsel of record, as above, on October 14th, 2004.

#616000    16254 / 115115

10