grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO.21:** State every fact upon which you base the contention that Jim Fulks ever said Microfibres was transfer printing flocked fabric using dark pigmented adhesive in 1984 and also describe Intermark's role in the creation of this evidence.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory on the grounds that it implies that Intermark has created evidence. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark answers as follows. During a meeting of the American Flock Association on August 1, 2002, Peter Hadley of Claremont Fabrics and Laura Ouimette of Spectro Coating, who were both present at the meeting, heard Mr. Fulks say that Microfibres was transfer printing on flocked fabric with dark pigmented adhesives since 1984. On October 31,

2002, the American Flock Association amended the minutes of the August 1, 2002 meeting to show that Mr. Fulks said that Microfibres had been transfer printing on flocked fabric with dark pigmented adhesives since 1984.

**INTERROGATORY NO.22:** State every fact upon which you base the contention that Intermark has not infringed the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and the Court has yet to construe the claims in the '021 patent. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it improperly attempts to shift the burden of proof for patent infringement from Microfibres to Intermark.

**INTERROGATORY NO. 23:** State every fact upon which you base the contention that Intermark has not induced infringement of the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and the Court has yet to construe the claims in the '021 patent. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it improperly attempts to shift the burden of proof for patent

infringement from Microfibres to Intermark.

**INTERROGATORY NO.24:** State every fact upon which you base the contention that McCulloch breached his duty of candor, good faith and honesty in dealing with Patent Office during the prosecution of the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Numbers 4 and 5.

**INTERROGATORY NO.25:** Identify each statement Microfibres made to the Patent Office which you claim is false and material and identify all facts supporting your claim of falsity and materiality.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory

as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Numbers 4 and 5.

**INTERROGATORY NO. 26:** Identify each of Microfibres' alleged omissions or failures to disclose during the prosecution of the '021 Patent and identify all facts supporting your claim of omission or failure to disclose as well as the materiality of such omission or failure to disclose.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 27:** State every fact upon which you base the contention that the Patent Office or one of its examiners considered the pressure range a "critical" element to McCulloch's invention and identify the six instances in which you claim the patent examiner stated that pressure was a "critical" element.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature

23

because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 28:** State every fact upon which you base the contention that Microfibres fraudulently passed the conventional pressure range off as an advantageous reduced pressure range.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 29:** State every fact upon which you base the contention that the '021 Patent is invalid or unenforceable.

ANSWER: OBJECTION. Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

As to Contention Interrogatories

INTERMARK FABRIC CORPORATION

Date: 8/12/03

_____
Authorized Representative for Intermark Fabric Corporation
Charles F. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

**AS TO OBJECTIONS:**

_____
Charles F. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

25

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answers to Defendant's First Set of Interrogatories was mailed via first class mail on this 12th day of August, 2003 upon:

> Brent R. Canning, Esq.
> William R. Grimm, Esq.
> Hinckley. Allen & Snyder LLP
> 1500 Fleet Center
> Providence, RI 02906
>
> Jeffrey W. Kennedy, Esq.
> Stephen G. Murphy, Jr., Esq.
> Milano & Wanat
> 471 East Main Street
> Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICROFIBRES, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 3:02-CV-1267 (AVC) |

**PLAINTIFF, INTERMARK FABRIC CORPORATION'S FIRST AMENDED ANSWERS TO DEFENDANT, MICROFIBRES, INC.'S FIRST SET OF INTERROGATORIES**

Plaintiff, Intermark Fabric Corporation ("Intermark"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby submits its answers to Defendant, Microfibres, Inc.'s ("Microfibres") First Set of Interrogatories.

### GENERAL OBJECTIONS

1.   Intermark objects to the Definitions portion of the Microfibres' Interrogatories to the extent it imposes a duty or seeks information beyond that which is provided for by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Connecticut.

2.   The responses provided herein are based upon the best relevant information presently available to Intermark and are made without prejudice to the right of Intermark to make additional or modified responses should better or further information or documentation subsequently become available to it. These responses also are made without prejudice to any right of Intermark to offer evidence on its behalf or to object to the relevance, competence, or

admissibility on any ground of any evidence or witness offered by Microfibres; and these responses do not constitute an admission of competence or admissibility of evidence or a waiver of objection on any ground. Intermark's discovery is continuing and Intermark reserves the right to supplement these Responses.

3. Intermark objects to each of Interrogatories 1-29 to the extent that any seek information or documents that are subject to the attorney-client privilege, constitute attorney work product, or are otherwise immune from discovery under the Federal Rules of Civil Procedure.

4. Intermark objects to each of Interrogatories 1-29 to the extent that Microfibres seeks documents or information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less expensive, or less burdensome, or where the burden or expense to Intermark of the proposed discovery outweighs its likely benefit to Microfibres, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, the importance of the proposed discovery in resolving the issues, and the availability of the information to Microfibres from other sources.

5. Intermark objects to each of Interrogatories 1-29 to the extent that any of them seeks the production of any information that is irrelevant and not likely to lead to the discovery of admissible evidence.

6. Intermark specifically incorporates each of these General Objections and Objections to Definitions into each of its specific responses to Interrogatories 1-29, whether or not express reference is made therein.

2

**INTERROGATORY NO. 1:** State every fact upon which you base the contention that Intermark's heat-set flocked fabric manufactured with a textile substrate and dark-pigmented adhesive, including heat-set Frosty, is a staple article of commerce.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. Both before and after the issuance of the '021 patent, Intermark sold heat set flocked fabrics with dark pigmented adhesives with Type 66 flock not only to transfer printers but also to third parties as finished goods and for wet printing and piece dying.

**INTERROGATORY NO. 2:** State every fact upon which you base the contention that Microfibres' infringement claims are barred or limited by laches.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and

3

without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. The '021 patent issued in November of 1999. Although Microfibres knew as far back as 1991 that Intermark was manufacturing the Frosty product and also knew that Intermark was selling its Frosty product to third parties not only for wet printing but also for transfer printing, Microfibres waited for almost three years (until July of 2002) to take any action against Intermark.

**INTERROGATORY NO. 3:** State every fact upon which you base the contention that Microfibres' infringement claims are barred or limited by equitable estoppel.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 2. Additionally, the '021 patent was prosecuted at the Patent Office over a period of seven years. For several years during the prosecution of the '021 patent there was no substantive prosecution. Microfibres delayed any substantive prosecution of the '021 patent during those several years by abandoning each application in response to an office action that rejected the claims and filing continuation applications.

**INTERROGATORY NO. 4:** State every fact upon which you base the contention that the

4