interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 12:** State every fact upon which you base the contention that the '021 Patent itself does not disclose that the use of dark pigmented adhesives was known in the flocked fabric industry.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

> **AMENDED ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly

15

burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4. The '021 patent does not disclose that dark pigmented adhesives were known in the industry but instead states that pigmented adhesives were used in wet printing and tinted adhesives were used in piece dying. The '021 patent states that flocked fabrics were conventionally made with clear adhesives.

**INTERROGATORY NO. 13:** State every fact upon which you base the contention that James McCulloch or Microfibres concealed from the Patent Office the best mode of carrying out the invention claimed by the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to

amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 14:** State every fact upon which you base the contention that the heat setting process Microfibres employed in July 1992 was the best mode of manufacturing flocked fabric under the invention claimed by the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 15:** State every fact upon which you base the contention that the heat setting process Microfibres employed in July 1992 was unknown to the flock industry at that time.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this

17

interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

> **AMENDED ANSWER:** **OBJECTION** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Intermark answers as follows. See Intermark's Answer to Interrogatory Number 4. Microfibres, through Mr. McCulloch and Mr. Laird, admits its belief that the heat setting process in existence prior to July 31, 1992 was a novel idea.

**INTERROGATORY NO. 16:** State every fact upon which you base the contention that the invention claimed by the '021 Patent was obvious in light of the prior art.

**ANSWER:** **OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the

18

grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 17:** State every fact upon which you base the contention that U.S. Patent 4,895,748 to Squires discloses the invention claimed by the '021 Patent or renders it obvious.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 18:** Identify all prior art that you contend discloses the invention claimed by the '021 Patent or renders it obvious and state every fact upon which you base your

19

answer.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, see Intermark's Initial Disclosures and Intermark's Answer to Interrogatory Number 4.

**INTERROGATORY NO. 19:** State every fact upon which you base the contention that U.S. Patent 4,294,577 to Bernard does not disclose the use of dark pigmented adhesives in the manufacture of flocked fabric.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark makes no such contention.

**INTERROGATORY NO. 20:** Do you contend that the use of dark pigmented adhesives in the flock industry in 1989 or earlier renders the '021 Patent invalid or unenforceable? Unless your answer is an unqualified "no", state every fact upon which you base your answer.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO.21:** State every fact upon which you base the contention that Jim Fulks ever said Microfibres was transfer printing flocked fabric using dark pigmented adhesive in 1984 and also describe Intermark's role in the creation of this evidence.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory on the grounds that it implies that Intermark has created evidence. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the work-product privilege. Subject to and without

21

waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark answers as follows. During a meeting of the American Flock Association on August 1, 2002, Peter Hadley of Claremont Fabrics and Laura Ouimette of Spectro Coating, who were both present at the meeting, heard Mr. Fulks say that Microfibres was transfer printing on flocked fabric with dark pigmented adhesives since 1984. On October 31, 2002, the American Flock Association amended the minutes of the August 1, 2002 meeting to show that Mr. Fulks said that Microfibres had been transfer printing on flocked fabric with dark pigmented adhesives since 1984.

**INTERROGATORY NO.22:** State every fact upon which you base the contention that Intermark has not infringed the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and the Court has yet to construe the claims in the '021 patent. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it improperly attempts to shift the burden of proof for patent infringement from Microfibres to Intermark.

**INTERROGATORY NO. 23:** State every fact upon which you base the contention that Intermark has not induced infringement of the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and the Court has yet to construe the claims in the

'021 patent. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it improperly attempts to shift the burden of proof for patent infringement from Microfibres to Intermark.

**INTERROGATORY NO.24:** State every fact upon which you base the contention that McCulloch breached his duty of candor, good faith and honesty in dealing with Patent Office during the prosecution of the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Numbers 4 and 5.

**INTERROGATORY NO.25:** Identify each statement Microfibres made to the Patent Office which you claim is false and material and identify all facts supporting your claim of falsity and materiality.

23

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows.   See Intermark's answer to Interrogatory Numbers 4 and 5.

**INTERROGATORY NO. 26:** Identify each of Microfibres' alleged omissions or failures to disclose during the prosecution of the '021 Patent and identify all facts supporting your claim of omission or failure to disclose as well as the materiality of such omission or failure to disclose.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

24

**INTERROGATORY NO. 27:** State every fact upon which you base the contention that the Patent Office or one of its examiners considered the pressure range a "critical" element to McCulloch's invention and identify the six instances in which you claim the patent examiner stated that pressure was a "critical" element.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 28:** State every fact upon which you base the contention that Microfibres fraudulently passed the conventional pressure range off as an advantageous reduced pressure range.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information

protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 29:** State every fact upon which you base the contention that the '021 Patent is invalid or unenforceable.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

I hereby declare, under the pains and penalties of perjury, that to the best of my knowledge, information and belief, the foregoing is true and correct.

As to Contention Interrogatories

INTERMARK FABRIC CORPORATION

Date: 8/21/03

_____
Authorized Representative for Intermark Fabric Corporation
Charles F. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002

26

AS TO OBJECTIONS:

_____
Charles F. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

27

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing First Amended Answers to Defendant's First Set of Interrogatories was mailed via facsimile and first class mail on this 21th day of August, 2003 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.