**INTERROGATORY NO. 5:** State every fact upon which you base the contention that the '021 Patent has been misused and is therefore unenforceable.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows.

Before sending the cease and desist letter to Intermark on June 24, 2002 accusing Intermark of willfully infringing the '021 patent and before filing counterclaims against Intermark for direct and indirect infringement of the '021 patent, McCulloch and Microfibres knew (1) that McCulloch failed to disclose the specialized heat setting process to the Patent Office or in the patent; (2) that McCulloch misrepresented to the Patent Office about the use of dark pigmented adhesives in the manufacture of flocked fabric and misrepresented what was the conventional pressure range for transfer printing flocked fabric; (3) about the Squires patent; (4) about Intermark's Frosty product in at least 1991 and knew that Intermark was selling its Frosty product not only to wet printers but also transfer printers; (5) that William Laird invented the heat setting part of the invention but was not listed as an inventor; and (6) that William Laird allegedly made samples of transfer printed flocked fabric with pigmented adhesives in Canada before McCulloch came up with the idea but Mr. Laird was not listed as an inventor. Microfibres has also obtained

permission from the Court to sue customers of Intermark that are transfer printers for infringement of the '021 patent.

**INTERROGATORY NO. 6:** State every fact upon which you base the contention that James McCulloch was not the first to conceive the invention claimed by the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 7:** State every fact upon which you base the contention that others practiced the invention claimed by the '021 Patent prior to July 31, 1991.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above

12

objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 8:** State every fact upon which you base the contention that Microfibres knew in 1991 that Intermark was manufacturing flocked fabric on a textile substrate with dark pigmented adhesive and knew that such fabric was being transfer printed.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 9:** State every fact upon which you base the contention that Microfibres knew in 1991 that Intermark was selling Frosty for transfer printing.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and

13

without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 10:** State every fact upon which you base the contention that during the prosecution of the '021 Patent James McCulloch or Microfibres concealed from the Patent Office that the use of dark pigmented adhesive was known in the flocked fabric industry.

**ANSWER:   OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 11:** State every fact upon which you base the contention that James McCulloch or Microfibres intentionally misled the patent examiner as to the prior use of pigmented adhesives during the prosecution of the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this

interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 12:** State every fact upon which you base the contention that the '021 Patent itself does not disclose that the use of dark pigmented adhesives was known in the flocked fabric industry.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

> **AMENDED ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly

15

burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4. The '021 patent does not disclose that dark pigmented adhesives were known in the industry but instead states that pigmented adhesives were used in wet printing and tinted adhesives were used in piece dying. The '021 patent states that flocked fabrics were conventionally made with clear adhesives.

**INTERROGATORY NO. 13:** State every fact upon which you base the contention that James McCulloch or Microfibres concealed from the Patent Office the best mode of carrying out the invention claimed by the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to

amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 14:** State every fact upon which you base the contention that the heat setting process Microfibres employed in July 1992 was the best mode of manufacturing flocked fabric under the invention claimed by the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 15:** State every fact upon which you base the contention that the heat setting process Microfibres employed in July 1992 was unknown to the flock industry at that time.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this

interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

> **AMENDED ANSWER: OBJECTION** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it seeks information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Intermark answers as follows. See Intermark's Answer to Interrogatory Number 4. Microfibres, through Mr. McCulloch and Mr. Laird, admits its belief that the heat setting process in existence prior to July 31, 1992 was a novel idea.

**INTERROGATORY NO. 16:** State every fact upon which you base the contention that the invention claimed by the '021 Patent was obvious in light of the prior art.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the

grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 17:** State every fact upon which you base the contention that U.S. Patent 4,895,748 to Squires discloses the invention claimed by the '021 Patent or renders it obvious.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO. 18:** Identify all prior art that you contend discloses the invention claimed by the '021 Patent or renders it obvious and state every fact upon which you base your

19

answer.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, see Intermark's Initial Disclosures and Intermark's Answer to Interrogatory Number 4.

**INTERROGATORY NO. 19:** State every fact upon which you base the contention that U.S. Patent 4,294,577 to Bernard does not disclose the use of dark pigmented adhesives in the manufacture of flocked fabric.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark makes no such contention.