**INTERROGATORY NO. 20:** Do you contend that the use of dark pigmented adhesives in the flock industry in 1989 or earlier renders the '021 Patent invalid or unenforceable? Unless your answer is an unqualified "no", state every fact upon which you base your answer.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows.   See Intermark's answer to Interrogatory Number 4.

**INTERROGATORY NO.21:** State every fact upon which you base the contention that Jim Fulks ever said Microfibres was transfer printing flocked fabric using dark pigmented adhesive in 1984 and also describe Intermark's role in the creation of this evidence.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory on the grounds that it implies that Intermark has created evidence. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the work-product privilege. Subject to and without

waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark answers as follows. During a meeting of the American Flock Association on August 1, 2002, Peter Hadley of Claremont Fabrics and Laura Ouimette of Spectro Coating, who were both present at the meeting, heard Mr. Fulks say that Microfibres was transfer printing on flocked fabric with dark pigmented adhesives since 1984. On October 31, 2002, the American Flock Association amended the minutes of the August 1, 2002 meeting to show that Mr. Fulks said that Microfibres had been transfer printing on flocked fabric with dark pigmented adhesives since 1984.

**INTERROGATORY NO.22:** State every fact upon which you base the contention that Intermark has not infringed the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and the Court has yet to construe the claims in the '021 patent. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it improperly attempts to shift the burden of proof for patent infringement from Microfibres to Intermark.

> **AMENDED ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because the Court has yet to construe the claims in the '021 patent. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it

seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it improperly attempts to shift the burden of proof for patent infringement from Microfibres to Intermark. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Numbers 2 - 5. Additionally, Intermark bases its contention on the reasons articulated in its Motion for Summary Judgment based upon the failure to disclose the best mode of the invention filed on July 21, 2003 and its Motion for Summary Judgment Under §§102 and 103 filed on September 22, 2003.

**INTERROGATORY NO. 23:** State every fact upon which you base the contention that Intermark has not induced infringement of the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed and the Court has yet to construe the claims in the '021 patent. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it improperly attempts to shift the burden of proof for patent infringement from Microfibres to Intermark.

    **AMENDED ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because the Court has yet to construe the claims in the

'021 patent. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it improperly attempts to shift the burden of proof for patent infringement from Microfibres to Intermark. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows: See Intermark's answer to Interrogatory Numbers 2 - 5. Additionally, Intermark bases its contention on the reasons articulated in its Motion for Summary Judgment based upon the failure to disclose the best mode of the invention filed on July 21, 2003 and its Motion for Summary Judgment Under §§102 and 103 filed on September 22, 2003.

**INTERROGATORY NO.24:** State every fact upon which you base the contention that McCulloch breached his duty of candor, good faith and honesty in dealing with Patent Office during the prosecution of the '021 Patent.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without

waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Numbers 4 and 5.

**INTERROGATORY NO.25:** Identify each statement Microfibres made to the Patent Office which you claim is false and material and identify all facts supporting your claim of falsity and materiality.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Subject to and without waiver of the above objections and the General Objections, and reserving Intermark's right to amend its answer, Intermark responds as follows. See Intermark's answer to Interrogatory Numbers 4 and 5.

**INTERROGATORY NO. 26:** Identify each of Microfibres' alleged omissions or failures to disclose during the prosecution of the '021 Patent and identify all facts supporting your claim of omission or failure to disclose as well as the materiality of such omission or failure to disclose.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this

interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 27:** State every fact upon which you base the contention that the Patent Office or one of its examiners considered the pressure range a "critical" element to McCulloch's invention and identify the six instances in which you claim the patent examiner stated that pressure was a "critical" element.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 28:** State every fact upon which you base the contention that Microfibres fraudulently passed the conventional pressure range off as an advantageous reduced pressure range.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 29:** State every fact upon which you base the contention that the '021 Patent is invalid or unenforceable.

**ANSWER: OBJECTION.** Intermark objects to this contention interrogatory as it is premature because discovery has not been completed. Intermark further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome. Intermark further objects to this interrogatory to the extent that it calls for a legal conclusion. Intermark further objects to this interrogatory on the grounds that it is duplicative. Intermark further objects to this interrogatory as it seeks to discover information prepared in preparation for trial and seeks information protected by the attorney/client privilege and work-product privilege. Intermark further objects to this interrogatory on the grounds that it exceeds the maximum number of allowable interrogatories allowed under Rule 33(a) of the Federal Rules of Civil Procedure.

I hereby declare, under the pains and penalties of perjury, that to the best of my knowledge, information and belief, the foregoing is true and correct.

As to Contention Interrogatories

INTERMARK FABRIC CORPORATION

Date: 9/23/03

_____
Authorized Representative for Intermark Fabric Corporation
Charles F. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002

**AS TO OBJECTIONS:**

_____
Charles F. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Second Amended Answers to Defendant's First Set of Interrogatories was mailed via facsimile and first class mail on this 23rd day of September, 2003 upon:

> Brent R. Canning, Esq.
> William R. Grimm, Esq.
> Hinckley. Allen & Snyder LLP
> 1500 Fleet Center
> Providence, RI 02906
>
> Jeffrey W. Kennedy, Esq.
> Stephen G. Murphy, Jr., Esq.
> Milano & Wanat
> 471 East Main Street
> Branford, CT 06405

By: _____
Charles F. O'Brien, Esq.