IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | |
|     Plaintiff | : | |
| | : | |
|   v. | : | C.A. No. 302 CV 1267 AVC |
| | : | |
| MICROFIBRES, INC. | : | |
|     Defendant | : | |

## MICROFIBRES INC.'S MOTION IN LIMINE
## TO RE-ORDER TRIAL PRESENTATION

**ORAL ARGUMENT REQUESTED**

## BRIEF STATEMENT OF THE CASE AND ISSUE

This is a patent dispute. In 2002 Microfibres, Inc. wrote to Intermark Fabric Corporation and demanded that it stop infringing Microfibres' '021 Patent, which claims a unique type of flocked fabric. Intermark refused and filed this lawsuit, claiming Microfibres' patent was invalid and unenforceable. Microfibres answered and filed counterclaims for infringement.

The evidence of infringement is overwhelming. Intermark's president and vice president both admitted to making a fabric that meets each of the elements of claim 1 of the '021 Patent. They also admitted to selling components of the patented invention to encourage others to infringe the '021 Patent. Intermark's denies infringement and claims the patents are invalid and unenforceable.

## ARGUMENT

Pursuant to Fed. R. Evid. 611(a) and the Court's inherent power to manage the trial, Microfibres respectfully moves the Court to set the sequence of the trial so that Microfibres' infringement claim is tried first and Intermark's invalidity defenses are tried second. This approach has been advocated by courts and commentators (including the former Chief Judge of the United States Court of Appeals for the Federal Circuit) as a sensible way to reduce jury confusion and streamline a patent trial.

Because Intermark initiated this lawsuit by seeking a declaratory judgment, it stands as the nominal plaintiff. But the heart of this case is Microfibres' compulsory counterclaims of infringement: Absent Microfibres claims of infringement there would be no case or controversy to support Intermark's request for declaratory relief.

Presentation of the issue of infringement *before* the issues of validity and enforceability, is the more logical and comprehensible method. It is the manner in which any judge would approach the issues if deciding an infringement case without a jury. See, e.g., Mahurkar Double Lumen Hemodialysis Cather Patent Litigation, 831 F. Supp. 1354 (N.D. Ill. 1993) (Easterbrook, J.) (deciding the issue of infringement before the issue of validity). This order of presentation is just as logical to a jury.

Judge Howard T. Markey, the former Chief Judge of the Federal Circuit Court of Appeals, has advocated this approach as a way of simplifying a patent trial. See Howard T. Markey On Simplifying Patent Trials, 116 F.R.D. 369 (1987). Judge Markey suggested that a court could either hold two completely separate trials (an approach that is unnecessary here) or simply try the infringement and invalidity claims sequentially, with the infringement claims proceeding first. Here is Judge Markey's suggested re-ordering of the trial:

> After a jury trial on the infringement issue, the jury should be instructed, deliberate, and return its verdict. If the jury finds no infringement . . . or if the jury finds infringement and the trial judge grants defendant's Rule 50(b) motion, the judge should enter the judgment on the verdict or JNOV for the defendant [and] discharge the jury . . . . If the jury finds infringement . . . or if the jury finds no infringement and the trial judge grants the patentee's Rule 50(b) motion, final judgment should not be entered and the trial should continue before the same jury on the invalidity defense.

Id. at 379.

Judge Markey explained that presentation on the issue of infringement before the issues of invalidity and unenforceability "would greatly simplify those patent trials in which a patentee did not carry its burden and would have no serious effect on the conduct of those patent trials in which the patentee did carry its burden." Id. at 383. That

3

rationale applies here. If the infringement case proceeds first and Intermark proves that it does not infringe the '021 Patent, the trial of this case will last no more than two days, instead of a week or more.

The sequence of the parties' presentations should be set as follows:

| PARTY | SUBJECT MATTER |
|---|---|
| Microfibres | Case-in-chief on infringement |
| Intermark | Response to Microfibres' infringement claim |
| Intermark | Case-in-chief on invalidity, unenforceability, and business tort claims |
| Microfibres | Response to Intermark's invalidity, unenforceability and business tort claims |

There is no question that the Court has the power to enter such an order and it is within the Court's discretion to do so. See, e.g., Anheuser-Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339 (2nd Cir. 1996); Lisbon Contractors, Inc. v. United States, 828 F.2d 759, 765 (Fed. Cir. 1987) ("The order of presentation of evidence by the parties is a matter of trial management.").

The re-ordering of trial presentation has been employed in other contexts when it will help the jury make sense of the issues. See Sweet Jan Joint Venture v. FDIC, 809 F. Supp. 1253, 1258 (N.D. Tex. 1992) ("The court can accomplish the intended purpose of realignment by means of the narrower vehicle of reordering the presentation of evidence and argument, coupled with appropriate jury instructions."). The Court noted, in particular, that the nominal plaintiffs did not have any obligation to adduce evidence until the FDIC had established its burden. Id. at 1258.

The same rationale exists here. Until Microfibres actually proves infringement -- a claim Intermark disputes -- then there is no basis for considering Intermark's claims regarding the validity or enforceability of the '021 Patent. Similarly, until Microfibres

4

proves infringement, then Microfibres cannot be held liable on Intermark's claims for CUTPA or tortious interference -- which both depend on the '021 Patent being declared invalid or unenforceable.

                                  MICROFIBRES, INC.
                                  By its Attorneys,

                                  /s/Brent R. Canning
                                  Brent R. Canning, Esq. (ct23991)
                                  William R. Grimm, Esq.
                                  HINCKLEY, ALLEN & SNYDER LLP
                                  1500 Fleet Center
                                  Providence, RI  02903
                                  (401) 274-2000
                                  (401) 277-9600 (Fax)

                                  RESIDENT COUNSEL:
                                  Jeffrey W. Kennedy, Esq. (ct16419)
                                  Milano *&* Wanat
                                  471 East Main Street
                                  Branford, Connecticut 06405
                                  203.315.7000 (TEL)
September 13, 2006                  203.315.7007 (FAX)

## CERTIFICATION

William Cass, Esq.
Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

     I sent a copy of the foregoing Memorandum of Law in Support of Microfibres' Motion in Limine to Re-Order Trial Sequence to counsel, as above, via electronic service and by regular mail on September 13, 2006.

                                  /s/Brent R. Canning