## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 302 CV 1267 AVC |
| | : | |
| MICROFIBRES, INC. | : | |
|     Defendant | : | |

## MICROFIBRES INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO "BEST MODE" DEFENSE.

**ORAL ARGUMENT REQUESTED**

## BRIEF STATEMENT OF THE CASE AND ISSUE

This is a patent dispute. Microfibres is the owner of the '021 Patent, which claims a unique type of flocked fabric. In 2002 Microfibres caught Intermark infringing the patent and demanded that it stop. Intermark refused and filed this lawsuit, claiming Microfibres' patent was invalid and unenforceable. Microfibres answered and filed counterclaims for infringement.

The evidence of infringement is overwhelming. Intermark's president and vice president both admitted to making a fabric that meets each of the elements of claim 1 of the '021 Patent. They also admitted to selling components of the patented invention to encourage others to infringe the '021 Patent.

Intermark's claims the '021 Patent is invalid and unenforceable for various reasons. In particular, it claims that the patent is invalid because Intermark did not disclose the "best mode" of practicing the invention, a requirement set forth in 35 U.S.C. § 112. It says that Microfibres had a superior way of "heat setting" its flocked fabric and failed to explain that heat setting method.

Intermark's allegation is false. Microfibres' heat setting method consisted of nothing more than using well-known off-the-shelf equipment that others in the industry used and knew about. In fact, Intermark even considered buying the same equipment Microfibres used. Because Microfibres' heat setting process was well known by those in the industry Microfibres had no obligation to disclose that process in any detail.

The "best mode" argument is also completely irrelevant to this dispute. Microfibres is only asserting Claim 1 of the '021 Patent against Intermark, and Claim 1 does not "claim" heat setting as part of the invention. Accordingly, even if Intermark's

"best mode" argument had any basis (which it does not), it would only affect Claim 17 of the '021 Patent -- which is not at issue in this case. There is no reason for Intermark -- other than to confuse and mislead the jury -- to introduce evidence about an alleged best mode violation for a patent claim that isn't even before the jury. All "best mode" evidence should be excluded.

## MOTIONS IN LIMINE GENERALLY

The purpose of in limine motions is to aid the trial process by enabling the Court to rule in advance of trial on the relevance and admissibility of certain forecasted evidence so that it can avoid lengthy argument and interruption during the trial. See Palmieri v. Defaria, 88 F.3d 136, 141 (2nd Cir. 1996).

## ARGUMENT

Intermark claims that the '021 Patent is invalid because of a violation of the "best mode" requirement of 35 U.S.C. § 112. Essentially, Intermark argues that Microfibres developed a unique way of "heat-setting" the flocked fabric (a process that gives the nylon fibers a "memory" so they bounce back after being crushed) and that Microfibres failed to disclose this method in the patent. The claim has no merit but it is also irrelevant to this dispute and any evidence relating to this argument should be excluded under Rules 401, 402, and 403.

It is well settled that not every preferred product or process (i.e. not every "best mode") requires disclosure in a patent application. See Bayer AG v. Schein Pharmaceuticals, Inc., 301 F.3d 1306, 1314-15 (Fed. Cir. 2002) ("Our cases examining the scope of the best mode requirement demonstrate that the best mode disclosure requirement only refers to the invention defined by the claims."); see also N. Telecom,

215 F.3d at 1286; 3 Donald S. Chisum, Chisum on Patents, § 7.05[1] at 7-321 (2002) ("The 'best mode' disclosure requirement focuses on the invention as *claimed* in the patent or application.").

The law provides that so long as a product or process is not claimed it does not need to be disclosed unless it is novel and essential to practicing the invention. See Eli Lilly, 251 F.3d at 963 ('[A]n inventor need not disclose a mode for obtaining unclaimed subject matter unless the subject matter is novel and essential for carrying out the best mode of the invention."). The reason for limiting the best mode rule in this way is clear. The rule would be limitless if it applied to every unclaimed process or product that touched upon a patented invention. See Engel Indus. Inc. v. Lockformer Co., 946 F.2d 1528, 1531 (Fed. Cir. 1991).

Here, Microfibres is asserting Claim 1 against Intermark. Claim 1 states as follows:

> A transfer printed, flocked fabric comprising a textile substrate, raised thermoplastic fibers on the substrate, a dark pigmented adhesive adhering said fibers to said substrate and disperse dye distributed in a pattern in upper portions of said thermoplastic fibers.

(Exhibit A). This is the only claim that Microfibres is asserting against Intermark and the Court will note, that it does not claim "heat setting."

The only claim in the '021 Patent that mentions heat setting is Claim 17 and because Microfibres is not asserting Claim 17 against Intermark, evidence of an alleged "best mode" violation with respect to that claim is irrelevant.

The Federal Circuit Court of Appeals made this point explicitly in analogous circumstances. See Amgen, Inc. v. Chugai Pharm. Co., Ltd., 927 F.2d 1200, 1209 n.5 (Fed. Cir. 1991). In Amgen, the Defendants claimed that there was a best mode violation

4

because there was a failure to describe the "best mammalian host cells" known to the inventor. The Defendants claimed the entire patent was invalid -- just as Intermark claims here. The Court rejected the argument, saying the best mode defense only had relevance to those claims where the "best mammalian host cells" was actually claimed:

> Defendants assert that all the claims should be invalid for failure to disclose the best mode. We perceive that the best mode issue only relates to the host cell claims, 4, 6, 23-27, and 29. Absent inequitable conduct, a best mode defense only affects those claims covering subject matter the practice of which has not been disclosed in compliance with the best mode requirement.

Id. at 1209, n. 5.

Intermark is making the same argument the Defendants lost in Amgen. It is suggesting that there was a best mode violation because Intermark failed to disclose the best "heat setting" method found in Claim 17. It wants the jury to declare the entire '021 Patent invalid because of the alleged failure to disclose that heat setting method. As Amgen explains, the best mode violation claim only relates to those claims that actually *claim* the subject matter that is in dispute -- which in this case is heat setting. Since there is no heat setting claim in Claim 1, then there is no best mode violation at issue in this dispute.

## **CONCLUSION**

The Court should exclude any evidence relating to Intermark's "best mode" defense. Since Microfibres is not asserting Claim 17 of the '021 Patent against Intermark any evidence relating to the "heat setting" process in Claim 17 is irrelevant.

5

|  |  |
|---|---|
|  | MICROFIBRES, INC.<br>By its Attorneys, |
|  | /s/Brent R. Canning<br>Brent R. Canning, Esq. (CT 23991)<br>William R. Grimm, Esq.<br>HINCKLEY, ALLEN & SNYDER LLP<br>1500 Fleet Center<br>Providence, RI  02903<br>(401) 274-2000<br>(401) 277-9600 (Fax) |
|  | RESIDENT COUNSEL:<br>Jeffrey W. Kennedy, Esq. (CT 16419)<br>Milano & Wanat<br>471 East Main Street<br>Branford, Connecticut 06405<br>203.315.7000 (TEL) |
| September 13, 2006 | 203.315.7007 (FAX) |

**CERTIFICATION**

William Cass, Esq.
Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

    I certify that I sent a copy of the foregoing Microfibres' Motion in Limine to Exclude Best Mode Evidence to Intermark's counsel, as above, on September 13, 2006 by electronic filing and regular mail.

                                                  /s/Brent R. Canning