IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 302 CV 1267 AVC |
| | : | |
| MICROFIBRES, INC. | : | |
|     Defendant | : | |

**<u>MOTION IN LIMINE TO EXCLUDE
ARNOLD KAIJA CORRESPONDENCE
AND RELATED EVIDENCE</u>**

**ORAL ARGUMENT REQUESTED**

**BRIEF STATEMENT OF THE CASE AND ISSUE**

This is a patent case. In 2002 Microfibres, Inc. wrote to Intermark Fabric Corporation and demanded that it stop infringing Microfibres' '021 Patent, which claims a unique type of flocked fabric. Intermark refused and filed this lawsuit, claiming Microfibres' patent was invalid and unenforceable. Microfibres answered and filed counterclaims for infringement.

The evidence of infringement is overwhelming. Intermark's president and vice president both admitted to making a fabric that meets each of the elements of claim 1 of the '021 Patent. They also admitted to selling components of the patented invention to encourage others to infringe the '021 Patent.

Intermark claims the '021 Patent is invalid under 35 U.S.C. § 102 because of various items of prior art. It points, in particular, to correspondence exchanged between Intermark and a Microfibres' employee named, Arnold Kaija (the "Kaija Correspondence"). Intermark claims that the Kaija Correspondence is "proof" that others were making the invention set forth in the '021 Patent.

It does no such thing. Not one piece of the Kiaja Correspondence describes a fabric with each and every limitation set forth in the '021 Patent and therefore it cannot invalidate the '021 Patent. There is no mention of "Frosty" or "transfer printing" or any indication that Intermark was making (as it falsely claims) a flocked fabric with dark pigmented adhesive for transfer printing.

The Kaija Correspondence is also far too late to be considered "prior art" that would invalidate the '021 Patent. It is all dated well after Microfibres conceived the invention and well after the one year date before Microfibres filed its patent application:

2

July 31, 1991. (Microfibres is attaching six representative letters that confirm that this evidence does not render the '021 Patent invalid)

### MOTIONS IN LIMINE GENERALLY

The purpose of in limine motion s is to aid the trial process by enabling the Court to rule in advance of trial on the relevance and admissibility of certain forecasted evidence so that it can avoid lengthy argument and interruption during the trial.  See Palmieri v. Defaria, 88 F.3d 136, 141 (2nd Cir. 1996).

### ARGUMENT

To invalidate the '021 Patent under 35 U.S.C. § 102(a) Intermark must demonstrate with clear and convincing evidence that the claimed invention was publicly known or used in the United States before McCulloch conceived the invention (in this case no later than March 21, 1991).  See Woodland Trust v. Flowertree Nursery, Inc., 148 F.3d 1368, 1370 (Fed. Cir. 1998).  To invalidate the '021 Patent under Section 102(b), on the other hand, Intermark must demonstrate with clear and convincing evidence that a public use or sale of the claimed invention occurred in the United States more than one year before McCulloch applied for his patent (in this case July 31, 1991).  See Juicy Whip, Inc. v. Orange Bang, Inc., 292 F.3d 728, 737 (Fed. Cir. 2002).

For the prior use or sale to truly anticipate, Intermark must demonstrate that *every* element and limitation of McCulloch's claimed invention is found in the alleged anticipating prior art just as it is arranged in the claim.  See Brown, 265 F.3d at 1351; In re Paulsen, 30 F. 3d 1475, 1478-79 (Fed. Cir. 1994).  The alleged anticipating prior art must also be enabling, or, in other words, sufficiently describe the invention so that a person of ordinary skill could practice it.  See Paulsen, 30 F.3d at 1479.  As discussed

below, none of Intermark's alleged prior art references anticipate the invention claimed by the '021 Patent.

Here, the exchange of correspondence between Intermark and Mr. Kaija and others at Microfibres cannot invalidate the '021 Patent as a matter of law under 35 U.S.C. § 102.

The elements of Claim 1 of the '021 Patent include a flocked fabric with "dark pigmented adhesive," on a "textile substrate," and "transfer printing." These critical elements are missing from the Kaija Correspondence. There is no mention of "dark pigmented adhesive," a "textile substrate," and "transfer printing." No one reading that correspondence would be able to practice the invention claimed by the '021 Patent because it is entirely unclear what product is being discussed in the Kaija Correspondence.

Furthermore, the dates of the Kaija Correspondence doom this evidence to the dustbin. It is all dated well after Microfibres conceived the invention in March 1991 and after the one-year period before the patent application was filed, July 31, 1991.

## CONCLUSION

As a matter of law the Court the Kaija Correspondence cannot invalidate the '021 Patent and the Court should, pursuant to Rule 403, exclude it so as to avoid confusing or misleading the jury.

        MICROFIBRES, INC.

        By its Attorneys,


        _____/s/_____
        Brent R. Canning, Esq. (CT 23991)
        William R. Grimm, Esq.
        HINCKLEY, ALLEN & SNYDER LLP
        1500 Fleet Center
        Providence, RI 02903
        (401) 274-2000
        (401) 277-9600 (Fax)

        RESIDENT COUNSEL:
        Jeffrey W. Kennedy, Esq. (CT 16419)
        Milano *&* Wanat
        471 East Main Street
        Branford, Connecticut 06405
        203.315.7000 (TEL)
September 14, 2006        203.315.7007 (FAX)


## **CERTIFICATION**

William Cass, Esq.
Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

    I certify that I sent a copy of the foregoing Motion in Limine to Exclude the Kaija Correspondence to counsel of record, as above, on September 14, 2006 by electronic service and regular mail.


        _____/s/Brent R. Canning_____