IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | C.A. No. 302 CV 1267 AVC |
| | : | |
| MICROFIBRES, INC. | : | |
|     Defendant | : | |

**MICROFIBRES INC.'S MOTION IN LIMINE TO EXCLUDE
THE AUGUST 1, 2002, SEPTEMBER 27, 2002, AND OCTOBER 31, 2002
AMERICAN FLOCK ASSOCIATION EXECUTIVE COMMITTEE
<u>MEETING MINUTES AND ANY RELATED TESTIMONY</u>**

**ORAL ARGUMENT REQUESTED**

**BRIEF STATEMENT OF THE CASE AND ISSUE**

This is a patent dispute in which Intermark Fabric Corporation has been caught secretly infringing Microfibres' 021 Patent. The evidence of infringement is overwhelming and Intermark's own employees have admitted they did it.

Intermark's asserts that the '021 Patent is invalid or unenforceable. Since it was caught infringing, Intermark has been on a desperate hunt to find evidence to support these defenses and has come up empty.

Because it couldn't find any real evidence, Intermark decided to manufacture some. Specifically, Intermark's president, William Lucchesi convinced two members of the American Flock Association (Laura Ouimet and Peter Hadley) to amend the August 1, 2002 AFA minutes to include a statement falsely attributed to Microfibres' employee Jim Fulks. The statement attributed to Mr. Fulks indicates that Microfibres had been creating the patented invention since 1984. (The October 31, 2002 Minutes are attached as Exhibit A).

The Minutes are rank double-hearsay. But even worse is the manner in which the Minutes were manufactured by Intermark. The vote carried 3 to 2, with a few members abstaining. Lucchesi cast the deciding vote to include that statement even though he wasn't even at the August 1 meeting where Jim Fulks allegedly made the statement. His conduct speaks volumes about his credibility and Intermark's level of desperation.

Jim Fulks denies ever having made such a statement. Steve Rosenthal, one of the other members of the AFA has no memory of Mr. Fulks ever saying such a thing:

> Q: Do you have any memory of Mr. Fulks making the statement at the August 2002 Flock Association meeting that Microfibres was transfer printing using dark pigmented adhesives back in 1984.
> A: I don't remember him saying that.

(Exhibit B at 64-65).

Mysteriously, neither Ms. Ouimet nor Mr. Hadley have any notes from the August 1, 2002 meeting that memorialize Mr. Fulks' alleged comment.  For instance, Mr. Hadley conveniently "destroyed" his notes shortly after the meeting, without ever showing them to anyone:

> Q: And when did you destroy the notes?
> A: A few days after the October 31st meeting.
> Q: Did you bring your notes to the October 31st, 2002 meeting?
> A: I definitely had them present, yes.
> Q: Did you show your notes to any other Board members at the October 31st, 2002, meeting?
> A: I didn't.

(Exhibit C at 78).

Mr. Hadley destroyed his alleged notes even though he knew they were important and relevant to the ongoing dispute between Microfibres and Intermark concerning the '021 Patent:

> Q: And despite the fact that Mr. Fulks denied the statement and you knew that it was relevant to the dispute between Microfibres and Intermark, you destroyed your notes sometime after October 31st, 2002, correct?
>
> Mr. O'Brien:  Objection.
>
> A: Uh-huh.
>
> Q: And by October 31st, 2002 you knew there was actually a lawsuit pending correct?
>
> A: Uh-huh.

(Exh. C at 79).

Oddly enough, Ms. Ouimet "lost" her notes from the AFA meeting too.

> Q: What happened to those notes?

3

> A: I brought them to the September meeting with me as a response -- I pulled them from the file and took them with me to the September meeting, as we were asked to do, and I don't know what happened to them after that.

(Exh. D at 34).

The reason Mr. Hadley's and Ms. Ouimet's "notes" of Mr. Fulks' alleged statement "disappeared" is obvious: they never recorded any such statement and/or the notes never existed in the first place. Mr. Lucchesi in a pique of desperation convinced his two of his pals on the AFA to attribute a false statement to Mr. Fulks in order to protect their collective business interests. The ploy won't work.

### MOTION TO EXCLUDE INTRODUCTION OR DISCUSSION OF AFA MINUTES

The Court should exclude the AFA Minutes and any testimony regarding those minutes pursuant to Fed.R.Evid. 401, 402, and 403. The minutes are not relevant and any probative value is substantially outweighed by prejudice and confusion they would cause.

Intermark wants to introduce the minutes to help prove that the invention claimed by the '021 Patent is invalid under 35 U.S.C. § 102, which relates to the "novelty" of the invention. Pursuant to Federal Circuit precedent, however, such minutes cannot prove invalidity as a matter of law. Only evidence of prior use or knowledge that was created *contemporaneously* -- in other words at the time of the use or knowledge -- is admissible to prove invalidity. See Juicy Whip, Inc. v. Orange Bang, Inc., 292 F.3d 728 (Fed. Cir. 2002).

The Juicy Whip case is instructive. There, four witnesses testified that they had seen and knew about the patented invention before it was conceived by the patent

4

applicant. The Court of Appeals held that their testimony was insufficient to prove invalidity under 35 U.S.C. § 102.

In addition, however, one of the witnesses attempted to introduce a drawing he created during the litigation. The Court held that this evidence was legally insufficient too. It explained that only writings created *contemporaneously* (at the time the invention was seen, used, or conceived) are legally sufficient. Id.

> Here, the sketches of the 1983 dispenser were not drawn by Goff and Cretella until their depositions in this case. Thus, they are no more reliable than the oral testimony accompanying the drawings.

Id.

The same rule applies here. Intermark cannot manufacture evidence in 2002 and claim that it proves that the '021 Patent is invalid. Rather, its burden is to come forward with *contemporaneous* documents, photographs, sales invoices, or samples to prove that the invention was practiced prior to the conception date.

The purpose behind this rule is clear. If the parties were permitted to create evidence just before or during litigation to help prove that the invention was not novel there would be no end to the mischief. Mr. Lucchesi and others like him could simply begin a letter writing campaign that attributes false statements to patent holders and then seek to introduce these records as "proof" that the patent is invalid. Patent holders could do the same and there would be no end to these bogus pieces of "evidence."

The minutes also constitute rank double-hearsay. They should be excluded on this basis alone.

## CONCLUSION

The AFA minutes are legally insufficient to prove invalidity and the Court should exclude them. It should also exclude any testimony relating to those minutes.

MICROFIBRES, INC.

By its Attorneys,

    /s/
Brent R. Canning, Esq. (ct23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, RI  02903
(401) 274-2000
(401) 277-9600 (Fax)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq. (ct16419)
Milano & Wanat
471 East Main Street
Branford, Connecticut 06405
203.315.7000 (TEL)
September 14, 2006          203.315.7007 (FAX)

## CERTIFICATION

William Cass, Esq.
Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

I certify that sent a copy of the foregoing Memorandum of Law in Support of Microfibres' Motion in Limine to Exclude AFA Minutes to counsel of record, as above, on September 14, 2006 by electronic filing and regular mail.

/s/Brent R. Canning