### INTERMARK'S PROPOSED JURY INSTRUCTION NO.:
### 41. INTENT

Evidence relevant to the question of intent to deceive or mislead the Patent and Trademark Office includes any direct evidence of intent, as well as evidence from which intent may be inferred.  The patent law recognizes that direct evidence of an actual intent to deceive or mislead is rarely available.  You may, however, infer intent from conduct.  That means you may conclude that a person intended the foreseeable results of his or her actions.  You should decide whether or not to infer an intent to deceive or mislead based on the totality of the circumstances, including the nature of the conduct and evidence of the absence or presence of good faith.

## AUTHORITIES

*Li Second Family Ltd. P'ship v. Toshiba Corp.,* 231 F.3d 1373, 1379-80 (Fed. Cir. 2000); *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.,* 225 F.3d 1315, 1321-22 (Fed. Cir. 2000);  *Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.,* 204 F.3d 1368, 1374 (Fed. Cir. 2000); *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1257-59 (Fed. Cir. 1997); *Refac Int'l Ltd. v. Lotus Dev. Corp.,* 81 F.3d 1576 (Fed. Cir. 1996); *Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1180-81 (Fed. Cir. 1995); *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 867, 876 (Fed. Cir. 1988) (*en banc*).

Source: Federal Circuit Bar Association Model Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**
**42. BALANCING OF MATERIALITY AND INTENT**

If you find that Intermark has proved by clear and convincing evidence that material information was withheld or misrepresented and that there was an intent to deceive or mislead the Patent Examiner, you must then balance the degree of materiality and the degree of intent to determine whether or not the evidence is sufficient to establish clearly and convincingly that there was inequitable conduct.

The higher the materiality of the withheld or misrepresented information is, the lower the intent needed to establish inequitable conduct.

**AUTHORITIES**

*Li Second Family Ltd. P'ship v. Toshiba Corp.,* 231 F.3d 1373, 1378 (Fed. Cir. 2000); *Baxter Int'l, Inc. v. McGaw, Inc.*, 149 F.3d 1321, 1327 (Fed. Cir. 1998); *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256 (Fed. Cir. 1997); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995); *FMC Corp. v. Manitowoc Co.*, 835 F.2d 1411, 1416 (Fed.Cir. 1987); *Am. Hoist & Derrick Co v. Sowa & Sons, Inc.* 725 F.2d 1350, 1363-64 (Fed. Cir. 1984).

Source: Federal Circuit Bar Association Model Jury Instructions.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:

### 43.    OBVIOUSNESS IN GENERAL

**1.  Graham v. John Deere Test**

Intermark contends that the claims of the '021 patent are invalid because the claimed subject matter would have been obvious to one of ordinary skill in the art at the time the invention was made.  Intermark bears the burden of proving this defense by clear and convincing evidence.  Each claim must be considered separately.

To find anticipation, it is required that every one of the elements of the claimed invention be found in a single item of prior art; however, for obviousness a person of ordinary skill in the art may combine two or more items of prior art.  Therefore, you must consider the prior art reference(s) and evaluate obviousness from the perspective of one of ordinary skill in the art at the time the invention was filed (not from the perspective of a layman or a genius in the art).

Before determining whether or not Intermark has established obviousness of the claimed invention, you must determine the following factual matters, each of which must be established by clear and convincing evidence:

1.  The scope and content of the prior art relied upon by Intermark;

2.  The difference or differences, if any, between each claim of the '021 patent and the prior art; and

3.  The level of ordinary skill in the art at the time the invention of the '021 patent was made.

Against this background of facts you will then make your conclusion whether or not the claimed subject matter would have been obvious to a person of ordinary skill in the art of flocked fabrics at the time the invention was made.

**AUTHORITIES**

*Graham v. John Deere Co.,* 383 U.S. 1 (1966); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Arkies Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953 (Fed. Cir. 1997); *Orthopedic Equip. Co. v. All Orthopedic Appliances, Inc.,* 707 F.2d 1376 (Fed. Cir. 1983); *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir. 1983); *Structural Rubber Prods. Co. v. Park Rubber Co.,* 749 F.2d 707 (Fed. Cir. 1984); *Newell Cos. v. Kenney Mfg. Co.,* 864 F.2d 757, 764 (Fed. Cir. 1988); *Ryko Mfg. Co. v. Nu-Star, Inc.,* 950 F.2d 714, 716 (Fed. Cir. 1991); *Nutrition 21 v. United States,* 930 F.2d 867, 871 n.2 (Fed. Cir. 1991).

