# TAB 9

# Defendant's Proposed Jury Instructions

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

INTERMARK FABRIC CORPORATION    :
                                :
                v.              :        Case Number: 3:02 CV 1267 (AVC)
                                :
MICROFIBRES, INC.               :

## MICROFIBRES, INC.'S PROPOSED

## JURY INSTRUCTIONS



## TABLE OF CONTENTS

A.    PRELIMINARY INSTRUCTIONS (Given Before Opening Statements)

1.    The Nature of the Parties and the Action
2.    The United States Patent
3.    Patent Litigation
4.    Contentions of the Parties
5.    Trial Procedure
6.    Jurors' Duties
7.    Burdens of Proof

**B.    FINAL INSTRUCTIONS (Given at the Close of Evidence)**

1.    Introduction
2.    Jurors' Duties
3.    Evidence
4.    Consideration of Evidence
5.    Credibility of Witnesses
6.    Number of Witnesses
7.    Expert Witnesses
8.    Burdens of Proof
9.    Summary of Patent Issues

10.    Validity Claims
    10.1    Presumption of Validity
    10.2    Presumption of Correct Patent Examination
    10.3    Anticipation
    10.4    Statutory Bars
    10.5    Corroboration
    10.6    Obviousness
        10.6.1  Differences Between the Invention and Prior Art
        10.6.2  Level of Ordinary Skill
        10.6.3  Teaching Away of Prior Art
        10.6.4  Obvious to Try
    10.7    Best Mode

11.    Inequitable Conduct
    11.1    Materiality
    11.2    Intent
    11.3    Balancing of Materiality and Intent

12.    Infringement Generally
    12.1    Direct Infringement
    12.2    Inducing Patent Infringement
    12.3    Foreign Sales

13.    Deliberation and Verdict Generally
    13.1    Unanimous Verdict
    13.2    Duty to Deliberate
    13.3    Court Has No Opinion

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 1**

## A. PRELIMINARY INSTRUCTIONS

Members of the jury: Now that you have been sworn, I have the following preliminary instructions for your guidance on the nature of the case and your role as jurors.

### 1. THE NATURE OF THE ACTION AND THE PARTIES

This is a patent case. The patent involved relates to a type of flocked fabric. Flocked fabric is a fabric that is commonly used for furniture upholstery. During the trial the parties will offer testimony that will familiarize you with this technology.

The United States Patent and Trademark Office has granted a patent to James McCulloch for an invention relating to flocked fabric. Microfibres, Inc. is the owner of the patent, which is identified by the Patent Office as Number 5,981,021. Patents are often referred to by their last three digits. The patent in this case will be called the '021 Patent.

**AUTHORITIES:** American Intellectual Property Law Association (AIPLA) Model Patent Jury Instructions; Preliminary Instruction I.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 2**

## 2. THE UNITED STATES PATENT

A valid United States patent gives its owner the right to exclude others from making, using, offering to sell, or selling the patented product. A patent is granted for a set period of time, which, in this case, has not yet expired. Once a patent expires, anyone is free to use the invention covered by the patent.

A patent includes two basic parts, a written description of the invention and the patent claims. The written description, which may include drawings, is often referred to as the "specification" of the patent. The specification must have a written description of the invention telling what the invention is, how it works, and how to make and use it so as to enable others skilled in the art to do so and what the inventor believed at the time of filing to be the best way of making his or her invention. The specification concludes with one or more numbered sentences. These are the claims. The purpose of claims is to particularly point out what the applicant regards as his or her invention. When the patent is eventually issued by the PTO, the claims define the scope of the patent owner's exclusive rights during the life of the patent.

Patents are obtained by filing an application with the Patent and Trademark Office, the PTO, in Washington, D.C. The PTO is an agency of the Federal Government. It has more than a thousand technically educated examiners who examine applications for patents. After the applicant files the application, a PTO examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner makes a search of the PTO records for prior art to the patent application claims. The examiner considers, among other things, whether the claim defines an invention that is new, useful, and not obvious in view of this prior art. The prior art is defined by statute. Generally, it is technical information and knowledge that was known to the public either before the invention or more than a year before the effective filing date of the application.

