IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| INTERMARK FABRIC CORPORATION, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICROFIBRES, INC., ) <br> Defendant. ) <br> ) | Civil Action No. 3:02-CV-1267 (AVC) |

**PLAINTIFF, INTERMARK FABRIC CORPORATION'S OPPOSITION TO DEFENDANT, MICROFIBRES, INC.'S MOTION *IN LIMINE* TO RE-ORDER TRIAL PRESENTATION**

I. <u>THE SUPREME COURT HAS COMPLETELY REJECTED THE POSITION RELIED UPON BY THE DEFENDANT</u>

Defendant admits that Intermark initiated this lawsuit by seeking a declaratory judgment and therefore is afforded the position of the plaintiff under the Declaratory Judgment Act. 28 U.S.C. § 2201. Defendant requests that this Court re-order the trial presentation such that Defendant are in the position of the plaintiff. Defendant states that "Absent Microfibres [sic] claims of infringement there would be no case or controversy to support Intermark's request for declaratory relief." This statement has been completely rejected by the United States Supreme Court as being contrary to Article III's case or controversy requirement, patent law and policy, and the Declaratory Judgment Act. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993).

Defendant relies chiefly on statements made by Chief Judge Markey to support its position that this Court reverse the order of presentation at trial to effectively place the Defendant in the procedural posture of a plaintiff. Chief Judge Markey's comments

appear to be directed to cases where the patentee has filed an infringement lawsuit and the defendant has raised the affirmative defense of invalidity.

> <u>When a patentee sues for infringement</u>, it is the alleged infringement that gives rise to the patentee's cause of action.[14] <u>Absent other claims</u>, infringement is the sole injury and basis for a claim to damages and an injunction. Without infringement, there is no case or controversy on the validity defense, and a patentee that has not carried its burden of proving infringement has no right or reason to remain in the trial court. If infringement be not proven, there is nothing at that point to defend against and no reason for a defendant's attempting to prove an invalidity defense.

*See* Howard T. Markey *On Simplifying Patent Trials*, 116 F.R.D. 369, 377 (1987) (emphasis added). However, it is not clear if Chief Judge Markey was also referring to cases where an accused infringer also brings a declaratory judgment action. In the footnote, Chief Judge Markey stated "When one charged with infringement sues for a declaratory judgment, it is the actual or reasonably apprehended charge of infringement that gives rise to the cause of action." *Id.* at 377 n.14.

In either case, the Supreme Court has summarily rejected the position espoused by Chief Judge Markey. *See Cardinal Chem.*, 508 U.S. at 95. (announcing its disapproval of the Federal Circuit's then-routine practice of vacating judgments of invalidity whenever it upheld a finding of non-infringement). In *Cardinal Chem.*, the plaintiff brought a patent infringement action, and the defendant filed a counterclaim for declaratory judgment of invalidity. *Id.* Following a bench trial, the district court found noninfringement and granted defendant a declaratory judgment of invalidity. *Id.* at 86. The Federal Circuit affirmed the district court's finding of noninfringement and vacated the declaratory judgment of invalidity, explaining "'[s]ince we have affirmed the district

court's holding that the patents at issue have not been infringed, we need not address the question of validity.'" *Id. (quoting Morton Int'l, Inc. v. Cardinal Chem. Co.*, 959 F.2d 948, 952 (1992)). The Supreme Court granted certiorari to address the Federal Circuit's longstanding practice of routinely vacating declaratory judgments of invalidity when there was a finding of noninfringement. *Id.* at 91-92 (*citing Vieau v. Japax, Inc.*, 823 F.2d 1510, 1511-12 (Fed. Cir. 1987), and *Fonar Corp. v. Johnson & Johnson*, 821 F.2d 627, 630 (Fed. Cir. 1987)). The Supreme Court described the *Fonar* case as follows:

> [T]he District Court had held that the patent was not infringed and that the defendant-counterclaimant had failed to prove invalidity. On appeal, the court affirmed the noninfringement holding, and vacated the judgment on the counterclaim as moot. In his opinion for the panel, Chief Judge Markey explained: "There being no infringement by J & J of any asserted claim, there remains no case or controversy between the parties. We need not pass on the validity or enforceability of claims 1 and 2...."

