UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTERMARK FABRIC CORPORATION | : | |
| | : | |
| v. | : | Case Number: 3:02 CV 1267 (AVC) |
| | : | |
| MICROFIBRES, INC. | : | |

## MICROFIBRES, INC.'S OBJECTION TO INTERMARK'S MOTION TO EXCLUDE MICHAEL POMIANEK AND ERIC HUMMEL

Microfibres, Inc. hereby objects to Intermark's motion to exclude the testimony of Michael Pomianek and Eric Hummel for the reasons set forth in the accompanying Memorandum of Law.

MICROFIBRES, INC.
By its Attorneys,


/s/ Brent R. Canning
Brent R. Canning, Esq. (ct23991)
William R. Grimm, Esq.
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI  02903
(401) 274-2000 (TEL)
(401) 277-9600 (FAX)

RESIDENT COUNSEL:
Jeffrey W. Kennedy, Esq. (ct16419)
Milano *&* Wanat
471 East Main Street
Branford, CT 06405

## **CERTIFICATION**

William Cass, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

      I certify that I served the foregoing Objection to Intermark's Motion to Preclude Michael Pomianek and Eric Hummel by electronic service and regular mail, on counsel, as above, on September 29, 2006.

                                                  /s/Brent R. Canning

#752148

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| INTERMARK FABRIC CORPORATION : | |
| : | |
| v.   : | Case Number: 3:02 CV 1267 (AVC) |
| : | |
| MICROFIBRES, INC.   : | |

**MICROFIBRES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO INTERMARK'S MOTION TO EXCLUDE MICHAEL POMIANEK AND ERIC HUMMEL**

**I.    INTRODUCTION**

Intermark's motion to exclude testimony from Michael Pomianek and Eric Hummel must be denied. The arguments are premised, at worst, on deliberate misrepresentations or, at best, on inaccurate representations concerning the procedural history of this case.

Dr. Pomianek is an expert witness who Microfibres retained after Intermark filed its Second Amended Complaint and alleged patent misuse and inequitable conduct. After Intermark filed that amended complaint the Court specifically extended the deadline for expert disclosures -- which Intermark completely fails to bring to the Court's attention. Dr. Pomianek was timely disclosed in accordance with that amended scheduling order.

Eric Hummel, on the other hand, is a fact witness and representative of Glenro, Inc., the company that manufactures Microfibres' electric infrared heat-setting units. Mr. Hummel will testify, as a Glenro representative, about the type of heat setting equipment that was available in 1992. Microfibres had no obligation to identify Mr. Hummel or Glenro in its initial disclosure since the issue of "heat setting" wasn't raised by Intermark as an issue in this case until the litigation had been pending for two years. Intermark's

3

claim that Mr. Hummel wasn't properly disclosed ignores two points. First, it ignores the fact that Intermark actually issued a subpoena to Glenro, Inc. during this litigation and nearly every document it received in response identifies Mr. Hummel. Second, it ignores the papers Microfibres filed in response to Intermark's "best mode" summary judgment motion -- which are also from Glenro and prominently identify Mr. Hummel as an individual with knowledge about heat setting equipment. Intermark could have easily deposed Glenro and Mr. Hummel (much like it subpoenaed Glenro). For whatever reason, it chose not to. It cannot blame Microfibres for that decision.

## II.   FACTS

This is a patent dispute in which Intermark was caught infringing Microfibres' '021 Patent. The '021 Patent claims a unique fabric that is made by transfer printing on flocked fabric that has dark pigmented adhesive and a textile substrate. Intermark's employees have admitted to manufacturing an infringing product and have admitted to actively encouraging others to infringe the '021 Patent.

## III.   ARGUMENT

### A.   Microfibres Timely Identified Michael Pomianek, Ph.D.

In 2004, after losing two summary judgment motions, Intermark obtained permission to file a second amended complaint, which included new claims of antitrust violations, inequitable conduct, and patent misuse. After that amendment was filed, Microfibres and Intermark jointly moved the Court to extend the discovery deadlines, including the deadline for expert disclosures. (Exhibit A).

4

The new schedule, which the Court approved, required the parties to disclose expert witnesses relating to the new claims within 30 days of the date that the Court decided a pending motion to compel. (Exh. A at p. 2, ¶ A).

