# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2004 NOV -8 P 12: 47

U.S. DISTRICT COURT
HARTFORD, CT

|  |  |
|---|---|
| INTERMARK FABRIC CORPORATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:02-CV-1267 (AVC) |
| ) | |
| v. ) | |
| ) | |

3:02cv1267 (AVC). July 11, 2005. Intermark moves for an order compelling Microfibres to: (1) produce all documents responsive to requests 1 and 2 of Intermark's fifth set of requests for production of documents concerning the identity of Microfibres' customers; and (2) answer interrogatory numbers 1,3,4,5,7,8,9 and 10 of Intermark's third set of interrogatories concerning market share of various products. Having reviewed the submissions of counsel, the motion is GRANTED in part and DENIED in part. With respect to the requests for documents, the court is of the opinion that the only information requested that is relevant to a <u>Walker Process</u> claim are the names of those customers that have purchased transfer printed flocked fabric with a dark pigmented adhesive since the '021 issued, and a list of all customers that have purchased this product since the commencement of this lawsuit on July 23, 2002. The motion is therefore GRANTED in this regard with disclosure to be conducted in a manner set forth in the protective order. Further, with each list, Microfibres must designate all customers that Microfibres notified of the '021 patent, and provide all documents concerning any such notification. With respect to the interrogatories, Microfibres has testified under oath that it does not have the information requested, and that it would require extensive research to furnish a response. Because a party "should not be forced to engage in extensive research and compilation, particularly when the purpose of the effort is to assist the plaintiff in the preparation of his case" <u>See</u> <u>Halder v. Int'l Tel. & Tel. Co.</u>, 75 F.R.D. 657, 658 (E.D.N.Y. 1977), the court will not require a response, and the motion is therefore DENIED in this regard. This order, however, does not preclude Intermark from seeking from Microfibres information within Microfibres control that concerns product volume and sales-- information that may, with the assistance of an expert, assist Intermark in reaching its own determination.

SO ORDERED.

Alfred V. Covello, U.S.D.J.