# EXHIBIT D

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| INTERMARK FABRIC CORPORATION | SUBPOENA IN A CIVIL CASE |
|---|---|
| Plaintiff, | |
| V. | |
| MICROFIBRES, INC. | Case Number: [1] |
| Defendant | Civil Action No. 3:02-CV-1267 (AVC) |
| | United States District Court For the District of Connecticut |

TO: Glenro, Inc.
39 McBride Avenue
Paterson, NJ 07501-1799

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHED EXHIBIT A

| PLACE | DATE AND TIME |
|---|---|
| APS #331 | August 22, 2003 |
| 147 Taylor Avenue | 10:00 a.m. |
| Hillsborough, NJ 08844 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for the Plaintiff | |
| Charles F. O'Brien | August 12, 2003 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles F. O'Brien, Esq.
Cantor Colburn LLP
55 Griffin Road, Bloomfield, Connecticut 06002

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert=s study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

## DEFINITIONS

A.     The term "Glenro" refers to Glenro, Inc., its parent entities, subsidiaries, affiliates, directors, officers, employees, attorneys, accountants, representatives, agents, or any other persons acting or purporting to act on its behalf.

B.     The term "Microfibres" refers to Microfibres, Inc., its parent entities, subsidiaries, affiliates, directors, officers, employees, attorneys, accountants, representatives, agents, or any other person acting or purporting to act on its behalf.

C.     The terms "entity" or "entities" include, without limitation, any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all their officials, directors, officers, employees, representatives, agents, attorneys, or accountants.

D.     The terms "document" or "documents" have the same full meaning as in Rule 34 of the Federal rules of Civil Procedure and include any and all written, recorded, or graphic materials (however produced or reproduced), tapes or other voice recordings, and all other tangible objects including but not limited to booklets, bills, invoices, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports, financial calculations and representations, invoices, e-mail, accounting and diary entries, inventory sheets, calendars, ledgers, trial balances, correspondence, telegrams, press releases, marketing materials, advertisements, notes, working papers, drawings, schedules, tabulations and projections and all drafts thereof, surveys, graphs, charts, films, tapes, discs, drums, printouts, computer tapes or discs, and all other data whether recorded by electronic or any other means. If a document was prepared in several copies or if

additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of any of the pages thereof, then each such non-identical copy is a separate document.

E.  The terms "and" and "or" have both conjunctive and disjunctive meanings; the terms "all" and "any" mean both "each" and "every," and vice versa.

F.  The terms "refer to" or "relate to" mean, without limitation, evidences, embodies, pertains to, concerns, constitutes, comprises, or has any logical or factual connection with the subject matter of the specification.

G.  The terms "communication" and "communications" mean, without limitation, the expression, imparting, conveying, transmittal, or exchange, whether by speech, writing, signs, electronics, or otherwise of any command, idea, knowledge, information, or other verbal or symbolic matter.

## INSTRUCTIONS

A.  Specify which documents are produced in response to each of the numbered paragraphs.

B.  If any documents herein requested were formerly in your possession, custody or control and have been lost or destroyed, you are requested to submit in lieu of each document a written statement which:

    1.  Describes in detail the nature of the document and its content;

    2.  Identifies the person who prepared or authored the document and if applicable, the person to whom the document was sent;

2

3. Specify the date on which the document was prepared or transmitted or both; and

4. Specify, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of, or reasons for, such destruction and the persons requesting and performing the destruction.

C. If you consider any document sought or information sought in any document to be privileged or otherwise exempt from disclosure, then you are directed to identify each document by category of documents, date, addressee, author, title and general subject matter and the contents of documents which have been withheld from discovery or production on that account. In addition, you are directed to identify those persons who have seen said documents or who have received copies thereof, the contents of which have been withheld from discovery or production on that account. In addition, you must state with specificity the ground(s) on which such document is considered privileged or otherwise exempt from disclosure.

D. This request for production of documents is continuing and any document you obtain or locate subsequent to production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## REQUESTS

1. Any and all documents and things which refer or relate in any manner to the design, development, installation, modification, and/or manufacture of any equipment or materials related to heat setting flocked fabric, including but not limited to ovens or heaters, by or on behalf of Glenro for Microfibres at any time to date, but specifically including 1991 and 1992.

3

2. Any and all documents and things which refer or relate in any manner to the sale or offer for sale of any equipment or materials for heat setting flocked fabric, including but not limited to any ovens or heaters, by Glenro to Microfibres or to Winkfield Engineering for use at Microfibres at any time to date, but specifically including 1991 and 1992.

3. Any and all documents and things which mention, refer or relate to any communications by, between or among Glenro, Microfibres and/or Winkfield Engineering concerning the design, development, installation, modification, and/or manufacture of any equipment or materials related to heat setting flocked fabric, including but not limited to ovens or heaters, at any time to date, but specifically including 1991 and 1992.

4. Any and all documents and things which mention, refer or relate to any confidentiality agreement or secrecy agreement by and between Glenro and Microfibres at any time, but specifically including 1991 and 1992.

4