Source: AIPLA, Obviousness 1.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:

### 44.     SCOPE AND CONTENT OF THE PRIOR ART

The prior art that you considered previously for anticipation purposes is also prior art for obviousness purposes.  The prior art includes the following items received into evidence during the trial:

1.     Intermark's Cosmos and Frosty Product
2.     Intermark's Flash Product
3.     The Squires Patent - US Patent 4,894,748
4.     "Design with Flock in Mind" and "Flocking" publications
5.     "The Flocking Process" authored by Van Heel
6.     Use of pigmented Adhesives by Microfibres
7.     Sales and activities of Vertiple, Inc.
8.     Sales and activities of Bunch Fabrics
9.     Sales and activities of Spectro Coating Corporation
10.    Sales and activities of Culp, Inc.
11.    Sales and activities of Leathertex and the Leathertex Sample
12.    Sales and activities of Malden Mills

Source: AIPLA, Obviousness 2.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:

### 45. ANALOGOUS ART

An item of prior art is analogous if it comes from the same field in which Robert B. McCulloch was working, whether or not it concerns even if it does not concern the problem Robert B. McCulloch was addressing. An item of prior art is also analogous even if it was not from the same field in which Robert B. McCulloch was working, so long as it was reasonably pertinent to the particular problem that Robert B. McCulloch was trying to solve.

If you determine that a piece of prior art is not analogous art, then you should ignore it in deciding whether the claimed invention would have been obvious.

## AUTHORITIES

*In re Wood,* 599 F.2d 1032 (C.C.P.A. 1979); *Wang Lab., Inc. v. Toshiba Corp.,* 993 F.2d 858 (Fed. Cir. 1993); *In re Clay,* 966 F.2d 656 (Fed. Cir. 1992); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000).

Source: AIPLA, Obviousness 3.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**46.    DIFFERENCES OVER THE PRIOR ART**

In reaching your conclusion as to whether or not the claimed invention would have been obvious, you should consider any difference or differences between the prior art and the claimed invention.  When doing so, each claim must be considered in its entirety and separately from the other claims.

Although you should consider any differences between the claimed invention and the prior art, you must still determine the obviousness or nonobviousness of the entirety of the invention, not merely some portion of it.

**AUTHORITIES**

*Graham v. John Deere Co.,* 383 U.S. 1 (1966); *Stratoflex, Inc. v. Aeroquip Corp.,* 713 F.2d 1530 (Fed. Cir. 1983); *Medtronic, Inc, v. Cardiac Pacemakers, Inc.,* 721 F.2d 1563 (Fed. Cir. 1983).

Source: AIPLA, Obviousness 4.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**47.     LEVEL OF ORDINARY SKILL**

In reaching your determination as to whether or not the claimed invention would have been obvious, you should consider the level of ordinary skill in the pertinent art.  When determining the level of ordinary skill in the art, you should consider all the evidence submitted by Intermark and Microfibres to show:

1.   the level of education and experience of persons actively working in the field at the time of the invention;

2.   the types of problems encountered in the art at the time of the invention;

3.   the prior art patents and publications;

4.   the activities of others;

5.   prior art solutions to the problems; and

6.   the sophistication of the technology.

Intermark contends that the level of ordinary skill in the field of flocked fabrics is a hypothetical person with a Bachelor of Science in textile science and/or engineering and/or approximately two years of manufacturing experience where flocked fabrics are used.  Based on the factors listed, and the evidence presented, you must determine the level of ordinary skill in the art at the time of the invention.

When you decide the issue of obviousness, you must decide whether or not the invention would have been obvious to one having this ordinary level of skill in the flocked fabrics.