Following the prior art search and examination of the application, the patent examiner then advises the applicant in writing what the examiner has found and whether he has "allowed" any claim. This writing from the PTO examiner is called an office action. More often than not, the initial office action by the patent examiner rejects the claims. The applicant then responds to this, and sometimes changes the claims or submits new claims. This process may go back and forth between the patent examiner and the applicant for months or years until the examiner is satisfied that the applicant and claims meet the conditions of patentability.

The papers generated during this time of corresponding back and forth between the PTO patent examiner and the applicant is what is called the prosecution history. This history of written correspondence is contained in a file in the PTO, and consequently some people over the course of the trial may call this history the file wrapper.

**AUTHORITIES:** AIPLA Model Patent Jury Instructions; Preliminary Instruction I.A.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 3**

### 3. PATENT LITIGATION

A company is said to be infringing on claims of a patent when it, without permission from the patent owner, makes, uses, imports, offers to sell, or sells the patented invention as defined by the claims, within the United States, before the term of the patent expires. A patent owner that believes someone is infringing on his or her exclusive rights may bring a lawsuit to stop the alleged infringing acts.

The company that is accused of infringing a patent may defend itself by bringing a lawsuit, like this one, and proving that the asserted claims of the patent are invalid or unenforceable. The accused infringer has the burden to prove invalidity by clear and convincing evidence. In evaluating infringement or invalidity each claim is to be evaluated independently. I will now briefly explain the parties' basic contentions in more detail.

**AUTHORITIES:** AIPLA Model Patent Jury Instructions; Preliminary Instruction I.B.

MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 4

## 4. CONTENTIONS OF THE PARTIES

In this case, Intermark brought this lawsuit because Microfibres accused Intermark of infringing the '021 Patent. Intermark filed this lawsuit to resolve the controversy between it and Microfibres. Intermark claims that it is not infringing the '021 Patent and that the '021 Patent is invalid for three reasons. First, Intermark claims that the invention defined by the claims of the '021 Patent are not new. Second, Intermark claims that the invention was obvious when the application was filed. Third, Intermark claims that the inventor, James McCulloch, failed to adequately describe his preferred method of making the patented product.

Microfibres responded to this lawsuit by filing counterclaims against Intermark. Microfibres denies that the '021 Patent is invalid and claims that Intermark is infringing the '021 Patent in three ways. First, Microfibres claims that Intermark has directly infringed the '021 Patent by making and offering to sell a product that is covered by the '021 Patent. Second, Microfibres claims that Intermark has successfully instructed and encouraged its customers and others in the United States to infringe the '021 Patent. Finally, Microfibres claims that Intermark is supplying component parts of the patented product to customers outside the United States and encourages them to infringe the '021 Patent.

**AUTHORITIES:** AIPLA Model Patent Jury Instructions; Preliminary Instruction II.

4

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 5**

## 5. TRIAL PROCEDURE

We are about to commence the opening statements in this case. Before we do that I want to explain to you a little bit about the procedures that we will be following during the trial and the format of the trial.

This trial, like all jury trials, comes in six stages or phases. We have already been through the first phase, which is to select you as jurors. We are no about to begin the second phase, the opening statements. The opening statements of the lawyers are statements about what each side expects the evidence to show. The opening statements are not evidence in the case.

The evidence comes in the next phase, the third phase, when the witnesses will take the witness stand and the documents will actually be offered and admitted into evidence. In the third phase, Intermark will go first in calling witnesses to the witness stand. These witnesses will be questioned by Intermark's counsel in what is called direct examination. After the direct examination of a witness is completed, Microfibres' counsel will have an opportunity to cross-examine the witness. After Intermark has presented, Microfibres will call its witnesses, who will also be examined and cross-examined.

The evidence often is introduced somewhat piecemeal, so you as jurors need to keep an open mind as the evidence comes in. Wait until all the evidence comes in before you make any decision. In other words, keep an open mind throughout the entire trial.