*Cardinal Chem.*, 508 U.S. at 90-91 (*citing Fonar*, 821 F.2d at 634). The Supreme Court rejected the Federal Circuit's practice of routinely vacating invalidity or enforceability holdings in the absence of infringement. *Id.* at 99 ("The Federal Circuit's practice is therefore neither compelled by our cases nor supported by the 'case or controversy' requirement of Article III.").

In addition, the Supreme Court held that an affirmative defense of invalidity was "critically different" from an invalidity counterclaim. *Id.* at 93-94 (*citing Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241 (1939)) ("An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment."). The Supreme Court also held that

> Moreover, our prior cases have identified a strong public interest in the finality of judgments in patent litigation. In *Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327 (1945), we approved of the District Court's decision to consider the question of validity even though it had found that a patent had not been infringed. Criticizing the contrary approach taken by other courts, we stated that <u>of the two questions, validity has the greater public importance</u>, and the District Court in this case followed what will usually be the better practice by inquiring fully into the validity of this patent.

*Id.* at 99-100 (internal citations and quotations marks omitted) (emphasis added). The Supreme Court further held that "A party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." *Id.* at 96 ("Merely the desire to avoid the threat of a 'scarecrow' patent, in Learned Hand's phrase, may therefore be sufficient to establish jurisdiction under the Declaratory Judgment Act.").

Clearly this Court has jurisdiction to hear Plaintiff's claim for a declaratory judgment of invalidity absent Microfibres' filing of an infringement claim. The Supreme Court's analysis in *Cardinal* regarding a counterclaim for a declaratory judgment of invalidity would apply even more forcefully when the declaratory judgment was the original claim rather than a counterclaim. Finally, there is a strong public interest in determining whether an asserted patent is invalid.

II. **RE-ORDERING THE TRIAL PRESENTATION RUNS COUNTER TO THE DECLARATORY JUDGMENT ACT**

It bears repeating that Intermark filed the declaratory judgment action first while Microfibres filed its infringement claim as a counterclaim. The Supreme Court has held that

> [A] party may...seek a declaratory judgment, even if the patentee has not filed an infringement action. Judge Markey has described
>
> "the sad and saddening scenario that led to enactment of the Declaratory Judgment Act (Act), 28 U.S.C. § 2201. In the patent version of that scenario, a patent owner engages in a danse macabre, brandishing a Damoclean threat with a sheathed sword.... Before the Act, competitors victimized by that tactic were rendered helpless and immobile so long as the patent owner refused to grasp the nettle and sue...."

*Cardinal Chem.*, 508 U.S. at 95-96 (*quoting Arrowhead Industrial Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 734-735 (Fed. Cir. 1988)).

Microfibres moves this Court to reward Microfibres with the position of a plaintiff despite brandishing its patent while at the same time refusing "to grasp the nettle and sue." Re-ordering the trial presentation in this case would, therefore, partially vitiate the policy underlying the Declaratory Judgment Act. This policy counsels against the exercise of the Court's discretion in this case.

### III. CONCLUSION

Microfibres has relied principally on authority that has been completely overruled by the Supreme Court on numerous legal and policy grounds. Therefore, Intermark respectfully requests that this Court deny Microfibres' motion *in limine* to re-order the trial presentation.

Respectfully submitted,
For the Plaintiff

By: /s/Charles F. O'Brien
Charles F. O'Brien (ct 22074)
William J. Cass (ct 12806)
CANTOR COLBURN LLP
55 Griffin Road South
Bloomfield, Connecticut 06002
Telephone: (860) 286-2929
Facsimile: (860) 286-0115

Dated: 9/25/2006

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006, a true and accurate copy of the foregoing document was filed electronically via the Court's ECF system. Notice of this filing will be sent by e-mail to the following parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Brent R. Canning, Esq.
William R. Grimm, Esq.
Hinckley. Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02906

Jeffrey W. Kennedy, Esq.
Stephen G. Murphy, Jr., Esq.
Milano & Wanat
471 East Main Street
Branford, CT 06405

By: /s/Charles F. O'Brien
Charles F. O'Brien, Esq.