This Court entered its decision on that motion on July 12, 2005. (<u>Exhibit B</u>). Dr. Pomianek's report was finalized, signed, and submitted to Intermark's lawyers 30 days later, on August 12, 2005. (<u>Exhibit C</u>). His report was also submitted to Intermark's lawyers the following month, in September 2005, in connection with the parties' mediation. Finally, it was submitted to Intermark's lawyers a third time, in November 2005, in connection with Microfibres' Motion for a Prejudgment Attachment.

At no time after Intermark received Dr. Pomianek's report in August, September, or November 2005, did it object to the disclosure as untimely or improper.

Intermark's failure to object during the prejudgment attachment proceeding is particularly telling. Microfibres filed two expert reports as part of its motion for a prejudgment attachment -- one from Dr. Pomianek and one from Donald Phillips. Intermark moved to strike the report from Dr. Phillips as untimely but said nothing about Dr. Pomianek's report.

The reason for Intermark's silence with respect to Dr. Pomianek is very simple: Dr. Pomianek was timely disclosed 30 days after the Court decided Intermark's pending Motion to Compel, as required by the Court's amended scheduling order.[1] Intermark understood this fact in 2005 but has apparently forgotten it or deliberately ignored it.

---

[1] Intermark's claim that Dr. Pomianek was disclosed late is also troubling given Intermark's belated disclosure of Dr. Perry as a "color" expert who intends to offer an opinion about the definition of the word "dark." This new opinion was not disclosed in accordance with the Court's scheduling order and there is no agreement or other document that would permit Intermark to proffer this new opinion. Intermark's claim to the contrary is yet another misrepresentation to the Court.

5

### B.  Microfibres Timely Identified Eric Hummel

In late 2003, after this litigation had been pending for two years, Intermark filed a motion for summary judgment on the ground that Microfibres had failed to disclose the "best mode" of making the patented invention.  Specifically, it claimed that Microfibres had failed to disclose the method by which it "heat set" the patented fabric.  This was the first time that Intermark had claimed that Microfibres' "heat setting" equipment was relevant to the litigation.

Microfibres opposed the motion by demonstrating that its heat setting method was well known and, in fact, was accomplished by using commercially available equipment from Glenro, Inc.  Microfibres attached correspondence identifying Eric Hummel and a brochure from Glenro, Inc. in support of its argument.  (Exhibit D).

Intermark responded by issuing a subpoena to Glenro for documents.  (Exhibit E). It received a package of documents, which identified the equipment that Microfibres used and identified Eric Hummel as the company representative Microfibres dealt with. Intermark could have deposed Mr. Hummel at that time but, for whatever reason, chose not to.

Intermark's claim that it is surprised that Mr. Hummel may be called as a fact witness is disingenuous.  Mr. Hummel was identified in 2003 as a knowledgeable witness as part of Microfibres summary judgment opposition papers.  Microfibres could not have identified Mr. Hummel as part of its "initial disclosure" under Rule 26 since it had no idea that Intermark intended to claim that "heat setting" was an issue in dispute.  Nor is there any other interrogatory in this case in which Microfibres was obligated to identify Mr. Hummel.  Rather, Microfibres appropriately identified him as part of the summary

6

judgment papers. Intermark knew that Glenro and Mr. Hummel had knowledge about Microfibres' heat setting process and had ample opportunity to depose them.

IV.     **CONCLUSION**

The Court should deny Intermark's motion to preclude Dr. Pomianek and Mr. Hummel from testifying. They were timely disclosed. The Court should, however, preclude Dr. Perry from offering an opinion about the definition of the word "dark." There is no court order or other agreement that would permit this late disclosure.

>MICROFIBRES, INC.
>By its Attorneys,
>
>/s/ Brent R. Canning
>Brent R. Canning, Esq. (ct23991)
>William R. Grimm, Esq.
>HINCKLEY, ALLEN & SNYDER LLP
>50 Kennedy Plaza, Suite 1500
>Providence, RI  02903
>(401) 274-2000 (TEL)
>(401) 277-9600 (FAX)
>
>RESIDENT COUNSEL:
>Jeffrey W. Kennedy, Esq. (ct16419)
>Milano & Wanat
>471 East Main Street
>Branford, CT 06405

## CERTIFICATION

William Cass, Esq.
Cantor Colburn LLP
55 Griffin Road South
Bloomfield, CT 06002

I certify that I served the foregoing Memorandum in Support of Microfibres' Objection to Intermark's Motion to Preclude Michael Pomianek and Eric Hummel by electronic service and regular mail, on counsel, as above, on September 29, 2006.

>/s/Brent R. Canning