**AUTHORITIES**

*Graham v. John Deere Co.,* 383 U.S. 1 (1966); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *Orthopedic Equip. Co. v. United States,* 702 F.2d 1005 (Fed. Cir. 1983); *Environmental Designs, Ltd. v. Union Oil Co.,* 713 F.2d 693 (Fed. Cir. 1983), *cert. denied*, 464 U.S. 1043 (1984).

Source: AIPLA Model Jury Instructions 5

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:

### 48.     OBVIOUSNESS DECISION

In determining whether the invention of the '021 patent would have been obvious to a person of ordinary skill in the art, you must presume that person would have known about all relevant prior art. In examining the prior publications you should take into account not only what they expressly disclose and embody, but also anything that inherently occurred as a result of practicing what was expressly disclosed in that prior art.

Importantly, there must be a showing of suggestion or motivation to modify the teachings of the reference to the claimed invention in order to support an obviousness conclusion. This suggestion or motivation to modify the teachings of that reference to the claimed invention may be derived from the prior art reference itself, from the knowledge of one of ordinary skill in the art, or from the nature of the problem to be solved. You must not use hindsight in determining whether a claimed invention would have been obvious or not. In other words, it is wrong to use the '021 patent as a guide through the prior art references, combining the right references in the right way so as to achieve the result of the claims of the '021 patent. Rather, you must consider only the thinking of one of ordinary skill in the art with knowledge of all the prior art at the time of the invention.

## AUTHORITIES

*SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corporation*, 225 F.3d 1349 (Fed. Cir. 2000); *In re Dembiczak*, 175 F.3d 994 (Fed. Cir. 1999); *Orthopedic Equip. Co. v. United States*, 702 F.2d 1005 (Fed. Cir. 1983); *Ruiz v. A.B. Chance Co.*, 234 F.3d 654 (Fed. Cir. 2000); *C.R. Bard, Inc. v. M3 Sys. Inc.*, 157 F.3d 1340 (Fed. Cir. 1998); *Rouffet*, 149 F.3d 1350 (Fed. Cir. 1998); *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573 (Fed. Cir. 1997).

Source: AIPLA, Obviousness 6.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**49.    OBVIOUS TO TRY**

In deciding whether the prior art suggests the combination recited in the claims of the

'021 patent, you are instructed that if the prior art merely discloses that it would have been

obvious to explore a new technology or general approach that seemed to be a promising field of

experimentation, this would not constitute a suggestion of the claimed combination.  Similarly, if

the prior art merely discloses numerous possible combinations but gives no direction as to which

of those of many choices is likely to be successful, this does not constitute a suggestion of the

claimed combination.

**AUTHORITIES**

*Ecolochem v. Southern California Edison Co.*, 227 F.3d 1361 (Fed. Cir. 2000); *Mandel Bros., Inc. v. Wallace*, 335 U.S. 291, 295 (1948); *Kulling*, 897 F.2d 1147, 1149 (Fed. Cir. 1990); *Merck & Co. v. Biocraft Lab., Inc.*, 874 F.2d 804, 807-09 (Fed. Cir. 1989); *In re O'Farrell*, 853 F.2d 894, 903-04 (Fed. Cir. 1988); *Novo Industri A/S v. Travenol Lab., Inc.*, 677 F.2d 1202 (7th Cir. 1982); *In re Yates*, 663 F.2d 1054 (C.C.P.A. 1981); *In re Clinton*, 527 F.2d 1226, 1228 (C.C.P.A. 1976); *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 543 (2d Cir. 1972), *cert. denied*, 412 U.S. 929 (1973).

Source:  AIPLA, Obviousness 7.

**<u>INTERMARK'S PROPOSED JURY INSTRUCTION NO.:</u>**

**50.     LITERAL INFRINGEMENT**

In order to infringe a patent claim, a product must include every limitation of the claim. If Intermark's product omits even a single structure recited in a claim, then you must find that Intermark has not infringed that claim. You must consider each of the '021 patent claims separately.

A claim limitation is present in an accused product if it exists in the product just as it is described in the claim language, either as I explained that language to you or, if I did not explain it, as you understand it.

Source: Federal Circuit Bar Association Model Patent Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**
**51.    INFRINGEMENT OF DEPENDENT CLAIMS**

There are two different types of claims in the patent.  One type of claim is called an independent claim.  The other type of claim is called a dependent claim.