After we conclude the third phase, after the evidence has been presented, then the lawyers have an opportunity to talk with you in what's called closing argument, which is the fourth phase. Again, what the lawyers say is not evidence. The lawyer's closing arguments to you are for the purpose of helping you in making your determination.

After that phase, we reach the fifth phase of the trial, which is when I read you the jury instructions. In that phase I will instruct you on the law. I have already explained a little bit about the law to you. But later, in this fifth phase of the trial, I will explain the law in much more detail.

Finally, in the sixth phase of the trial it will be time for you to deliberate. You can evaluate the evidence, discuss the evidence among yourselves and make a determination in the case.

**AUTHORITIES:** AIPLA Model Patent Jury Instructions; Preliminary Instruction III.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 6**

### 6. JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you see and hear here in court. Deciding what the facts are is your job, not mine.

Your second duty is to take the law that I give you, apply it to the facts. It is my job to instruct you about the law and you are bound by the oath that you took to follow the instructions I give you, even if you personally disagree with them.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 7**

### 7. BURDEN OF PROOF

In any legal action, facts must be proved by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used.

The first burden of proof is called the "preponderance of the evidence" standard. When a party has the burden of proof by a preponderance of the evidence it means you must be persuaded that what the party seeks to prove is more likely true than not true. Put in another way, if you were to put the evidence for and against the party who must prove a fact by the preponderance of the evidence standard, the scale must tip at least somewhat toward the party who has that burden of proof.

The second burden of proof is called "clear and convincing evidence" standard. It is a higher burden of proof that requires a greater degree of persuasion. When a party has the burden of proof by clear and convincing evidence it means the evidence must produce in your minds a firm belief or conviction about the matter sought to be proved. Put in another way, if you were to put the evidence for and against the party who must prove a fact by the clear and convincing evidence standard, the scale must tip heavily toward the party who has the burden of proof.

In this case, Intermark is urging that the '021 Patent is invalid and unenforceable. A patent is presumed to be valid and enforceable. Accordingly, Intermark has the burden of proving that the '021 Patent is invalid and unenforceable by clear and convincing evidence. Intermark is also claiming that Intermark engaged in unfair business practices, which it must prove by a preponderance of the evidence.

Microfibres is claiming that Intermark has infringed the '021 Patent. Microfibres has the burden of proving that Intermark has infringed the '021 Patent by a preponderance of the evidence.

**AUTHORITIES:** The Federal Circuit Bar Association's Model Patent Jury Instructions, Instruction 1.1; Larson v. JoAnn Cab Corp., 209 F.2d 929 (2nd Cir. 1954); Addington v. Texas, 441 U.S. 418 (1979).

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 8**

## B. FINAL INSTRUCTIONS

## 1. INTRODUCTION

Members of the jury, you have heard the evidence presented by the parties and the arguments of the respective attorneys in support of their positions. It is now my duty to give you law you must follow in deciding this case. This is perhaps the most important function the Court performs in the trial of a case, so I ask you to pay close attention to my remarks. If you would like to review my instructions at any time during your deliberations, they will be available to you in the jury room.

I will start my instructions by explaining your duties and some of the general rules that apply in every civil case.

Next I will explain the positions of the parties and the law you will apply in a patent case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts you may return.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 9**

## 2. JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you see and hear here in court. Deciding what the facts are is your job, not mine.

Your second duty is to take the law that I give you, apply it to the facts. It is my job to instruct you about the law and you are bound by the oath that you took to follow the instructions I give you, even if you personally disagree with them.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

9

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 10**

### 3. EVIDENCE

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have heard outside of the court influence your decision in any way.

The evidence in this case includes only what the witness said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations the lawyers agreed to, and the facts that I have judicially noticed.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 11**

### 4. CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weigh you believe it deserves.  If you experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 12**

### 5. CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 13**

## 6. NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 14**

## 7. EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field -- sometimes referred to as an expert witness -- is permitted to state an opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 15**

## 8. BURDENS OF PROOF

In any legal action, facts must be proved by a required standard of evidence, known as the "burden of proof." In a patent case such as this, there are two different burdens of proof that are used.