An independent claim is a claim that does not refer to any other claim of the patent.  An independent claim must be read separately from the other claims to determine the scope of the claim.

A dependent claim is a claim that refers to at least one other claim in the patent. A dependent claim incorporates all of the elements of the claim to which the dependent claim refers, as well as the elements recited in the dependent claim itself.

For example, Independent Claim1 is an independent claim and recites several elements. Dependent Claim 2 is a dependent claim that refers to Independent Claim 1 and includes an additional element or limitation.

To establish literal infringement of a Dependent Claim, Microfibres must show that it is more likely than not that the Intermark's Frosty product includes each and every element of Claim 1.

If you find that the independent claim from which dependent claim depends is not literally infringed, then you cannot find that dependent claim is literally infringed.

**AUTHORITIES**

*Wolverine World Wide v. Nike Inc.*, 38 F.3d 1192, 1199 (Fed. Cir. 1994); *Wilson Sporting Goods v. David Geoffrey & Assocs.*, 904 F.2d 677 (Fed. Cir. 1990); *Wahpeton Canvas Co., Inc. v.*

*Frontier, Inc.,* 870 F.2d 1546, 1553 nn.9&10 (Fed. Cir. 1989); *Shatterproof Glass Corp. v. Libbey-Owens Ford Co.,* 758 F.2d 613, 626 (Fed. Cir. 1985).

Source:  AIPLA, Infringement 10.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:
### 52.    INDUCING PATENT INFRINGEMENT

Intermark asserts that Microfibres has actively induced another to infringe the patent. To show induced infringement, Intermark must prove that it is more likely than not that someone has directly infringed the '021 patent and that Microfibres has actively and knowingly aided and abetted that direct infringement. Intermark must show that Microfibres actually intended to cause the acts that constitute direct infringement and that Microfibres knew or should have known that its actions would induce actual infringement. It is not necessary to show that Microfibres has directly infringed as long as you find that someone has directly infringed. If there is no direct infringement by anyone, Microfibres has not induced infringement. If Microfibres provided instructions and directions to perform the infringing act through labels, advertising or other sales methods or by supplying the components used in an infringing method or apparatus with the knowledge and intent that its customer would use the components to make, use, or sell the patented invention, this may be evidence of inducement to infringe.

## AUTHORITIES

35 U.S.C. § 271(b); *Metabolite Laboratories, Inc. v. Laboratory Corp. of America*, 370 F.3d 1354, 1365 (Fed. Cir. 2004); *Ferguson Beauregard/Logic Controls, Division of Dover Resources, Inc. v. Mega Systems, LLC*, 350 F.3d 1327, 1342 (Fed. Cir. 2003); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus, Inc.*, 145 F.3d 1303, 1312 (Fed. Cir. 1998); *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.,* 911 F.2d 670, 674 (Fed. Cir. 1990); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.,* 909 F.2d 1464, 1468-69 (Fed. Cir. 1990); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 859 F.2d 878, 889 (Fed. Cir. 1988); *Hughes Aircraft Co. v. United States,* 717 F.2d 1351, 1361 (Fed. Cir. 1983), *overruled on other grounds, Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 234 F.3d 558, 574 (Fed. Cir. 2000); 4 Donald S. Chisum, Patents 17.04 (2002).

Source:  AIPLA, Inducing Patent Infringement 6.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**53.     CONTRIBUTORY INFRINGEMENT**

Intermark asserts that Microfibres has contributed to the infringement by another. To show contributory infringement, Intermark has the burden to prove that it is more likely than not that there was contributory infringement.

It is not necessary to show that Microfibres has directly infringed as long as you find that someone has directly infringed.  If there is no direct infringement by anyone, Microfibres has not contributed to the infringement of the patent.If you find someone has directly infringed the [ ] patent, then contributory infringement exists if:

(1) Microfibres sold or supplied;

(2) a material component of the patented invention that is not a staple article of commerce capable of substantial noninfringing use;

(3) with knowledge that the component was especially made or adapted for use in an infringing [product] [method].