The first burden of proof is called the "preponderance of the evidence" standard. When a party has the burden of proof by a preponderance of the evidence it means you must be persuaded that what the party seeks to prove is more likely true than not true. Put in another way, if you were to put the evidence for and against the party who must prove a fact by the preponderance of the evidence standard, the scale must tip at least somewhat toward the party who has that burden of proof.

The second burden of proof is called "clear and convincing evidence" standard. It is a higher burden of proof that requires a greater degree of persuasion. When a party has the burden of proof by clear and convincing evidence it means the evidence must produce in your minds a firm belief or conviction about the matter sought to be proved. Put in another way, if you were to put the evidence for and against the party who must prove a fact by the clear and convincing evidence standard, the scale must tip heavily toward the party who has the burden of proof.

In this case, Intermark is urging that the '021 Patent is invalid and unenforceable. A patent is presumed to be valid and enforceable. Accordingly, Intermark has the burden of proving that the '021 Patent is invalid and unenforceable by clear and convincing evidence. Intermark is also claiming that Intermark engaged in unfair business practices, which it must prove by a preponderance of the evidence.

Microfibres is claiming that Intermark has infringed the '021 Patent. Microfibres has the burden of proving that Intermark has infringed the '021 Patent by a preponderance of the evidence.

**AUTHORITIES:** The Federal Circuit Bar Association's Model Patent Jury Instructions, Instruction 1.1; *Larson v. JoAnn Cab Corp.*, 209 F.2d 929 (2nd Cir. 1954); *Addington v. Texas*, 441 U.S. 418 (1979).

MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 16

## 9. SUMMARY OF PATENT ISSUES

In this case you must decide several things according to the instructions that I give you.

You must decide whether Intermark has proven by clear and convincing evidence that the '021 Patent is invalid.

You must decide whether Intermark has proven by clear and convincing evidence that the '021 Patent is unenforceable.

You must decide whether Microfibres has proven by a preponderance of the evidence that Intermark infringed claim 1 of the '021 Patent.

You must decide whether Microfibres has proven by a preponderance of the evidence that Intermark induced infringement of claim 1 of the '021 Patent in the United States.

You must decide whether Microfibres has proven by a preponderance of the evidence that Intermark induced infringement of claim 1 of the '021 Patent outside the United States.

I will now instruct you on the law relating to each of these issues.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 17**

### 10. VALIDITY CLAIMS

Intermark alleges that claim 1 of the Patent is invalid.. Only a valid patent may be infringed. For a patent to be valid, the invention claimed in the patent must be new, non-obvious, and the invention must be adequately described. In this case Intermark alleges that claim 1 of the '021 Patent is invalid because the invention was not new, because the invention was obvious, and because the inventor did not adequately describe the best method of practicing the invention in his patent application.

I will now describe the rules that apply when a party challenges the validity of a patent and describe Intermark's validity arguments individually.

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 18**

## 10.1 PRESUMPTION OF VALIDITY

An issued patent is presumed valid. A party asserting invalidity bears the burden of proving that the claim of the asserted patent is invalid by clear and convincing evidence. The burden rests on the party asserting invalidity, in this case Intermark.

The presumption of validity goes to the validity of Microfibres' patent in relation to the patent statute as a whole no matter on what grounds Intermark seeks to invalidate Microfibres' '021 Patent. The burden of proof arises from the presumption that the United States Patent and Trademark Office properly carried out its administrative functions.


**AUTHORITIES:** 35 U.S.C. § 282; *Transclear Corp. v. Bridgewood Svcs., Inc.*, 290 F.3d 1364, 1370 (Fed. Cir. 2002); *Therma-Tru Corp. v. Peachtree Doors, Inc.*, 44 F.3d 988 (Fed. Cir. 1995); *Hybritech, Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367 (Fed. Cir. 1986); *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir.), cert. denied, 469 U.S. 821 (1984); *Lindemann Maschinenfabrils GMBH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1459-60 (Fed. Cir. 1984); *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530 (Fed. Cir. 1983).