A "staple article of commerce capable of substantial noninfringing use" is something that has uses other than as a part or component of the patented product, and those other uses are not occasional, farfetched, impractical, experimental, or hypothetical.

**AUTHORITIES**

35 U.S.C. § 271(c); *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365 (Fed. Cir. 2001); *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990); *Preemption Devices, Inc. v. Minn. Mining & Mfr. Co.*, 803 F.2d 1170, 1174 (Fed. Cir. 1986); 4 Donald S. Chisum, *Patents* 17.03[3], n.6 (2002).

Source:  AIPLA, Contributory Infringement 7.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:
### 54.     CUTPA - INTRODUCTORY INSTRUCTION

Intermark claims that Microfibres violated the Connecticut Unfair Trade Practices Act, a Connecticut law, commonly known as CUTPA.  Intermark must prove this claim by a preponderance of the evidence.  Intermark must prove that Microfibres engaged in an unfair method of competition or an unfair or deceptive act or practice in the conduct of trade or commerce and that this caused Intermark to sustain an ascertainable loss.

**AUTHORITY**

General Statutes § 42-110b(a).

Source: Connecticut Model Jury Instructions.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:
### 55.    CUTPA - CONDUCT OF TRADE OR COMMERCE

As the first step in deciding whether Microfibres violated CUTPA, you must first determine whether Microfibres' actions were carried out in the course of its trade or commerce. An action is carried out in Microfibres' trade or commerce if it is part of the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in Connecticut. If you do not find that the conduct occurred in Microfibres' trade or commerce, you must find that there was no CUTPA violation.

**AUTHORITY**

General Statutes § 42-110a(4).

Source: Connecticut Model Jury Instructions.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:
### 56.     CUTPA - UNFAIR TRADE PRACTICE

Intermark claims that Microfibres' claims of infringement constituted an unfair trade practice that violates CUTPA. Certain guidelines have been established as to what constitutes an unfair trade practice. Intermark must establish that the Microfibres' claims of infringement meets at least one of the three following criteria:

(1) it offends public policy as it has been established by statutes, the common law or other established concept of unfairness; or

(2) it is immoral, unethical, oppressive or unscrupulous; or

(3) it causes substantial injury to consumers, competitors or other business persons.

I will now give additional instructions on the relevant criterion for this case.

## AUTHORITIES

*Willow Springs Condo. Assoc., Inc. v. Seventh BRT Dev. Corp.*, 245 Conn. 1, 43 (1998); *Fink v. Golenbock*, 238 Conn. 183, 215 (1996); *Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. 480, 507 (1995); *Tarka v. Filipovic*, 45 Conn. App. 46, 55, *cert. denied*, 242 Conn. 903 (1997); *Meyers v. Cornwell Quality Tools, Inc.*, 41 Conn. App. 19, 35 (1996).

Source: Connecticut Model Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**57.    CUTPA - SUBSTANTIAL INJURY**

Intermark asserts that Microfibres committed an unfair trade practice because there was "substantial injury to consumers, competitors or other business persons."  Intermark must prove that Microfibres' claims of infringement caused an injury that is:  (1) substantial; (2) not outweighed by countervailing benefits to consumers or competition; and (3) that the consumers or competitors could not reasonably have avoided.  Intermark must prove all three of these elements.

**AUTHORITIES**

*McLaughlin Ford, Inc. v. Ford Motor Co.*, 192 Conn. 558, 569 (1984); *Prishwalko v. Bob Thomas Ford, Inc.*, 33 Conn. App. 575, 585-86 (1994).

Source: Connecticut Model Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**58.     CUTPA - ASCERTAINABLE LOSS**

Even if Intermark proves that Microfibres committed an unfair trade practice or a deceptive act or engaged in unfair competition that violates CUTPA, Intermark cannot recover unless it sustained an "ascertainable loss."  Intermark has the burden of proving this "ascertainable loss."  A loss is a deprivation, detriment or injury.  A loss is ascertainable if it is capable of being discovered, observed or established, but need not be measured by a dollar amount.

**AUTHORITIES**

*Service Road Corp. v. Quinn*, 241 Conn. 630, 644 (1997); *Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 613 (1981); *Prishwalko v. Bob Thomas Ford, Inc.*, 33 Conn. App. 575, 586 (1994).