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 19**

### 10.2  PRESUMPTION OF CORRECT
### PATENT EXAMINATION

A patent can be obtained only after careful consideration of the patent application by the United States Patent & Trademark Office. The examiners in the Patent Office are experts in their specific fields. They are required by law to scrutinize applications, search for the closest prior art, and they may grant patents only after they are satisfied that an application sets forth an invention in a manner which fully complies with all of the statutory requirements for patent ability. They are presumed to perform these duties and their actions are presumptively correct.

Where the prior art references relied on by Intermark are the same as that considered by the Patent Office or are no more pertinent than prior art considered by the Patent Office, Intermark's burden of proving patent validity is heavier than otherwise.

It is improper to conclude that prior art not specifically cited by the patent examiner but classified in areas he searched was not considered. Pursuant to the patent statute and Patent Office procedures, a patent examiner is required to make a thorough investigation and study of the available prior art relating the invention disclosed in the patent application as part of the examination of each patent application. Accordingly, it is presumed, in the absence of contrary evidence, that an examiner's search record shows that he considered all of the prior art patents classified in the classes and subclasses he or she searched and that those references left uncited were deemed by the examiner to be less relevant than the prior art he did cite. The examiner cites only the "best" prior art. The examiner should not burden the record by citing all the prior art he considered if it was cumulative of the cited prior art.

19

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 20**

The presumption of patent validity and the need to overcome that presumption

with clear and convincing evidence is not weakened, lessened, or eroded by the

introduction of prior art in addition to the prior art considered by the Patent Office and

such prior art does not lessen Intermark's burden to come forward with evidence which is

clear and convincing.

**AUTHORITY:** 35 U.S.C. § 131; *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 837 F.2d 1044, 1050 (Fed. Cir. 1988); *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359 (Fed. Cir.), *cert denied*, 469 U.S. 821 (1984); *Lindemann Maschinenfabrils GMBH v. American Hoist & Derrick Co.*, 730 F.2d 1452, 1459-60 (Fed. Cir. 1984).

**MICROFIBRES' PROPOSED JURY INSTRUCTION NO. 21**

### 10.3 ANTICIPATION

A patent claim is invalid if the claimed invention is not new, which is sometimes called an anticipation. For the claim to be invalid because it is not new, all of its requirements must be present in a single previous device or method, or described in a single previous publication or patent. We call these things "prior art references." It is not enough that one could arrive at Microfibres' '021 Patented invention by picking, choosing, and combining various statements in the prior art references. Rather, all the elements as found in the claim of the patent must be found in the same situation and united in the same way. The description in a reference does not have to be in the exact same words as the claim, but all the requirements must be there, either stated or necessarily implied, so that someone of ordinary skill in the flocked fabric field looking at that one reference would be able to make and use the claimed invention. Intermark has the burden of proving the invention is not new by clear and convincing evidence. Here is a list of the ways that Intermark could show that a patent claim was not new:

1.    If the claimed invention was already publicly known or publicly used by others in the United States before the date of conception;

2.    If the claimed invention was already patented or described in a printed publication anywhere in the world before the date of conception. A reference is a "printed publication" if it is accessible to those interested in the field, even if it is difficult to find

3.    If the claimed invention was already made by someone else in the United States before the date of conception if that other person had not abandoned the invention or kept it secret;

4.    If the claimed invention was already described in another issued U.S. patent or published U.S. patent application that was based on a patent application filed before the date of conception; or

5.    If James McCulloch did not invent the claimed invention but instead learned of the claimed invention from someone else.

Since it is in dispute, you must determine the date of conception for the claimed invention. Conception is the mental part of an inventive act and is proven when the invention is shown in its complete form by drawings, disclosure to another or other forms of evidence presented at trial.

**AUTHORITIES:** Model Patent Jury Instructions for the Northern District of California, Instruction 4.3a1; 35 U.S.C. § 102(a), (c), (e), (f) and (g); *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370 (Fed. Cir. 1998); *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 737 (Fed. Cir. 2002); *Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001); *Studiengelellschaft Kohle v. Dart Indus.*, 726 F.2d 724 (Fed. Cir. 1984); *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 894 (Fed. Cir. 1984); *Apotex U.S.A., Inc. v. Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001).