Source: Connecticut Model Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**59.     TORTIOUS INTERFERENCE - INTRODUCTORY INSTRUCTION**

Intermark has claimed that Microfibres tortiously interfered with its existing contract with a third party to sell flocked fabric products.  First, Intermark must prove that it had an existing contract with a third party.  Second, Intermark must prove that Microfibres knew of that contract.  Third, Intermark must prove that Microfibres tortiously interfered with that contract.  Finally, Intermark must prove it suffered an actual loss as a result of Microfibres' alleged tortious interference.  I will explain each of these four elements for you.

**AUTHORITIES**

*Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, 255 Conn. 20, 32-33 (2000); Blake v. Levy, 191 Conn. 257, 261-62 (1983); *Downes-Patterson Corp. v. First National Supermarkets, Inc.*, 64 Conn. App. 417, 428-29 (2001); *Holler v. Buckley Broad. Corp.*, 47 Conn. App. 764, 769 (1998); *Hart, Ninlinger & Campbell Associates, Inc.v. Rogers*, 16 Conn. App. 619, 629 (1988).

Source: Connecticut Model Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**60.     TORTIOUS INTERFERENCE - EXISTING CONTRACT**

The first element that Intermark must prove is that it had an existing contract with a third

party to sell flocked fabric products.  A contract is an agreement enforceable at law. Contracts

may be express or implied.  If the agreement is shown by the direct words of the parties, spoken

or written, the contract is an express one.  If such agreement can only be shown by the acts and

conduct of the parties, interpreted in the light of the subject matter and of the surrounding

circumstances, then the contract is an implied one.  To be enforceable, an agreement must be

definite and certain as to its essential terms and requirements.

**AUTHORITIES**

*Presidential Capital Corp. v. Reale,* 231 Conn. 500, 506-07 (1994); *Dunham v. Dunham*, 204
Conn. 303, 313 (1987); *Boland v. Catalano*, 202 Conn. 333, 338-39 (1987); *Skelly v. Bristol
Savings Bank*, 63 Conn. 83, 87 (1893); *Atlas v. Miller*, 20 Conn. App. 680, 683 (1990); *Hale v.
Benvenuti, Inc.*, 38 Conn. Sup. 634, 638-39 (1983); 1 Restatement (Second), Contracts §§ 1,4; 1
A. Corbin, Contracts (Rev. Ed. 1996) § 4.1, p. 525.

Source: Connecticut Model Jury Instructions.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:

### 61.    TORTIOUS INTERFERENCE - KNOWLEDGE

Intermark must prove that Microfibres knew of Intermark's contract with the third party.

Microfibres had to be actually aware that Intermark's contract with the third party existed.

Microfibres did not have to be aware of the details, merely that the contract with the third party

existed.  Intermark cannot recover for an unknowing interference.

**AUTHORITIES**

*Steele v. J & S Metals, Inc.,* 32 Conn. Supp. 17, 19 (1974), *quoting Snow v. West*, 250 Ore. 114,
117, 440 P. 2d 864 (1968); 4 Restatement (Second) Torts § 766C (1979) (negligent interference
is not sufficient.)

   Source: Connecticut Model Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**62.    TORTIOUS INTERFERENCE - INTERFERENCE MUST BE TORTIOUS**

Intermark must show that Microfibres interfered with Intermark's contract with the third party and that the interference was tortious. Interference is tortious if it is wrongful. Not every act that disturbs a contract is wrongful. For example, competing for the same business is not by itself wrongful. To prove that the interference was tortious, Intermark must show that when Microfibres interfered, it engaged in fraud, misrepresentation, or that Microfibres acted maliciously. To act maliciously means to act intentionally without justification. Intermark has the burden of proving that Microfibres did not have justification for the interference.

**AUTHORITIES**

*Daley v. Aetna Life & Casualty Co.*, 249 Conn. 766, 805-06 (1999); *Robert S. Weiss and Associates, Inc. v. Wiederlight*, 208 Conn. 525, 536-37 (1988); Blake v. Levy, 191 Conn. 257, 261-62 (1983); *R an W Hat Shop, Inc. v. Sculley*, 98 Conn. 1, 13-18 (1922). *See* 4 Restatement (Second) Torts § 766 and comment s; §§ 767-768 (1979).

Source: Connecticut Model Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**63.     TORTIOUS INTERFERENCE - ACTUAL LOSS**

If you find that Microfibres tortiously interfered with Intermark's contract with a third

party, then you must decide if Intermark has proven that it suffered an actual loss as a result of

that interference.  Intermark must prove that but for the tortious interference, there was a

reasonable probability that Intermark would have entered into a contract/business relationship

with the third party or made a profit from the existing contract.  The mere possibility of entering

into a contract or making a profit is not enough.  However, Intermark need not prove the specific

amount of the loss in order to establish that it suffered an actual loss.

**AUTHORITIES**

*Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, 255 Conn. 20, 29-30n.8 (2000) (approving instruction
that required "reasonable degree of certainty"); *Goldman v. Feinberg*, 130 Conn. 671, 674-76
(1944) (holding that a "reasonable probability" is required); *DiNapoli v. Cooke*, 43 Conn. App.
419, 428 (1996) (requiring a "reasonable probability"); *Selby v. Pelletier*, 1 Conn. App. 320, 323
(1984) (holding that "reasonable probability" of making a profit is required).

     Source: Connecticut Model Jury Instructions.

**INTERMARK'S PROPOSED JURY INSTRUCTION NO.:**

**64.     TORTIOUS INTERFERENCE - PUNITIVE DAMAGES**

Intermark also seeks punitive damages.  Intermark can recover punitive damages only if you find that Microfibres had a reckless indifference to the rights of Intermark or committed an intentional or wanton violation of Intermark's rights.  If you find that Intermark is entitled to punitive damages, you should indicate that on the verdict form, and I will determine the amount at a later hearing before me.

**AUTHORITY**

*Hi-Ho Tower, Inc. v. Com-Tronics, Inc.*, 255 Conn. 20, 29-31 n.8 (2000).

Source: Connecticut Model Jury Instructions.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:
### 65.    FRAUD OR INTENTIONAL MISREPRESENTATION

Intermark claims that Microfibres committed fraud when Microfibres asserted claims of infringement when it knew that the patent was invalid and/or unenforceable.  Intermark must prove fraud by clear, precise and convincing evidence.  This standard of proof is higher than the preponderance of evidence standard.  First, Intermark must prove that Microfibres made a false representation as a statement of fact.  Second, Intermark must prove that the statement was untrue and known to be untrue by  Microfibres or that Microfibres made the statement with reckless disregard for the truth of the matter.  Third, Intermark must prove that Microfibres made the statement to induce Spandauer to act on it.  Fourth,  Intermark must prove that Spandauer did act on the statement to Intermark's injury.

## AUTHORITY

*Miller v. Appleby*, 183 Conn. 51, 54-55 (1981).

Source: Connecticut Model Jury Instructions.

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:
### 66.     BAD FAITH ASSERTION OF INFRINGEMENT

Intermark claims that Microfibres asserted its claims of patent infringement in bad faith when Microfibres knew that the patent was invalid and/or unenforceable. Intermark must prove bad faith by clear, precise, and convincing evidence. This standard of proof is higher than the preponderance of evidence standard. Intermark must prove that Microfibres' claims of patent infringement were objectively baseless. For claims of patent infringement to be objectively baseless, no reasonable party could realistically expect success on the merits of the infringement suit.

**AUTHORITIES**

*Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49 (1993);
*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004).

## INTERMARK'S PROPOSED JURY INSTRUCTION NO.:

### 67.     RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*]   After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Respectfully submitted:

INTERMARK FABRIC CORPORATION


Dated: _____                    BY:_____
                                                Charles F. O′Brien (ct 22074)
                                                William J. Cass, (ct 12806)
                                                CANTOR COLBURN LLP
                                                55 Griffin Road South
                                                Bloomfield, CT 06002
                                                (860) 286-2929
                                                Plaintiff′s Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing was served via Federal Express on this 28 day of August, 2006 upon:

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: _____
      Charles F. O=Brien, Esq.